MARTIN THOMAS WIRTH

36 Iris Drive

Bailey, CO 80421

303-816-1054

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 DEC 12 PM 1:53

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

      MARTIN THOMAS WIRTH, Plaintiff,

v.

      JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado,
      JOHN SUTHERS, In his Official Capacity as Attorney General of Colorado,
      STEPHEN A. GROOME, In his Official Capacity as 11th District Court Judge,
      VICKI ARMSTRONG, In her Official Capacity as Public Trustee of Park County,
      NATIONSTAR MORTGAGE, LLC,
      LAWRENCE E. CASTLE, In his Corporate and Individual Capacities, and
      THE CASTLE LAW GROUP, LLC,
      Defendants.

Case No. **13-CV-03309-BNB**

**COMBINED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## COMBINED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Now comes petitioner, Martin Thomas Wirth, pro se requesting the Court to enter a temporary restraining order or preliminary injunction staying the proceeding in the Rule 120 foreclosure of his property located at 36 Iris Drive, Bailey, Colorado 80421. This motion is requested pursuant to the 14th Amendment of the US Constitution, Section 5 as a remedy for violations of the Constitution as described in the foregoing Complaint.

As more fully described in the foregoing Complaint, at issue is the Constitutionality of the Rule 120 Foreclosure as amended in 2006 when the Colorado Legislature passed HB-1387 and additionally the requirement of a cash bond for a homeowners to stay on their own property prior to adjudication of the only fair hearing the homeowner would be provided.

Colorado's Rule 120 is procedurally defective under the 14th Amendment in that it dispenses with the Constitutionally required burden of proof; and a pre-deprivation issue before a fair hearing can be adjudicated.

Petitioner's home is being foreclosed by a pretend lender (Nationstar, LLC) through a Rule 120 hearing (Colo. Case No. 2013CV030104) whose standing to foreclose was an issue that was not allowed to be determined in such summary proceedings. The Park County, Colorado public trustee has scheduled the sale for December 18, 2013.

Petitioner, Martin Thomas Wirth, would be subjected to a pre-deprivation before the separate allowable fair action can be adjucated (Fuentes v. Shevin, 407 U.S. 67) and without any proof that Nationstar is the real party in interest with standing to foreclose thus violating the standard of proof required under the 14th Amendment as commanded by Addington v. Texas, 441 U.S. 418, (1979) which held:

> "[T]he function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of fact finding, is to 'instruct the fact finder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication."

The 14th Amendment of the Constitution states in Section 1:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of

life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Allowing the Rule 120 to proceed is enforcing a law made by the Colorado Legislature that abridges the rights and immunities of citizens of Colorado, and deprives its citizens of due process of law and equal protection.

Colorado foreclosure laws (C.R.S. 38-38-101, C.R.S 38-38-100.3) are procedurally defective under the Due Process Clause of the 14th Amendment because they have "created a greater risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v. Eldridge, 424 U.S. 319,344.

A lender's standing should be determined by clear and convincing evidence to prove that the lender is the real party in interest. To subject petitioner to a Rule 120 foreclosure where the lender is allowed to take the property, even temporarily pending a fair hearing, without certifiable proof would deprive the petitioner of property without due process and equal protection of the law while putting the Court in the position of enforcing the Unconstitutional law which the 14th Amendment specifically prohibits the Court from doing.

The foreclosing party routinely files an action for forcible entry and detainer (FED) to wrest possession of the property against the homeowner regardless of whether the validity of the foreclosure proceeding -- and, therefore, ownership under the Public Trustee's Deed -- is at issue in an independent action. In order to prevent the homeowner and his guests from being evicted before the validity of the Public Trustee's Deed and the Colorado foreclosure statutes cited in the foregoing complaint are adjudicated, this motion for temporary restraining order and preliminary injunction must be granted.

In Fuentes v. Shevin, 407 U.S. 67, p. 85 (1972) the court said:

'But it is now settled that a temporary, nonfinal deprivation of property is nonetheless a "deprivation" in the terms of the Fourteenth Amendment. Sniadach v. Family Finance Corp., 395 U.S. 337; Bell v. Burston, 402 U.S. 535. Both Sniadach and Bell invoked takings of property pending a final judgement in an underlying dispute. In both cases, the challenged statutes included recovery provisions, allowing the defendants to post security to quickly

regain property taken from them. Yet the Court firmly held that these were deprivations of property that had to be preceded by a fair hearing.'

A TRO and Preliminary Injunction should be granted for the following reasons:

1. Rule 120 is not a fair hearing. It is only -after- that a separate fair action can Constitutionally justify removal of the homeowner and not before. Nationstar was not the original lender and is attempting to foreclose on petitioner's home and property without any proof that it is the real party in interest with standing to foreclose.
2. Unless the Rule 120 foreclosure is enjoined from the acts set forth above, irreparable injury will be done to Martin Thomas Wirth and his guests due to the nature and severity of Nationstar's foreclosure actions.
3. The interest of Martin Thomas Wirth in his property outweighs the interests of Nationstar, a pretend lender.
4. Petitioner, Martin Thomas Wirth, has a likelihood of success on the merits of his foregoing complaint.
5. Issuance of injunctive relief against the Respondent will maintain the status quo between the parties; namely, if the Nationstar can prove its interest in the property, it remains secured by the property while this action is pending.
6. All parties will be on equal footing in this action whereas pre-depriving the petitioner of his home and property will leave him without an address with which to continue these proceedings.

WHEREFORE, Martin Thomas Wirth moves this Court for the issuance of a Temporary Restraining Order or, in the alternative, Preliminary Injunction, enjoining the Defendants, their employees, agents, successors, or assigns, from making any further efforts to foreclose upon, sell, or further encumber the title to Martin Thomas Wirth's property located at 36 Iris Drive, Bailey, Colorado 80421, and for such other and additional relief as the Court deems just and equitable, including a Preliminary Injunction at the earliest possible opportunity.

Respectfully submitted,

*/s/ Martin T. Wirth*

Martin Thomas Wirth, pro se