IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendants.

---

**DEFENDANTS THE CASTLE LAW GROUP, LLC AND LAWRENCE E. CASTLES'
MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and
FED. R. CIV. P. 8(a)**

---

Defendants, The Castle Law Group, LLC and Lawrence E. Castle, individually and in his corporate capacity (collectively, the "CLG Defendants"), through their attorneys, The Castle Law Group, LLC, by Phillip A. Vaglica, of counsel and Christopher T. Groen, hereby submit their motion to dismiss the plaintiff's complaint[1] [Doc. 14].  In support of this motion, the CLG Defendants state as follows:

---

[1] The plaintiff has filed three (3) complaints all captioned "Complaint."  For ease of reference, the operative or third complaint will be referred to as the "Third Complaint."

## I. ANALYSIS OF PLAINTIFF'S THIRD COMPLAINT

The plaintiff filed his first complaint [Doc. 1] on December 9, 2013. On December 10, 2013, Magistrate Judge Boland issued an Order [Doc. 4] directing the plaintiff to cure certain deficiencies. The plaintiff filed his second complaint on December 12, 2013 [Doc. 5] and filed his third complaint on December 23, 2013 [Doc. 14]. Even with his third effort, the plaintiff's pleading is so woefully deficient that he has still yet to state, in short and plain terms, a claim showing an entitlement to relief against the CLG Defendants. An analysis of the plaintiff's most recently filed complaint is instructive.

Plaintiff's Third Complaint begins with a "**STATEMENT OF FACTS**" on pages 4-5. It is ironic, however, that this section of the Third Complaint actually contains no plausible facts which would form the basis for a claim for relief. Instead, the statement of facts contains pages of references to various statutory provisions, many of which are recited in a block quote format to include a separate heading captioned "**A History of Action in Times of Economic Distress**" (C. p. 13.) Once the Third Complaint evolves from this "**Statement of Facts**," the operative paragraphs under the First Claim for Relief reflect paragraph after paragraph of legal argument and citations to various authorities. C. ¶30-33. The Second Claim for Relief (C. 24) continues the same form of pleading, and in its following eighteen (18) paragraphs does not identify or intimate **any** facts related to any action by the CLG Defendants which could be construed as forming the basis for a claim.

As far as text is concerned, the Third Complaint consists of forty-one (41) pages of disjointed citations to various legal authorities without identifying any act committed by the CLG Defendants which could arguably support a plausible claim for relief. The

2

legal authority relied on by the plaintiff ranges from citations to the Colorado Uniform Commercial Code (C. ¶14), to the Colorado Foreclosure Statute C.R.S. § 38-38-101*et seq.* (C. ¶16), to a series of string citations interpreting the Fourteenth Amendment (C. ¶35).  While the utilization of legal authority in a complaint may not be standard pleading pursuant to Fed.R.Civ.P. 8, what is more telling is that in the forty-one (41) pages of the Third Complaint, the plaintiff never alludes to or mentions either of the CLG Defendants by name or by innuendo.  While plaintiff's free-flowing recitation of "foreclosures in Colorado" may be the stuff of which law review articles are made, the CLG Defendants have absolutely no notice of any facts to support any of the seven (7) claims for relief brought against them.

Under the circumstances presented by the plaintiff's Third Complaint, the CLG Defendants are left to guess as to what facts may rise to the level of a purported claim for relief.  For example, paragraph 41 of the Third Complaint consists of twenty-five (25) lines of text with what appears to be legal argument to include citations of authority from the Colorado Court of Appeals and the Tenth Circuit.  That paragraph concludes with the plaintiff reciting that "Plaintiff sees no Constitutional problems with Colorado's fully documented foreclosure provisions…."  While this recitation of a conclusory posture may or may not be appropriate in a brief, there is absolutely no notice given to the CLG Defendants that the plaintiff is asserting any type of claim against them based upon any facts recited in the paragraph.

