IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03309-REB-KLM

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

## STATE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

Defendants Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome (the "State Defendants"), who have been sued in their official capacities, respectfully submit, through undersigned counsel, the following Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e).

### BACKGROUND

This action arises from a public trustee foreclosure proceeding that was conducted, pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38, Article 38 of the Colorado Revised Statutes, in Park County District Court with Defendant Judge Groome as the presiding judge. *See Nationstar Mortgage LLC v.*

*Wirth*, Case No. 2013cv30104 (Park County District Court).  The underlying foreclosure proceedings commenced on July 26, 2013, and concluded on December 3, 2013, with Judge Groome's finding that a reasonable probability of default exists and order authorizing the property's sale by public auction.  On December 18, 2013, the property was sold at public auction.  *See* Return of Sale dated January 16, 2014, Case No. 13cv30104 (Park County).[1]

*Pro se* Plaintiff Martin Thomas Wirth initiated this action on December 9, 2013, over four months after the underlying foreclosure proceedings commenced.  *See* Complaint, Doc. # 1.  Three days later, Mr. Wirth filed a Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. # 7, to enjoin the state court foreclosure proceedings.  On December 23, 2013, pursuant to a court order,[2] Mr. Wirth filed a Second Amended Complaint (Complaint), which contained virtually the same allegations as the original complaint, but added two more defendants, Mary Hager and the Federal National Mortgage Association (Fannie Mae).  *See* Doc. # 14.

---

[1] Courts may "take judicial notice of judicial proceedings in other courts if they have a direct relation to the matters at issue." *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009) (internal quotation marks and modification omitted); *Williams v. Slater*, 317 F. App'x 723, 725 n.2 (10th Cir. 2008) (stating, "federal courts, in appropriate circumstances, may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation and citation omitted).

[2] On December 10, 2013, the Court ordered Mr. Wirth to cure certain deficiencies in the complaint, namely to use the correct *pro se* complaint form, ensure that the names in the caption match the names in the complaint's text, and provide the defendants' addresses.  (Doc. # 4.)

Although the Complaint's caption lists nine defendants, the Complaint fails to articulate which defendant did what to Mr. Wirth and when.  Thus, Mr. Wirth's allegations of harm and claims for relief lack any meaningful factual support and, without more definite allegations, the State Defendants are prejudiced in their ability to defend against Mr. Wirth's claims.  Additionally, to the extent that Mr. Wirth asserts due process and equal protection claims, Mr. Wirth fails to articulate whether he asserts facial or as-applied constitutional challenges, or both.

## STANDARD OF REVIEW

Any time before a responsive pleading is filed, a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  Rule 12(e) motions are generally disfavored by the courts and, therefore, are rarely granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible or [the] defendant would be prejudiced in its attempt to answer it."  *FD Trust v. Kareus*, No. 12-cv-03041, 2013 U.S. Dist. LEXIS 11802, at *2-3 (D. Colo. Jan. 29, 2013) (Tafoya, Mag.) (unpublished) (internal quotation and citation omitted).  Although courts must liberally construe *pro se* litigants' pleadings, they have granted motions for a more definite statement where *pro se* pleadings failed to give the defendants adequate notice of the asserted claims for purposes of a responsive pleading.  *See Coffman v. United States*, No. CIV-07-349-F, 2007 U.S. Dist. LEXIS 40822, at * 2-6 (W.D. Okla. June 4, 2007) (unpublished) (granting Rule 12(e) motion in light of continued deficiencies in the *pro se* plaintiff's fourth amended complaint); *Scherer v. Washburn Univ.*, No. 05-2288-CM,

3

2006 U.S. Dist. LEXIS 65862, at *4-5 (D. Kan. Apr. 5, 2006) (unpublished) (granting Rule 12(e) motion where, despite liberal construction, the *pro se* plaintiff failed to comply with the minimal standards of notice pleadings).

