IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC TOF COLORADO

Civil Action No. 13-cv-03309-REB-KLM

MARTIN THOMAS WIRTH,

      Plaintiff,

v.

JOHN HICKENLOOP[ER, in his official capacity as Governor of Colorado, JOHN SUTHER, in his official capacity as Attorney General of Colorado, STEPHEN A GROOME, in his official capacity as 11th District Court Judge, VICKI ARMSTRONG, in her official capacity as Public Trustee of Park county, NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)

      Defendants.

---

DEFENDANT VICKI ARMSTRONG'S JOINDER IN STATE DEFENDANT'S MOTION
FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

---

      DEFENDANT VICKI ARMSTRONG, by her attorneys Hays, Phillips, Hoffmann & Carberry, P.C., pursuant to Fed. R. Civ. P. 12(3) joins the State Defendants in moving this Court for a more definite statement and, as additional cause therefore, shows the Court as follows:

      1.      This case was commenced by the filing of the complaint on December 9, 2013.  A second complaint (presumably an amended complaint although not designated as such) was filed on December 23, 2013.

      2.      The complaint names "Vicki Armstrong, In her Official Capacity as Public Trustee of Park County" as a party defendant and also identifies Armstrong as a party in the

1

second page of both the original and amended complaint.  These are apparently the only references to Armstrong in either the original or amended complaint.

3. Vicki Armstrong is not the Public Trustee of Park County.  The Court may take judicial notice that Michelle Miller is the Public Trustee of Park County, Colorado.  Armstrong is an employee in the Public Trustee's office.

4. Fed R. Civ. P. 12(e) states as follows:

**(e)     Motion for a More Definite Statement.**  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after the notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

5. The original and amended complaints on file herein consist of some forty pages of dense legal argument.  There is no indication of what claims are brought against Armstrong, what relief is requested against her or what standing the Plaintiff has to bring a case against her.  The complaint fails to meet even the basic notice pleading standard of Fed. R. Civ. P. 8(a).

6. Whether to grant a motion for more definite statement is a matter left to the court's discretion and will not be disturbed on appeal absent an abuse of discretion.  5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.).  While such motions are generally disfavored given the availability of discovery and the notice pleading standard of Rule 8, a motion for more definite statement is appropriate where the vagueness of the pleading at which it is directed effectively prevents a meaningful response.  *Id.*

7. Applying that standard to the complaint in this case, there is simply nothing for Armstrong to respond to because she is not mentioned in the body of the complaint.  Indeed,

while the caption identifies her, incorrectly, as the Park County Public Trustee, the complaint itself merely states that she is "a citizen of the United States of America."  Complaint ¶ 6.

8. In the absence of some indication of why Armstrong is a party in this case, what wrong the plaintiff has allegedly suffered at her hands and what relief is requested against her, Armstrong cannot meaningfully respond to the complaint.  In the words of Rule 12(e) the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  A more definite statement is required.

WHEREFORE, Armstrong joins in the motion for more definite statement filed by the State Defendants and respectfully requests that the Court enter an Order directing the Plaintiff to file a second amended complaint stating the facts upon which his claim against Armstrong is based, in what capacity she is sued, and the specific relief requested as to Armstrong.

Respectfully submitted this 3rd day of February, 2014.

**HAYES, PHILLIPS, HOFFMANN & CARBERRY, P.C.**

By: s/ *Herbert C. Phillips*
    Herbert C. Phillips

**ATTORNEYS FOR PLAINTIFF VICKI ARMSTRONG**

3

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on the 3rd day of February, 2014, a true and correct copy of the within **DEFENDANT VICKI ARMSTRONG'S JOINDER IN STATE DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)** was filed/served via CM/ECF, and/or U.S. P.S. First Class Mail, postage prepaid, and properly addressed as follows:

| | |
|---|---|
| Martin Thomas Wirth, Plaintiff<br>36 Iris Drive<br>Bailey, CO 80421 | Defendant Nationstar Mortgage, LLC<br>c/o James P. Eckels @ jeckels@bmas.com<br>c/o Jamie Grant Siler @ jsiler@bmas.com |
| Defendant the Castle Law Group, LLC<br>c/o Phillip A. Vaglica @ pvaglica@cmsatty.com | Defendant Lawrence E. Castle<br>c/o Phillip A. Vaglica @ pvaglica@cmsatty.com |
| Defendants John Hickenlooper,<br>John Suthers, and<br>Judge Stephen A. Groome<br>**c/o John Suthers**<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 6th Floor<br>Denver, CO 80203 | |

/s/*Valerie A. Martinez*

*A copy with original signature is on file at the offices of Hayes, Phillips, Hoffmann & Carberry, P.C*

4