IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU and
LUVIBIDILA JOLIE LUMUENEMO,

    Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, as successor by merger to BAC Home Loans Services, LP f/k/a Countrywide Home Loans Servicing LP,

    Defendant,

JOHN W. SUTHERS, in his official capacity as Colorado Attorney General,

    Intervenor.

## INTERVENOR COLORADO ATTORNEY GENERAL'S BRIEF IN SUPPORT OF THE CONSTITUTIONALITY OF COLORADO'S MORTGAGE FORECLOSURE LAWS

Intervenor John W. Suthers, in his official capacity as Colorado Attorney General, respectfully submits, through undersigned counsel, the following Brief in Support of the Constitutionality of Colorado's Mortgage Foreclosure Laws. As set forth in this Brief, Colorado's summary public trustee foreclosure proceedings under Colorado Rule of Civil Procedure 120 are constitutional and do not violate Plaintiffs' or any other mortgagor's rights to due process and equal protection under the law.

### BACKGROUND

**I.    Factual and procedural background.**

On January 24, 2013, Plaintiffs John M. Mbaku and Luvibidila Jolie Lumuenemo commenced this lawsuit following public trustee foreclosure proceedings that Defendant

**EXHIBIT A**

Bank of America initiated in Arapahoe County District Court, pursuant to Colo. Rev. Stat. § 38-38-105(2)(a) and Rule 120 of the Colorado Rules of Civil Procedure. *See Bank of America v. Mbaku*, *et al.*, Case No. 2011cv203999 (Arapahoe County District Court). The foreclosure proceedings concerned a $166,885.00 loan that Plaintiffs obtained from Taylor, Bean & Whitaker Mortgage Corp. on February 22, 2008, to refinance their condominium property located at 1177 South Alton Street, Unit A, Denver, Colorado 80247. *See* Promissory Note, Doc. # 1-1[1] at 24-26.[2] The loan was secured by a contemporaneously executed deed of trust,[3] which was recorded with the Arapahoe County Clerk and Recorder on March 13, 2008. *See* Deed of Trust, Doc. # 1-1 at 13-22. The deed of trust contains a "Foreclosure Procedure" clause, which, at the lender's direction, enables the public trustee to sell the property at a public auction. *Id*, at 18, ¶ 18.

Following a hearing on Bank of America's motion for an order authorizing sale by public auction, the Arapahoe County District Court granted the motion upon finding that a reasonable probability of default exists and that the provisions of Rule 120 have been satisfied. Now, in an attempt to undo the state court's Rule 120 order, Plaintiffs attack the constitutionality of Colorado's public trustee foreclosure proceedings under Rule 120

---

[1] The Second Amended Complaint, Doc. # 115, refers to the exhibits that are attached to the original complaint.

[2] Page number citations refer to the numbering used by the Court's CM/ECF docketing system.

[3] The deed of trust was made among Plaintiffs, as the grantors, the Public Trustee of Arapahoe County, and the lender's nominee as beneficiary. *See* Deed of Trust, Doc. # 1-1 at 13.

2

and the related provisions under Colo. Rev. Stat. § 38-38-105 on due process grounds because these proceedings:

(1)   Are summary in nature and largely limited to the issues of default;

(2)   Are not appealable; and

(3)   Force mortgagors to bring a separate lawsuit(s) to adjudicate fully their claims and defenses and to enjoin the public auction sale.

Second Amended Complaint, Doc. # 115, at ¶ 129.

Plaintiffs also attack the public trustee foreclosure process on equal protection grounds because, they contend, it unfairly subjects a class of mortgagors to summary, non-appealable proceedings, while allowing another class of mortgagors to fully adjudicate their claims and defenses in a judicial foreclosure proceeding under Rule 105 of the Colorado Rules of Civil Procedure. *Id.* at ¶ 130.

For the reasons discussed below, Colorado's public trustee foreclosure proceedings afford Plaintiffs' adequate due process and do not violate constitutional guarantees of equal protection under the laws. Therefore, Plaintiffs' request for declaratory and injunctive relief concerning the foreclosure laws' alleged constitutionality should be denied.

