IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al*,

    Defendant.

**MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

Defendant Nationstar Mortgage, LLC ("Nationstar"), through its attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully submits its motion to dismiss the second amended complaint filed by plaintiff Martin T. Wirth[1] as follows:

## INTRODUCTION

Plaintiff is a mortgage borrower who seeks to overturn a now-completed foreclosure, contending the state court unconstitutionally applied Colorado's foreclosure statutes in authorizing the foreclosure. Plaintiff's claims fail for several reasons: (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) plaintiff has failed to state a claim under 42 USC § 1983 because Nationstar is not a "state actor" and the foreclosure was not a "state action," and (3) plaintiff has not pled a valid claim for violating his Due Process and Equal Protection rights.

## FACTS ALLEGED IN THE COMPLAINT

Plaintiff's amended complaint (the "Complaint," Doc.# 14), is largely devoid of factual allegations. Instead it contains primarily legal argument cut from various sources, including an *amici curiae* brief filed in an unrelated case. As best Nationstar can tell, the following are the only "facts" alleged in the Complaint:

---

[1] Undersigned counsel has conferred in good faith with plaintiff concerning his claims; however, pursuant to D.C.COLO.LCivR. 7.1(b)(2), Nationstar has not specifically conferred with plaintiff concerning the disputed matters herein prior to filing this motion.

1.      "The 11th Colorado District Court applied the Unconstitutional provisions of Colorado foreclosure statutes . . . to wrongfully deprive the plaintiff, Wirth, of his home and place of business in a Rule 120 hearing on the 2nd of December 2013 in case number 2013CV030104 [the "Rule 120 Proceeding"]. The plaintiff and his guests, who are being provided with necessary shelter, are now in imminent danger of being wrongfully deprived of home and property . . ." Complaint, ¶ 67.

2.      "In applying the Colorado foreclosure statues, the 11th Colorado District Court flatly refused to acknowledge the need for indorsements on the note that was used to go forward with the sale of plaintiff's real property. The note was written to one entity, Countrywide, and had not been transferred to any other entity. Another non-indorsed entity, Nationstar, initiated the foreclosure without proving to have any properly documented and proven interest in the property. Wirth, in the course of questioning Nationstar's representative, Rachel Hook, proved that Nationstar had no indorsement transferring the note to them. . . ." Complaint, ¶ 69.

## FACTS SUBJECT TO JUDICIAL NOTICE

Nationstar respectfully requests that the Court take judicial notice of the following facts in considering Nationstar's motion to dismiss pursuant to Rule 12(b):[2]

---

[2]     "When considering a Rule 12(b)(1) motion . . . the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment." Hoodenpyle v. Deutsche Nat. Bank Holding Trust, No. CIVA 08CV01031PABCBS, 2009 WL 564278 (D. Colo. 2009) (citing Holt v. United States, 46 F.3d 1000, 1003 (10th Cir.1995)). "Where a party challenges the facts upon which subject matter jurisdiction depends, a district court is not required to presume the truthfulness of the complaint's 'factual allegations ... [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Id.*

In evaluating a Rule 12(b)(6) motion to dismiss, the court may consider exhibits attached to the complaint, and documents or exhibits that are referenced in or central to the complaint. *See Indus. Constr. Corp. v. U.S. Bureau of Recl.*, 15 F.3d 963, 964-65 (10th Cir. 1994); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The defendant may also provide documents referenced in plaintiffs' complaint and central to plaintiff's claims without transforming a motion to dismiss into one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Additionally, the Court may take judicial notice of facts that are a matter of public record (like court orders and recorded documents) without converting a motion to dismiss into a summary judgment motion. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)); *see also* Fed. R. Evid. 201. Under Rule 201, the court can

3. In the Rule 120 Proceeding, Nationstar's attorneys filed a verified motion for order authorizing sale on July 26, 2013 (the "Motion for OAS"), attaching a copy of a promissory note (the "Note") now referenced in paragraph 69 of the Complaint, and the recorded deed of trust securing the same. *See* **Exhibit 1** attached hereto, the Motion for OAS and attachments, p. 18, 21. The Note contains a blank indorsement from the original lender Countrywide Home Loans, Inc. *See id.* at p. 19.