The remaining claims (3 through 7) suffer from the same infirmities as identified above to include some provisions that are rather nonsensical.  The Third Claim for Relief, for example, is captioned "**Damages are Unconstitutionally Limited.**"  (C.

p.34).  That heading, and the following four (4) paragraphs, fails to either have any basis in fact as to any recovery from the CLG Defendants or even create any relationship to any other fact which could yield damages against the CLG Defendants.

Finally, a review of the Third Complaint's conclusion captioned "**REQUEST FOR RELIEF**" is again instructive as to a resolution of the CLG Defendants' instant motion.  Paragraphs 71 through 80 itemize the relief the plaintiff is seeking by this action.  The plaintiff seeks to, among other things, "…enjoin and restrain Park County ….", "vacate the judgment of the Eleventh District Court of Colorado ….", enjoin all foreclosure proceedings in the state of Colorado, repeal various sections of the Colorado foreclosure statute and issue declaratory relief and award him "…economic damages including those for duress, pain, injuries, and illnesses…."  A literal reading of these measures of relief confirms that not only have there been no claims for relief identified as against the CLG Defendants, there is no relief which is even sought from the the CLG Defendants.  None of the eighty (80) paragraphs contained within the complaint's forty-one (41) pages provides any notice of any facts upon which any claim for relief could be based as against the CLG Defendants.

## II.     ARGUMENT/STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.

The court, however, need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

5

Federal Rule of Civil Procedure 8(a)(2) states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). Pursuant to Rule 8, courts do not "require heightened fact pleading of specifics," "but only [require] enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  However, to state a constitutional claim, a plaintiff must do more than simply state a conclusion or engage in artful pleading. *Gee v. Pacheco*, 627 F.3d 1178, 1185-86 (10th Cir. 2010). Rather, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In the instant case, the fundamental notice requirement of Rule 8(a) simply is not present.  Pleaders, in actions such as this one, must give their opponents fair notice of their claim and the grounds upon which it rests.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007).  This plaintiff, even in his third attempt at phrasing a legitimate complaint, has failed to identify "…those facts *necessary* to a finding of liability. "  *Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 343-44 (2d Cir. 2006).

As noted in *Iqbal*, 556 U.S. at 678-79, "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Similarly, in *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), the court noted that "Rule

6

8(a)(2) still lives." The CLG Defendants are not seeking dismissal of the Third Complaint based upon some hyper-technical analysis of esoteric claims for relief. These defendants seek dismissal of the Third Complaint because it completely fails to comply with any recognized notice pleading standard. *See Hamilton v. Palm*, 621 F. 3d 816, 817 (8th Cir. 2010). As such, it should be dismissed.

WHEREFORE, the CLG Defendants request that the Court dismiss the plaintiff's complaint with prejudice, that they be awarded their attorneys' fees and costs incurred in defense of this case, and for such other relief the Court deems just and proper.

Dated this 29th day of January, 2014.

        THE CASTLE LAW GROUP, LLC

        s/ *Phillip A. Vaglica*
        Phillip A. Vaglica, of counsel
        Christopher T. Groen
        999 Eighteenth Street, Suite 2201
        Denver, Colorado 80202
        (303) 865-1661
        Fax:  (303) 865-1410
        vaglica@vaglica.com; pvaglica@cmsatty.com
        cgroen@cmsatty.com

        Attorneys for The Castle Law Group, LLC and Lawrence E. Castle

## **CERTIFICATE OF SERVICE**

      I certify that on January 29, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **James P. Eckels**
  jeckels@bmas.com,rwhitaker@bmas.com,raccomazzo@bmas.com, madams@bmas.com
- **Jamie Grant Siler**
  jsiler@bmas.com,rwhitaker@bmas.com,madams@bmas.com, jeckels@bmas.com

- **Anne Teresa Starnella**
  kathryn.starnella@state.co.us,debbie.bendell@state.co.us
- **Martin Thomas Wirth**
  martin.wirth@specialtywrench.com

      THE CASTLE LAW GROUP, LLC

      s/ *Colette Poeppel*
      Colette Poeppel, paralegal