## ARGUMENT

**Without a more definite statement, the State Defendants cannot meaningfully respond to the allegations.**

### A. Mr. Wirth fails to describe the specific actions taken by the State Defendants with regard to him.

Although the Complaint consists of 80 paragraphs and 41 pages, it fails to articulate why relief should be granted against the State Defendants, let alone any defendant. Additionally, the Complaint contains almost no allegations regarding the underlying public trustee foreclosure proceedings; rather, the Complaint is replete with a hodgepodge of legal argument, statutory recitations, and case summaries – all of which appear to have been lifted wholesale from some other source(s)[3] and none of which are directly linked or otherwise applied to the underlying foreclosure proceeding.

A complaint serves two purposes: (1) to give opposing parties' fair notice of the claims against them so that they may respond; and (2) to allow the court to determine whether the plaintiffs are entitled to relief, if the claims are proven. *Id.* at *3. For those purposes, Rule 8(a) requires complaints to contain: (1) a short and plain statement of

---

[3] *See, e.g.*, Complaint, Doc. # 14, at ¶ 31, which refers to "paragraphs 7 through 13 above" in support of Claim 1 regarding the "patently unconstitutional" nature of certain Colorado statutes. Paragraphs 7 through 13, however, identify several defendants and contain a jurisdictional statement and a description of the nature of the action. *See also id.* at ¶ 51, which refers to "§II.C.1, supra"; however, the Complaint does not contain a section II.C.1.

4

the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. Further, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a); *see also Kareus*, 2013 U.S. Dist. LEXIS 11802, at \*4-5 (granting motion for a more definite statement where the complaint failed to describe any specific actions taken by either of the defendants). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (stating, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . undifferentiated contention that 'defendants' infringed his rights" will not suffice).

The Complaint is the antithesis of a short and plain statement. Mr. Wirth fails to articulate the operative events that transpired during the course of the underlying Rule 120 foreclosure proceedings or to identify how those events violated his rights or otherwise harmed him.[4] Instead, Mr. Wirth proffers sweeping, unfocused allegations regarding a myriad of state statutory provisions, and fails to relate any of those provisions to the foreclosure of his property and his ability to challenge Nationstar's real-

---

[4] Mr. Wirth devotes only two of the Complaint's 80 paragraphs to the events that transpired during the underlying foreclosure proceedings and, even then, the allegations lack specifics. *See* Doc. # 14, at ¶¶ 69, 70.

party-in-interest status either in the underlying foreclosure proceedings or in a collateral action. Thus, relief does not plausibly flow from the thicket of sweeping facts alleged; at best, Mr. Wirth has alleged a *mere possibility* of misconduct rather than actual misconduct in contravention of the heightened pleading standards prescribed in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Deatley v. Keybank Nat'l Ass'n*, No. 12-cv-02973, 2013 U.S. Dist. LEXIS 120235, at *18-21 (D. Colo. Aug. 23, 2013) (unpublished) (dismissing foreclosure-based due process claim because the complaint lacked sufficient allegations regarding the defendants' actions).

### 1. Judge Groome.

Plaintiffs' most succinct allegations against any of the State Defendants are against the "11th Colorado District Court," or, presumably, Judge Groome. *See* Complaint, Doc. # 14, at ¶¶ 28-29, 69-70 (intimating that Judge Groome engaged in judicial bias and fabricated evidence when he determined that Nationstar was the real party in interest despite the lack of an original indorsement to Nationstar). At the same time, however, Mr. Wirth acknowledges that the applicable statutes do not require presentation of an original indorsement to the holder of the evidence of debt. *See id.* at ¶ 20.

Mr. Wirth also fails to articulate the specific nature of his claim against Judge Groome and the relief he seeks. For example, although a liberal construction of Mr. Wirth's allegations may suggest a due process claim, Mr. Wirth has not clearly alleged a

due process violation on Judge Groome's part, notwithstanding the issues of judicial immunity.[5]

## 2. Attorney General Suthers.

Although Mr. Wirth has sued Attorney General Suthers in his official capacity, Mr. Wirth does not allege that the Attorney General has some duty to enforce Colorado's foreclosure laws and procedures under Title 38, Article 38 of the Colorado Revised Statutes and Rule 120 of the Colorado Rules of Civil Procedure. *Cf. Ex Parte Young*, 209 U.S. 123, 157 (1908) (holding that Eleventh Amendment immunity does not bar claims for prospective or injunctive relief against a state officer in his official capacity if he has "some connection with the enforcement of the act"); *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007) (noting that Eleventh Amendment immunity applies unless the state official has "a particular duty to 'enforce' the statute in question and demonstrated willingness to exercise that duty."); *see also Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (stating that a state official will not be subject to suit, unless the challenged law is "fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision [will not suffice]"). For this reason, Mr. Wirth must clarify the basis of his claim against Attorney General Suthers.