## II.   Rule 120 public trustee foreclosures versus Rule 105 judicial foreclosures.

Colorado's foreclosure mechanism is codified in Title 38, Article 38 of the Colorado Revised Statutes. *See* COLO. REV. STAT. § 38-38-100.3, *et seq.* Two main types of foreclosure proceedings exist in Colorado: (1) public trustee foreclosure under

3

Rule 120 of the Colorado Rules of Civil Procedure[4]; and (2) judicial foreclosure under Rule 105 of the Colorado Rules of Civil Procedure. *See Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149, 2007 U.S. Dist. LEXIS 33434, at *5-7 (D. Colo. May 7, 2007) (unpublished) (describing Colorado's foreclosure process under Rule 120); *Vail/Arrowhead, Inc. v. Dist. Ct. for the Fifth Judicial Dist.*, 954 P.2d 608, 612 n.3 (Colo. 1998) (discussing mechanism for complete adjudication of parties' rights under Rule 105).

A lender may pursue a public trustee foreclosure when the underlying security instrument grants the public trustee a power of sale at the lender's direction. *See Beeler Props.*, 2007 U.S. Dist. LEXIS 33434, at *5-6.; *see also Travelers Ins. Co. v. Wellman*, 721 P.2d 685 (Colo. 1986) (discussing public trustee foreclosure proceedings).[5] If, however, the borrower defaults on a security instrument that contains no mention of a public trustee-conducted sale, the lender must pursue a judicial, rather than public trustee, foreclosure under Rule 105. *See*, *e.g.*, *Hicks v. Joondeph*, 205 P.3d 432, 433 (Colo. App. 2008) (conducting appellate review of Rule 105 judicial foreclosure involving deeds of trust that did not contain grants to a public trustee).

This court has previously examined and described the scope and nature of Rule 120 proceedings. *See May v. U.S. Bank*, *N.A.*, No. 13-cv-01621, 2013 U.S. Dist. LEXIS

---

[4] Rule 120 is incorporated by reference into the Colorado Revised Statutes. *See* COLO. REV. STAT. § 38-38-105(2)(a), (3).

[5] If, however, the deed of trust grants the property to a *private*, rather than public, trustee, the deed "shall be deemed and taken to be a mortgage for all purposes and foreclosed only as mortgages are foreclosed in and through the courts [*i.e.*, in accordance with Rule 105]" COLO. REV. STAT. § 38-39-101.

4

118073, at *15-21 (D. Colo. Aug. 20, 2013) (unpublished) (Brimmer, J.). A Rule 120 public trustee foreclosure proceeds as follows:

- An interested party who possesses an evidence of debt secured by a deed of trust must file a verified motion with a state district court requesting an order authorizing the sale;

- The verified motion must specify the default or other facts that justify the invocation of the power of sale;

- Upon receipt of the motion, the court sets a date for a hearing;

- Any interested party may file a response no less than seven days prior to the scheduled hearing;

- If no response to the motion is filed, the court shall examine the motion and, if satisfied that venue is proper and the moving party is entitled to an order authorizing sale upon the asserted facts, the court shall dispense with the hearing and enter an order authorizing the sale;

- A Rule 120 hearing is limited to the existence of a default or other circumstances authorizing the sale under the terms of the security instrument;

- The court's determination is based on:
    - The creditor's evidence of default and that it is the real party in interest;
    - The debtor's controverting evidence or evidence that supports a debtor's legitimate defense to the order authorizing sale; and

- A court order authorizing the sale permits the public trustee to proceed with a foreclosure sale.

*Id.* (citing C.R.C.P. 120(a), 120(c), 120(d), 120(e), COLO. REV. STAT. §§ 38-37-104(1)(b), 38-38-100.3(16)); *Goodwin v. Dist. Court in and for the Sixteenth Judicial Dist.*, 779 P.2d 837, 842 (Colo. 1989)).