4. The Motion for OAS also attached a notice of hearing (the "Notice of Hearing"), *see* Ex. 1, p.14, and certificate of posting and mailing (the "Certificate of Mailing"), showing service on plaintiff by mail. *See* Ex. 1, pp. 8-9.

5. An affidavit of posting for notice of hearing (the "Affidavit of Posting," attached hereto as **Exhibit 2**) was filed with the Rule 120 Court on August 14, 2013, certifying that a copy of the Notice of Hearing was also provided directly to plaintiff..

6. The court in the Rule 120 Proceeding (the "Rule 120 Court") entered an order authorizing sale on December 3, 2013 (the "Order Authorizing Sale," attached hereto as **Exhibit 3)**.

7. A return of sale was filed in the Rule 120 Proceeding on January 16, 2014 (the "Return of Sale," attached hereto as **Exhibit 4**), stating that the property had been sold at public auction on December 18, 2013, to Nationstar.

8. An order approving sale was entered by the Rule 120 Court on January 22, 2014 (the "Order Approving Sale," attached hereto as **Exhibit 5**).

## LEGAL ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).

A threshold issue that must be decided before any other issues may be addressed is whether the Court has subject matter jurisdiction over plaintiff's claims.

---

also take judicial notice "of its own files and records, as well as facts which are a matter of public record." *Roueche v. US.,* No. 09-cv-00048-WDM-BNB, 2010 WL 3170758, at *3 (D. Colo. Aug. 10, 2010).

*See Driskell v. Thompson*, No. 12-CV-03107-REB-KLM, 2013 WL 4944187, *7 (D. Colo. 2013). In this case, the *Rooker-Feldman* doctrine precludes the Court from exercising subject matter over plaintiff's claims.

"The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments." *Grove v. Delaney*, No. 12-CV-01539-BNB, 2012 WL 3131829 (D. Colo. 2012) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). The doctrine "precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")).

*In Driskell*, 2013 WL 4944187 at *9, this Court held that the *Rooker-Feldman* doctrine precluded the Court's subject matter jurisdiction over review of a state court Rule 120 proceeding under nearly identical circumstances to those here. In that case, the Rule 120 court had entered an order authorizing sale before plaintiff's complaint, and the foreclosure then became final by the time the bank filed its motion to dismiss. *Id.* The Court confirmed that subject matter jurisdiction was precluded by *Rooker-Feldman* for two reasons: "first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for injunctive relief, *i.e.,* an order that would completely undo the foreclosure proceeding." *Id.* This Court concluded that it was "without jurisdiction to enter an injunction that would undue the

4

foreclosure sale." This Court further concluded that, to the extent the plaintiff was attempting "to state a claim alleging a violation of his due process rights pursuant to the Fifth and Fourteenth Amendments, such claim would challenge the judicial process engaged in by the state courts." Accordingly, this Court held that that "any such claim should be dismissed . . . because reviewing Plaintiff's due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the *Rooker-Feldman* doctrine." *Id.* (citing *Dillard v. Bank of New York*, 476 Fed. Appx. 690, 692 (10th Cir. 2012) (unpublished) *cert. denied*, 133 S. Ct. 445 (2012)).

Further, the *Rooker–Feldman* doctrine "bars not only cases seeking direct review of state court judgments; it also bars cases that are 'inextricably intertwined' with a prior state court judgment." *Grove,* 2012 WL 3131829 at *2 (citing *Feldman*, 460 U.S. at 482, n.16). "'To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks.'" *Id.* (quoting *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147–48 (10th Cir. 2004)). "'Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment.'" *Id.* (quoting *Crutchfield*, 389 F.3d. at 1148).