---

[5] *See Lawrence v. Greenstreet*, 271 F. App'x 763, 65-66 n.6 (10th Cir. 2008) (noting that judicial immunity extends to suits against judges for monetary and injunctive relief); *see also Kramer v. Vigil*, No. 13-cv-00142, 2013 U.S. Dist. LEXIS 73110, at *3-7 (D. Colo. May 22, 2013) (unpublished) (concluding that state judge who presided over Rule 120 proceeding was entitled to judicial immunity).

### 3. Governor Hickenlooper.

Finally, with respect to Mr. Wirth's official capacity claims against Governor Hickenlooper, there is no dispute that "Colorado has long recognized the practice of naming the governor, in his official role as the state's chief executive, as the proper [d]efendant in cases where a party seeks to enjoin state enforcement of a statute, regulation, ordinance, or policy." *Cooke v. Hickenlooper*, No. 13-cv-01300, 2013 U.S. Dist. LEXIS 168806, at *29 (D. Colo. Nov. 27, 2013) (unpublished) (Krieger, C.J.) (citing *Developmental Pathways v. Ritter*, 178 P.3d 524, 529 (Colo. 2008) (concluding the governor was properly named in a facial constitutional challenge to a state law)). However, to the extent that Mr. Wirth seeks to enjoin future public trustee foreclosure proceedings, he fails to allege clearly whether he is lodging a facial or an as-applied constitutional challenge, or both, as discussed more fully below. If his claims only concern an as-applied challenge, then the governor might not be a proper party.

### B. Mr. Wirth fails to articulate whether he is lodging facial or as-applied constitutional challenges to Colorado's mortgage foreclosure laws.

#### 1. Facial and as-applied equal protection challenges.

"A facial challenge to a legislative act is . . . the most difficult challenge to mount successfully, since the challenge must establish that no set of circumstances exists under which the [legislation] would be valid." *Romer v. Evans*, 517 U.S. 620, 643 (1996) (Scalia, J., dissenting) (citation omitted); *see also Washington v. Glucksberg*, 521 U.S. 702, 740 n.7 (1997) (stating that "the invalid applications of a statute must not

only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.") (Stevens, J., concurring) (internal quotation marks and citation omitted); *United States v. Salerno*, 481 U.S. 739, 745 (1987) (concluding that a challenged law was not "wholly invalid" merely because it "might operate unconstitutionally under some conceivable set of circumstances."). Moreover, state laws are generally presumed to be valid. *See Parham v. Hughes*, 441 U.S. 347, 351 (1979).

With respect to facial attacks on equal protection grounds, if a statute is not invidiously discriminatory, "it is entitled to a presumption of validity and will be upheld unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational." *Id.* at 351-52 (internal quotations omitted). To the extent that Mr. Wirth has lodged a facial equal protection challenge, the Complaint is bereft of any allegations that the Colorado legislature implemented the public trustee and judicial foreclosure schemes for invidious or malevolent purposes. For that reason, a more definite statement is needed.

A more definite statement is also needed if Mr. Wirth has lodged an as-applied equal protection challenge. The Equal Protection Clause is violated where the government treats someone differently from another person who is similarly situated, without adequate justification for the difference in treatment. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). In the instant case, Mr. Wirth has failed to articulate the basis of any as-applied equal protection claim: he has failed to identify a similarly-situated person or

group of people whom the government treated differently without adequate justification. Similarly, Mr. Wirth has failed to articulate the differential treatment.