5

In contrast to the summary nature of Rule 120 proceedings, Rule 105 proceedings allow the borrower and lender to "obtain[ ] a complete adjudication of [their] rights" and the court "shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties." C.R.C.P. 105(a). Because Rule 105 proceedings allow for complete adjudication of the parties' rights, parties are entitled to discovery and a full trial on the merits, and, unlike Rule 120 orders, Rule 105 orders are appealable. *See, e.g.*, *Rael v. Taylor*, 876 P.2d 1210, 1215 n.7 (discussing a deposition that was taken during the course of discovery) (Colo. 1994).

## ARGUMENT

**I.     Colorado's Rule 120 foreclosure proceedings provide borrowers with adequate due process.**

At a minimum, due process requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 856 (10th Cir. 1993); *see also Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 342 (1969) (holding that due process requires notice and a hearing prior to the taking of one's property). "Due process requires that there be an opportunity to present every available defense; but it *need not* be before the entry of judgment." *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932) (emphasis added). "Absent specific statutory language to the contrary, courts generally infer that a hearing includes the right to present evidence, cross-examine adverse witnesses and contest adverse findings." *Jones v. Wildgen*, 320 F. Supp. 2d 1116, 1128 (D. Kan. 2004).

In the instant case, Plaintiffs complain that Colorado's Rule 120 foreclosure proceedings are unconstitutional because: (1) in pertinent part, the foreclosing entity's real-party-in-interest status is presumed; (2) the decisions are not subject to appellate review; and (3) mortgagors must raise their claims and defenses in a separate lawsuit. Complaint, Doc. # 115, at ¶ 129. In each respect, however, Plaintiffs' due process challenge fails. Moreover, Plaintiffs have not – and cannot – establish that "no set of circumstances exist under which the [laws] would be valid." *Romer v. Evans*, 517 U.S. 620, 643 (1996) (Scalia, J., dissenting) (citation omitted); *see also Washington v. Glucksberg*, 521 U.S. 702, 740 n.7 (1997) (stating that "the invalid applications of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.") (Stevens, J., concurring) (internal quotation marks and citation omitted). Moreover, state laws are generally presumed to be valid. *See Parham v. Hughes*, 441 U.S. 347, 351 (1979).

### A. The limited scope of inquiry does not preclude challenges to the foreclosing entity's presumed real-party-in-interest status.

Plaintiffs wrongly contend that Rule 120 proceedings' limited scope of inquiry precludes them from challenging the foreclosing party's presumed real-party-in-interest status. The Colorado Supreme Court has held that, in the interest of due process, a district court presiding over a Rule 120 proceeding must consider a mortgagor's defenses concerning the real party in interest, waiver, and estoppel; otherwise, an order might result in the property's sale to a party without a legitimate claim. *See Goodwin v. Dist. Ct. in and for the Sixteenth Judicial Dist.*, 779 P.2d 837, 840-44 (Colo. 1989)

7

(discussing evolving scope of Rule 120 proceedings); *see also Moreland v. Marwich, Ltd.*, 665 P.2d 613, 618 (Colo. 1983) (reasoning that Rule 120's purpose is "to test whether, considering *all relevant evidence*, there is a reasonable probability that a default exists.") (emphasis added). Once a mortgagor has raised a "real party in interest" defense, the burden shifts to the foreclosing entity. *Goodwin*, 779 P.2d at 843.[6]