In *Grove,* 2012 WL 3131829 at *2, the plaintiff raised constitutional claims "premised on the legality of the state foreclosure proceeding," but the court found that these claims were inextricably intertwined with the state court order authorizing the foreclosure, suggesting that success on the claims would require the district court to review and reject state court's judgment. Accordingly, the court held that it lacked subject matter jurisdiction over the plaintiff's claims attacking the state foreclosure proceeding, pursuant to the *Rooker–Feldman* doctrine. *Id.*

Here, as in the foregoing cases, the Court is without subject matter jurisdiction over plaintiff's claims. The Rule 120 Court here entered its Order Authorizing Sale prior to the initiation of this lawsuit, and the foreclosure proceeding has now been fully concluded and closed. *See* Exs. 3, 4, & 5. Further, as in both *Driskell* and *Grove*, the purpose of and relief sought by plaintiff's Complaint is to undo the now completed foreclosure. In connection with all of plaintiff's claims, the Complaint specifically requests relief in the form of: (1) enjoining the (now completed) foreclosure sale, and (2) "[v]acat[ing] the judgment of the 11th District Court of Colorado case number 2013CV030104." *See* Complaint ¶¶ 72 & 73.[3] Accordingly, plaintiff's claims either seek direct review of the state court judgment or are "inextricably intertwined" with the state court order authorizing the foreclosure, in that they seek to disrupt or undo that state court judgment. *See Grove,* 2012 WL 3131829 at *2.

For the foregoing reasons, the *Rooker-Feldman* doctrine precludes the Court's subject matter jurisdiction over plaintiff's claims, and plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Even if the Court had subject matter jurisdiction, plaintiff's claims still fail under Rule 12(b)(6). A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to

---

[3] Plaintiff also appears to request that the Court enjoin any future forcible entry and detainer actions. To do so would necessarily require the Court to review and reject the state foreclosure sale, which is likewise barred by the *Rooker-Feldman* doctrine. *See Grove,* 2012 WL 3131829 at *2; *Driskell*, 2013 WL 4944187 at * 9. Additionally, plaintiff's request that the Court "repeal" various Colorado foreclosure and eviction statutes is also misplaced, as federal courts do not have the power to "repeal" a duly enacted statute of any legislative authority. *See* David L. Shapiro, State Courts and Federal Declaratory Judgments, 74 Nw. U. L. Rev. 759, 767 (1979). Plaintiff's remaining request to enjoin all future foreclosures and overturn already completed foreclosures since 2006 and/or require the state of Colorado to pay such mortgagors also runs afoul of the *Rooker-Feldman* doctrine, and is also improper because plaintiff lacks standing to represent the general public at large. *See, e.g., Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997).

6

the plaintiff." *See Hall v. Bellmon,* 935 F.2d 1106, 1009 (10th Cir. 1991). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)). As set forth below, the complaint fails to state a claim upon which relief may be granted, and thus plaintiff's claims should be dismissed.

### A. The Complaint Fails to State a Claim Under the Fourteenth Amendment or 42 U.S.C. § 1983 Because Nationstar is not a "State Actor" and its Foreclosure Was Not a "State Action.

Plaintiff's claims are premised on the assertion that Nationstar's foreclosure violated his Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution. *See, e.g.,* Complaint ¶ 13. However, "[a] violation of either the Fourteenth Amendment or § 1983 requires wrongs committed by a state actor." *Wasko v. Silverberg*, 103 Fed. Appx. 332, 334 (10th Cir. 2004) (unpublished); *accord Browns v. Mitchell*, 409 F.2d 593, 594 (10th Cir. 1969) ("It is clear, as it always has been since the Civil Rights Cases that 'Individual invasion of rights is not the subject-matter of the (Fourteenth) amendment,' and that private conduct abridging individual rights does no violence to the Equal Protection Clause (and likewise the Due Process Clause) unless to some significant extent the State in any of its manifestations has been found to have become involved in it.") (quoting *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961)). It is "axiomatic" that the "provisions of the Fourteenth Amendment proscribe state action only and do not reach acts of private persons unless they are acting 'under color of state law.'" *Browns*, 409 F.2d at 594 (citing *United States v. Guest*, 383 U.S. 745 (1966)); *see also, Watson v. City of Kan. City* 857 F.2d 690, 694 (10th Cir. 1988). An "act" is done "under the color of state law" only where it is done by a "state actor," not by a private individual. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 930, 937 (1982).