### 2. Facial and as-applied due process challenges.

To state an actionable due process claim, a plaintiff must allege that the available government process is insufficient to properly protect his ownership rights. *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 856 (10th Cir. 1993). At a minimum, due process requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* "Absent specific statutory language to the contrary, courts generally infer that a hearing includes the right to present evidence, cross-examine adverse witnesses and contest adverse findings." *Jones v. Wildgen*, 320 F. Supp. 2d 1116, 1128 (D. Kan. 2004). "The deprivation of due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures." *Winters*, 4 F.3d at 856.

To the extent that Mr. Wirth has lodged a facial due process challenge to the state's public trustee foreclosure proceedings, the Complaint is bereft of any specific, non-conclusory allegations concerning the inadequacy of those proceedings. Moreover, Mr. Wirth's sparse allegations regarding the underlying foreclosure proceedings suggest that he was afforded adequate due process and, thus, any facial challenge would fail. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 457 (2008) (concluding that a facial challenge failed because some constitutional applications of the challenged law existed) (citing *Schall v. Martin*, 467 U.S. 253, 264 (1984)). For

example, although Mr. Wirth broadly states that Colorado's foreclosure laws are "patently unconstitutional" and "substitut[e] presumptions in lieu of evidence," *see* Doc. # 14 at 15, he acknowledges that he appeared at a hearing, challenged evidence concerning the foreclosing entity's real party in interest status, and cross-examined an adverse witness. *See id.* at ¶ 28. Mr. Wirth also acknowledges his ability to seek further relief in a collateral action. *See id.* at 36. Although Mr. Wirth speculates and summarily concludes that a collateral action "is extremely unlikely to provide any protection," he fails to articulate whether and to what extent he attempted to seek further relief via a collateral action and the outcome of those efforts. For these reasons, a more definite statement is needed.

### C. Mr. Wirth fails to articulate his right to the requested relief.

Finally, to the extent that Mr. Wirth seeks declaratory and injunctive relief, he fails to articulate how he is entitled to either form of relief. First, declaratory judgment regarding past conduct, namely, the concluded foreclosure proceedings, would serve no purpose and, therefore, is unavailable. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (stating that declaratory judgment is proper if it "[settles] some dispute which affects the behavior of the defendant toward the plaintiff."); *see also Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (stating, "a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."). Second, injunctive relief cannot be granted now that the

underlying Rule 120 foreclosure proceedings have concluded and Mr. Wirth's property has been sold at public auction.

## CONCLUSION

For the foregoing reasons, the State Defendants, Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome, respectfully request that their Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) be granted.  In sum, Mr. Wirth's allegations of harm and claims for relief lack any meaningful factual support.  Additionally, Mr. Wirth fails to articulate whether he asserts facial or as-applied constitutional challenges, or both.  Without a more definite statement, the State Defendants are prejudiced in their ability to develop a defense to Mr. Wirth's claims.

Respectfully submitted this 31st day of January, 2014.

JOHN W. SUTHERS
Attorney General

s/Kathryn A. Starnella
KATHRYN A. STARNELLA*
Assistant Attorney General
Public Officials Unit
State Services Section
Attorneys for Governor John Hickenlooper,
  Attorney General John Suthers, and Judge
  Stephen A. Groome

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado  80203
Telephone:  720-508-6176

FAX:  720-508-6041
E-Mail:  kathryn.starnella@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I served a true and complete copy of the foregoing State Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) upon the *pro se* plaintiff via U.S. Mail and counsel of record for the defendants via CM/ECF, as listed below:

| Party | Counsel of Record | Mailing or Email Address | Service Method |
|---|---|---|---|
| Plaintiff Martin Thomas Wirth | *Pro Se* | Martin Thomas Wirth<br>36 Iris Drive<br>Bailey, Colorado 80421 | U.S. Mail |
| Defendant Nationstar Mortgage LLC | James P. Eckels<br>Jamie Grant Siler | jeckels@bmas.com<br>jsiler@bmas.com | CM/ECF |
| Defendant The Castle Law Group LLC | Phillip A. Vaglica | pvaglica@cmsatty.com | CM/ECF |
| Defendant Lawrence E. Castle in his corporate and individual capacities | Phillip A. Vaglica | pvaglica@cmsatty.com | CM/ECF |

*s/ Kathryn Starnella*