Additionally, a possessory action is not unconstitutional merely because it is a summary proceeding. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 601-20 (1974) (upholding the constitutionality of Louisiana's summary replevin procedure). Indeed, this district has previously disposed of due process claims premised on Rule 120 proceedings' summary nature where the plaintiffs received actual and timely notice of the proceeding, were afforded an opportunity to be heard, and were free to seek injunctive or other relief in any court of competent jurisdiction to block an authorized sale. *See Ramsey v. Citibank, N.A.*, No. 10-cv-02653, 2011 U.S. Dist. LEXIS 110957, at *6, *10-13 (D. Colo. Sept. 28, 2011) (unpublished) (Daniel, J.) (adopting magistrate judge's recommendation to dismiss due process claim); *Ramsey v. Citibank, N.A.*, No. 10-cv-02653, 2011 U.S. Dist. LEXIS 110963, at *2-24 (D. Colo. July 28, 2011) (unpublished) (recommendation by Shaffer, Mag.); *see also Dean v. JP Morgan Chase Bank Nat'l Ass'n*, No. 10-cv-00539, 2011 U.S. Dist. LEXIS 19737, at *5-6 (D. Colo. Feb.

---

[6] In this constitutional attack, Plaintiffs conflate the administrative, pre-hearing component of public trustee foreclosures with the due process available in a Rule 120 hearing. Per *Goodwin*, documents tendered and accepted by the public trustee during the administrative portion are subject to challenge in the Rule 120 hearing.

8

28, 2011) (Brimmer, J.) (unpublished) (noting that debtors in Rule 120 proceedings may challenge a foreclosing entity's real-party-in-interest status).

### B. Relegating defenses to a collateral action does not violate due process.

Next, Plaintiffs complain that they must raise their claims and defenses in a separate lawsuit. However, the need to file a collateral action for a full adjudication of a mortgagor's claims and defenses does not violate due process. *See Lindsey v. Normet*, 405 U.S. 56, 67 (1972) (holding that a possessory action may be segregated from another action concerning valid legal or equitable defenses or counterclaims arising from the same factual situation); *see also Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 609 (1974) (noting the paucity of judicial precedent requiring a final judicial determination of possession before a buyer's temporary deprivation of the property); *Bianchi v. Morales*, 262 U.S. 170, 171 (1923) (finding no due process violation where Puerto Rico's summary mortgage proceedings precluded equitable defenses in the same proceedings); *Grant Timber and Mfg Co. v. Gray*, 236 U.S. 133, 134-35 (1915) (finding no due process violation where Louisiana statute precluded commencement of quiet title action until the possessory action's conclusion); *Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1017 (Colo. 1998) (concluding that the Rule 120 court must first resolve the question of default before an aggrieved party may seek injunctive relief in any court of competent jurisdiction).

In *Lindsey*, the Supreme Court upheld Oregon's Forcible Entry and Wrongful Detainer statute, which permitted the landlord to bring a possessory action that was

9

limited to the tenant's failure to pay rent and his continued possession of the property. 405 U.S. 56 at 63. Akin to Colorado's Rule 120 proceedings, Oregon's statute required tenants to bring a separate proceeding to raise ancillary but factually-related issues, such as reasons for their failure to pay. *Id.* at 68. Nevertheless, despite the tenants' inability to assert *all* claims and defenses in the forcible entry and wrongful detainer action, the Supreme Court found no due process violation because tenants could at least raise claims and defenses regarding the issues central to the forcible entry and wrongful detainer proceedings. *See id.* at 69.

Likewise, in *Mitchell*, the Supreme Court upheld Louisiana's bifurcated sequestration procedure because it protected the "debtor's interest in every conceivable way, except allowing him to have the property to start with," by "put[ting] the property in the possession of the party who furnishes protection against loss of damage to the other pending trial on the merits." 416 U.S. at 618.

Much like Oregon's and Louisiana's proceedings, Colorado's public-trustee foreclosure proceedings are bifurcated, yet adequately protect the mortgagors' interests. First, the foreclosing entity must obtain a court order authorizing a public-trustee sale under Rule 120; and second, the mortgagor must bring a separate action to enjoin the foreclosure or assert claims or defenses that fall outside the scope of Rule 120 proceedings. Although mortgagors in Colorado may lose possession of their property in the summary proceeding, they are free to initiate a separate proceeding to block foreclosure and to adjudicate all their claims and defenses. Moreover, foreclosing entities must indemnify and defend the mortgagor against economic loss and costs and

attorneys' fees "in the event that the original evidence of debt is presented for payment[.]" COLO. REV. STAT. § 38-38-101(2); *see also May v. U.S. Bank, N.A.*, No. 13-cv-01621, 2013 U.S. Dist. LEXIS 118073, at *29-30 (D. Colo. Aug. 20, 2013) (unpublished) (reasoning that indemnification provisions negated assertions of irreparable harm for an alleged due process violation arising from a Rule 120 foreclosure proceeding). Therefore, the bifurcated nature of Colorado's public-trustee foreclosure proceedings is not facially unconstitutional.