Here, plaintiff's claims fail because he had not alleged that Nationstar is a "state actor" or that its foreclosure action was an act done "under the color of state law." *See Schroder v. Volcker*, 646 F. Supp. 132, 135 (D. Colo. 1986), *aff'd* 864 F.2d 97 (10th Cir. 1988). In *Schroder,* the plaintiff farm property owners alleged their due process rights were violated under 42 U.S.C. § 1983 because defendant banks used Colorado's foreclosure laws to deprive them of their property. *Id.* The District Court dismissed plaintiffs claims finding that the plaintiffs "failed to allege that the defendants acted under color of state law as required by 42 U.S.C. § 1983." *Id.*

Nor would plaintiff's claims survive here, even if his Complaint had alleged Nationstar's foreclosure was done "under the color of state law."  First, in *Schroder*, the court held that in order to establish that a foreclosure constituted state action, plaintiff would have had to "allege that the defendants were state actors or that the foreclosure laws of the state of Colorado permitted state officials to sell the plaintiffs' property without first giving notice to the plaintiffs and the opportunity for the plaintiffs to contest the seizure and sale of their property."  *Id.* Plaintiff here has not alleged such facts. Nor would such allegations be plausible in this case, as even the limited facts contained in plaintiff's Complaint show: (1) that Nationstar is a private corporation, not a state actor, *see* Complaint ¶ 7, and (2) that the foreclosure was not done *ex parte* and that plaintiff was given notice and an opportunity to contest the sale of the property. *See* Complaint, ¶ 69; *see also* Ex. 1.

Second, it is well-settled that a private actor does not transform itself into a state actor by invoking the jurisdiction of a state court to resolve a legal dispute. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1249-50 (D. Kan. 1998) *aff'd,* 153 F.3d 726 (10th Cir. 1998). Lastly, courts in this Circuit have routinely held that the "[p]rivate use of statutory power of sale foreclosure procedures is not 'state action.'" *Pagel v. Bank United of Texas FSB*, 2:00CV776-C,

2001 WL 753799 (D. Utah 2001) adopted, 2:00-CV-776C, 2001 WL 710186 (D. Utah 2001); *Ramsey v. Citibank, N.A.*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918 (D. Colo. 2011) aff'd, 475 Fed. Appx. 711 (10th Cir. 2012) (unpublished); *accord Brunson v. Am. Home Mtg. Servicing*, Case No. 2:09-CV-436 TS, 2010 WL 1329711, at *3 (D. Utah Mar. 30, 2010) ("[A] private nonjudicial foreclosure sale does not constitute state action for purposes of the Utah or United States Constitution.").[4]  Accordingly, plaintiff's claims, all of which are based on alleged violations of his Fourteenth Amendment rights, should be dismissed under Rule 12(b)(6).

## B. Plaintiff Has Failed to Establish Due Process or Equal Protection Violation.

Plaintiff also fails to establish that he was denied due process under Rule 120 or that Colorado's foreclosure statutes facially operate to deny due process or equal protection.[5]

### 1. No Due Process Violation.

"[A]s a general rule, due process requires that a person be given notice and an opportunity for a hearing before being deprived of a property interest." *U.S. v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994). Here, the facts in the Complaint, and public records show that plaintiff was given both notice and an opportunity for a hearing prior to the Rule 120 Court entering its Order Authorizing

---

[4] The rulings in this Circuit are consistent with those in other circuits as well. *See, e.g., Bannister v. Coronado Fin., Inc.*, Case, No. CIV 07-620JB/CEG, 2008 WL 4104067, at *4 (D. N.M. Mar. 28, 2008); *see also, e.g., Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action."); *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) ("The fact that Louisiana permitted the foreclosure and subsequent sale of the Earnest land as the execution of a judgment obtained in the private adversary proceeding is not sufficient to raise the issue of state action."); *Roudybush v. Zabel*, 813 F.2d 173, 177 (8th Cir. 1987) ("State policy is not implicated when an injured party claims that a private party has violated a constitutional post-judgment procedural statute in the course of depriving the injured party of property."); *Kolb v. Naylor*, 658 F.Supp. 520, 524 (N.D.Iowa 1987) ("use of state law to foreclose is not sufficient to allege a claim under section 1983").