### C. The unavailability of appellate review does not violated due process.

Plaintiffs complain that Rule 120 violates due process because Rule 120 orders authorizing sale are not subject to appellate review. Complaint, Doc. # 115, at ¶ 129. However, "[t]he right to appeal is not required under common-law principles or general notions of due process. It is generally legislatively granted and can be conditioned on any reasonable bases." *Fed. Nat'l Morg. Ass'n v. Wingate*, 273 N.W.2d 456, 463 (Mich. 1979); *see also Rivera-Ortiz v. Holder*, 497 F. App'x 776, 779 (10th Cir. 2012) (finding no constitutional due-process right to appeal where the operative statute did not allow for appellate review); *Martinez v. Cal. Ct. App.*, 528 U.S. 152, 160 (2000) (noting that, in the criminal context, the right to appeal "is purely a creature of statute"); *Lindsey v. Normet*, 405 U.S. 56, 77 (1972) (discussing a defendant's *statutory* right to appeal an order following a forcible entry and detainer proceeding); *Bovard v. People*, 99 P.3d 585, 588 (Colo. 2004) (noting that the right to appeal is governed entirely *by statute* and that no constitutional right to an appeal exists); *Smith Bros. Cleaners & Dyers, Inc. v.*

11

*People*, 119 P.2d 623, 626-28 (Colo. 1941) (finding no due process violation arising from inability to pursue an appeal under statute) *overruled on other grounds by Shoenberg Farms, Inc. v. People*, 444 P.2d 277, 283 (Colo. 1968).

In the instant case, Rule 120(d) expressly prohibits appellate review of orders authorizing public trustee foreclosure sales. Therefore, because no right to appeal exists under common law, Colorado's public trustee foreclosure laws are not facially unconstitutional. Moreover, a right to appeal would undermine the General Assembly's very purpose for creating the public-trustee foreclosure process: To protect debtors while maintaining a speedy, efficient procedure for creditors. *See Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1015, 1017 (Colo. 1998).

## II. Rule 120 proceedings do not violate Plaintiffs' right to equal protection under the law.

Plaintiffs contend that Colorado's foreclosure laws have "effectively creat[ed] two classes of Colorado citizens" by subjecting one group of mortgagors to summary foreclosure proceedings (under Rule 120), while allowing another group of mortgagors to adjudicate fully their claims and defenses in a single action (under Rule 105). Complaint, Doc. # 115 at ¶ 130.

Mere inequality in the laws, however, does not create a *prima facie* equal protection violation. *See McGowan v. Maryland*, 366 U.S. 420, 425 (1961) (stating, "the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently from others."). Differing treatment "will offend the equal protection safeguard only if the classification rests on grounds wholly

12

irrelevant to the achievement of the State's objective, or if the objective itself is beyond the State's power to achieve." *Lindsey v. Normet*, 405 U.S. 56, 70 (1972) (internal quotation and citation omitted). "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan*, 366 U.S. at 426. Moreover, in economic matters such as foreclosures, courts "owe an extraordinary deference to state objectives" and must "uphold any classification based 'upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy[.]'" *Dieffenbach v. Attorney General of Vermont*, 604 F.2d 187, 195 (2d Cir. 1979) (quoting *Allied Stores v. Bowers*, 358 U.S. 522, 530 (1959) (upholding constitutionality of an Ohio provision that exempted non-residents, but not residents, from a tax to encourage non-resident construction and operation of warehouses in Ohio)); *see also Parham v. Hughes*, 441 U.S. 347, 351 (1979) (stating, "[s]tate laws are generally entitled to a presumption of validity against attack under the Equal Protection Clause.").