[5] Due to the page limitations in the Court's Practice Standards, Nationstar respectfully incorporates by reference the Notice of Activity in Related Case filed in this matter at Docket No. 36, and directs the Court's attention specifically to Exhibit A thereto, a intervener's brief in support of the constitutionality of Colorado's mortgage foreclosure laws recently filed by the Colorado Attorney General in a similar lawsuit, pp. 9-14.

Sale. *See* Complaint, ¶ 69; *see also, e.g.,* Ex. 1, p. 14 (the Notice of Hearing), p. 8-9 (the Certificate of Posting and Mailing of Notice), and Ex. 2, (the Affidavit of Posting for Notice of Hearing). In fact, plaintiff's Complaint acknowledges that plaintiff not only attended the Rule 120 hearing, but also cross-examined witnesses at the hearing.[6]  *See* Complaint, ¶ 69. Accordingly, plaintiff has failed to establish that the Rule 120 Court violated his Due Process rights. *See, e.g., Ramsey v. Citibank, N.A.*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918 (D. Colo. 2011) *aff'd*, 475 Fed. Appx. 711 (10th Cir. 2012) (unpublished).

Further, plaintiff cannot establish that Colorado's foreclosure statutes (and related eviction statute) facially operate to deny borrowers due process. "A plaintiff can only succeed on a facial challenge to a statute by 'establish[ing] that no set of circumstances exists under which the Act would be valid . . . , [meaning] that the law is unconstitutional in all of its applications.'" *Baker v. State*, No. 13-CV-01334-PAB-KLM, 2014 WL 624342 (D. Colo. 2014) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)). "When determining whether a law is facially invalid, courts must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases."  *Id.* (quoting *Wash. State Grange,* 552 U.S. at 450).

Here, plaintiff has not and cannot establish that there are no circumstances in which Colorado's foreclosure and eviction statutes would be valid. Indeed, these statutes have previously been held to provide borrowers with adequate due process by federal courts in this Circuit. *See, e.g., Ramsey,* 2011 WL 4485918 at *4 (cited in

---

[6] Plaintiff contends that the Rule 120 Court improperly presumed evidence of an indorsement on the Note that did not exist.  However, it appears he misapprehends the legal effect of a "blank" indorsement.  *See* Ex. 1, p. 19.  Under Colorado's foreclosure statutes and the U.C.C., a party is entitled to foreclose on a deed of trust where they are the holder of the corresponding promissory note indorsed in blank.  *See, e.g.,* C.R.S. § 4-3-301; *Smith v. Bank of N.Y. (In re Smith),* 366 B.R. 149, 152 (Bank. D. Colo. 2007).  ("Evidence that the Note itself has been indorsed in blank and that the Defendant is the holder of that Note is sufficient evidence of the Defendant's interest in the Deed of Trust.").

*Driskell*, 2013 WL 4944187 at * 14); *see also In re Roberts,* 367 B.R. 677, 687 (Bankr. D. Colo. 2007) (holding that Colorado's "state law foreclosure process afforded the Debtor with due process rights and notice of the pending sale"). Additionally, since 1976, the Colorado Supreme Court has interpreted and revised Rule 120 to ensure that borrowers are provided with sufficient notice and an opportunity to be heard. *Plymouth Capital Co., Inc. v. Dist. Ct. of Elbert County*, 955 P.2d 1014, 1017 (Colo. 1998) (providing a detailed history of Rule 120 and Colorado's foreclosure process); *see also Goodwin v. Dist. Ct. In and For Sixteenth Jud. Dist.*, 779 P.2d 837, 840 (Colo. 1989) (stating that "the scope of [Rule 120] has been extended by case law to provide due process protections with respect to the taking and public sale of a real property interest of a debtor under a deed of trust").