In *Lindsey v. Normet*, the Supreme Court rejected an equal protection challenge to Oregon's forcible entry and detainer statute because, in pertinent part, it had potentially uniform application: It applied to all tenants, regardless of wealth or status. 405 U.S. 56, 70-74 (1972). Additionally, the statute served legitimate purposes: It protected landlords from accruing economic loss and tenants from uncertainty and "unmerited harassment and dispossession" during protracted litigation. *Id*. at 73.

As with Oregon's forcible entry and detainer statute, Colorado's public trustee foreclosure proceedings apply uniformly to all mortgagors whose deeds of trust – which

the mortgagors' signed – contain a public trustee's power of sale by public auction, regardless of the individual mortgagor's race, wealth, gender, or other protected classification. If, however, the deed of trust does not contain a public trustee's power of sale by public auction, then the mortgagor would be subjected to a judicial foreclosure proceeding under Rule 105.

Additionally, like Oregon's forcible entry and detainer system, Colorado's public trustee foreclosure process affords efficiency in a judicially supervised proceeding while providing certain safeguards. Following a public trustee foreclosure, sale by public auction cannot occur without a court's finding that "a reasonable probability" of default "or other circumstance" has occurred.[7] C.R.C.P. 120(d); COLO. REV. STAT. § 38-38-105(2)(a) (requiring "an order authorizing sale from a court of competent jurisdiction to issue the same pursuant to rule 120 or other rule of the Colorado rules of civil procedure."); *see also id.* at § 38-38-105(2)(b) (requiring postponement of sale by public auction unless the public trustee receives a copy of the court order); *id.* at § 38-38-105(3) (identifying pre-hearing procedures).

For these reasons, Colorado's dual-track system of public-trustee versus judicial foreclosures does not promote invidious discrimination; rather, it serves the legitimate purpose of providing a speedy and efficient resolution of possessory disputes between mortgagors and lenders.

---

[7] This safeguard is akin to Oregon's statutory prohibition of forcible evictions without a judicial determination that the tenant is not legally entitled to possession. *See Lindsey*, 405 U.S. at 72.

## CONCLUSION

For the foregoing reasons, the Colorado Attorney General respectfully requests that, after giving due consideration to the arguments and authority contained herein, as well as the legislative purposes for Colorado's public trustee foreclosure laws, this Court affirm the constitutionality of Colorado's foreclosure laws, as set forth in Rules 105 and 120 of the Colorado Rules of Civil Procedure and codified in Title 38, Article 38 of the Colorado Revised Statutes.

Respectfully submitted this 6th day of February, 2014.

JOHN W. SUTHERS
Attorney General


s/Kathryn A. Starnella
KATHRYN A. STARNELLA*
Assistant Attorney General
Public Officials Unit
State Services Section
Attorneys for Intervenor John W. Suthers, in his official capacity as Colorado Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: 720-508-6176
FAX: 720-508-6041
E-Mail: kathryn.starnella@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2014, I served a true and complete copy of the foregoing Intervenor Colorado Attorney General's Brief in Support of the Constitutionality of Colorado's Mortgage Foreclosure Laws upon the *pro se* plaintiffs via U.S. Mail and counsel of record for the defendant via CM/ECF, as listed below:

| Party | Counsel of Record | Mailing or Email Address | Service Method |
|---|---|---|---|
| Plaintiffs John M. Mbaku and Luvibidila Jolie Lumuenemo | *Pro Se* | 1177 South Alston Street Unit A Denver, CO 80247 | U.S. Mail |
| Defendant Bank of America, N.A. | Justin D. Balser Victoria E. Edwards Melissa L. Cizmorris | justin.balser@akerman.com victoria.edwards@akerman.com melissa.cizmorris@akerman.com | CM/ECF |

*s/ Debbie Bendell*