In order to protect borrowers' due process rights, the Colorado Supreme Court has held that a Rule 120 court must consider a borrowers' real party in interest, waiver, and estoppel defenses. S*ee Goodwin v. Dist. Ct. in and for the Sixteenth Judicial Dist.*, 779 P.2d 837, 840-44 (Colo. 1989). Moreover, once a mortgagor raises a real party in interest defense in the Rule 120 proceeding, the burden shifts to the foreclosing party "to show that he or she is indeed the real party in interest." *Id.* at 843. Plaintiff's suggestion that the Colorado foreclosure statutes and administrative components of the public trustee foreclosures violate due process is misplaced. The Colorado Supreme Court has made it clear that the documents tendered and accepted by the public trustee during the administrative portion of a public trustee foreclosure are subject to challenge during the Rule 120 hearing. *Id.*

Further, the fact that a borrower may need to file a collateral action in order to fully adjudicate his or her claims and defenses does not violate due process. *See Lindsey v. Normet*, 405 U.S. 56, 67 (1972); *Plymouth Capital Co*, 955 P.2d at 1017;

11

*Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 609 (1974); *Bianchi v. Morales*, 262 U.S. 170, 171 (1923); *Grant Timber and Mfg Co. v. Gray*, 236 U.S. 133, 134-35 (1915).

Plaintiff suggests that it would be unfair to require him to file an independent action in the same state district court as the Rule 120 hearing because that court would have already "presumed evidence" and ruled against the plaintiff. This assertion likewise fails to show any Due Process violation. There is no legal or factual support for this assertion. First, Colo. R. Civ. P. 120(d) provides "[t]he granting of any such motion [for order authorizing sale] shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party." Second, plaintiff has failed to set forth any plausible facts showing that the judge in the Rule 120 Proceeding here, or judges generally in all cases, would be partial against an unsuccessful Rule 120 defendant who files an independent state court action. *See Baker*, 2014 WL 624342 at *8. For these reasons, plaintiff has failed to state a claim for relief for violation of his Due Process rights.

### 2. No Equal Protection Violation.

Finally, plaintiff argues that Colorado homeowners are unequally protected under the law because there is a lower threshold of proof for foreclosing on real property as opposed to other types of secured collateral. Plaintiff provides no supporting factual allegations concerning this contention, let alone allegations that would plausibly show that if there was a distinction between one group of citizens over another, such classification is "wholly irrelevant to the achievement of the State's objective." *See Lindsey v. Normet*, 405 U.S. 56, 70 (1972); *McGowan v. Maryland*, 366 U.S. 420, 425 (1961).[7]

---

[7] "[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently from others." *McGowan,* 366 U.S. at 425. Different treatment "will offend the equal protection safeguard only if the classification rests on grounds wholly irrelevant to

Nor could plaintiff plausibly allege such facts, as the differences created Colorado's foreclosure scheme, including Rule 120 proceedings, were designed to achieve significant objectives of the State. *See Plymouth Capital Co., Inc. v. Dist. Ct. of Elbert County*, 955 P.2d 1014, 1015 (Colo. 1998) ("The hearing contemplated by Rule 120 operates as an integral part of our streamlined, non-judicial foreclosure system. Colorado's procedure for foreclosure by public trustee has been in force and effect since 1894 . . . Through creation of a public trustee's office, the General Assembly sought to ensure the protection of debtors while maintaining a speedy, efficient procedure for creditors . . . Hence, our statutes now strike a balance between efficiency and protection of debtors' rights, without the need for extensive judicial supervision.") (internal quotations omitted) ; *Dean v. JP Morgan Chase Bank Nat. Ass'n*, No. 10-CV-00539-PAB-MJW, 2011 WL 782727 (D. Colo. 2011) ("[F]oreclosure proceedings pursuant to Colorado Rule of Civil Procedure 120 . . . involve important state interests."). Accordingly, plaintiff fails to state a claim for relief under the Equal Protection clause of the Fourteenth Amendment.

## III.  THE COURT SHOULD DENY PLAINTIFF LEAVE TO FURTHER AMEND HIS COMPLAINT.

Plaintiff has recently filed another amended complaint in this matter (Doc.# 38). To date, such amended complaint has not been accepted by this Court. Because plaintiff has already amended his complaint more than once in this case, he may only amend his complaint "with the opposing party's written consent or the court's leave" Fed. R. Civ. P. 15(a)(2). Although leave shall be freely given where justice so requires,

---

the achievement of the State's objective, or if the objective itself is beyond the State's power to achieve." *Lindsey v. Normet*, 405 U.S. 56, 70 (1972) (internal quotation and citation omitted). "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan, 366 U.S. at 426. As to economic matters in particular, courts "owe an extraordinary deference to state objectives" and must "uphold any classification based 'upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy.'" *Dieffenbach v. Attorney General of Vermont*, 604 F.2d 187, 195 (2d Cir. 1979) (*quoting Allied Stores v. Bowers*, 358 U.S. 522, 530 (1959)).

a court may deny leave based . . . failure to cure deficiencies by amendments previously allowed, or futility of amendment," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). In determining whether amendment is futile, "the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6)." *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2002). Furthermore, "where a party knew or should have known of the facts justifying amendment when the original pleading was filed, such an amendment is futile and should be denied." *Frank*, 3 F.3d at 1365 (quoting *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185.[8]

Here, plaintiff has not filed a motion for leave to amend with the Court. Accordingly, there are no are facts before the Court supporting a contention that plaintiff did not know or did not have reason to know of the facts justifying amendment when his initial complaint or his prior amended complaints were filed. *See id.* Further, the proposed amendment is futile because it fails to cure the deficiencies of the prior version of the Complaint. Although it adds additional claims and factual allegations, each of the claims in the proposed third amended complaint, including the new claims, are subject to dismissal for the same reasons set forth in this Motion. Specifically, the *Rooker-Feldman* doctrine still applies because plaintiff still filed this lawsuit after the Order Authorizing Sale had entered, and plaintiff seeks to undo the judgment of the Rule 120 Court in connection with all of the claims in the proposed third amended complaint. Likewise, nothing in the proposed amended complaint establishes that Nationstar was a "state actor, and thus, plaintiff's claims (all of which are premised on violations of the Fourteenth Amendment/42 U.S.C. § 1983) fail as a matter of law. Finally, for the same reasons stated above with regard to the second amended

---

[8] These principles apply equally to *pro se* plaintiffs. *Rashad v. Doughty*, 4 Fed. Appx. 558, 561 (10th Cir. 2001) (unpublished).

Complaint, Colorado's foreclosure and eviction statutes do not violate plaintiff's Due Process or Equal Protection rights, either on their face or as applied to the facts of this case. Accordingly, amendment of plaintiff's Complaint would be futile, and Nationstar respectfully requests that the Court dismiss the current Complaint and deny plaintiff to leave to further amend his Complaint.

## **CONCLUSION**

For the reasons stated above, the Court lacks subject matter jurisdiction over plaintiff's claims in this case under the *Rooker-Feldman* doctrine, and his Complaint should therefore be dismissed pursuant to Rule 12(b)(1). Further, even if the Court could exercise subject matter jurisdiction, plaintiff's Complaint should still be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, because amendment of the Complaint would be futile, Nationstar respectfully requests that the Court deny plaintiff leave to further amend his Complaint.

WHEREFORE, Nationstar respectfully requests that this Court dismiss the Complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), deny plaintiff leave to further amend his complaint, award Nationstar its reasonable attorneys' fees in defending this action, and grant such other relief as the Court deems proper.

Dated this 25th day of February, 2014.

>Respectfully submitted,
>BLOOM MURR ACCOMAZZO & SILER, PC
>
>*s/ James P. Eckels*
>Jamie G. Siler, Colorado Bar No.: 31284
>James P. Eckels, Colorado Bar No.: 40858
>410 Seventeenth Street, Suite 2400
>Denver, Colorado 80202
>Telephone: (303) 534-2277
>jsiler@bmas.com
>jeckels@bmas.com
>*Attorneys for Nationstar Mortgage LLC*

15

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of February, 2014, the foregoing **MOTION TO DISMISS** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/James P. Eckels*
James P. Eckels