IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendants.

## DEFENDANTS THE CASTLE LAW GROUP, LLC AND LAWRENCE E. CASTLES' MOTION TO STRIKE FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) and FED. R. CIV. P. 15(a)

Defendants, The Castle Law Group, LLC and Lawrence E. Castle, individually and in his corporate capacity (collectively, the "CLG Defendants"), through their attorneys, The Castle Law Group, LLC, by Phillip A. Vaglica, of counsel and Christopher T. Groen, hereby submit their motion to strike the plaintiff's Fourth Amended Complaint filed on February 18, 2014 [Doc. 38].  In support of this motion, the CLG Defendants state as follows:

## I.  D.C.COLO.L.Civ.R. 7.1 CERTIFICATION

Undersigned counsel's staff has made multiple attempts to confer with the plaintiff regarding the relief requested.  Neither any of the multiple telephone calls placed to the plaintiff have been returned nor has plaintiff responded to an email communication sent to him.  As of the filing of this motion, the plaintiff has not responded to any of the attempts to contact him, and it is believed he would oppose the relief requested.

## II.  PROCEDURAL POSTURE

1.  On December 9, 2013, plaintiff filed his initial Complaint in this matter.

2.  Plaintiff subsequently filed a Second Amended Complaint on December 12, 2013 [Doc. 5], and a Third Amended Complaint on December 23, 2013 [Doc. 14].

3.  On January 29, 2014, the CLG Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint [Doc. 29].

4.  On February 18, 2014, plaintiff filed a Fourth Amended Complaint [Doc. 38].

## III.  ARGUMENT

Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion brought under Rule 12(f) is an appropriate vehicle to strike an unauthorized pleading. *Chipman v. White*, 2011 U.S. Dist. LEXIS 120307, 20-21 (D. Colo. Oct. 18, 2011).  Plaintiff's Fourth Amended Complaint should be stricken in whole because plaintiff did not seek permission from the defendants or leave from the Court.

Before trial, a party may amend its pleading once as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days

after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B) (discussing pleadings to which a responsive pleading is required); Fed. R. Civ. P. 12 (complaints require a responsive pleading). In all other cases, a party may amend a pleading only with the opposing party's written consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). While Rule 15(a) should be applied liberally, a plaintiff may amend **only once** as a matter of course. *Fluker v. Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 37701 (D. Colo. Apr. 21, 2009) (emphasis in original). There is no absolute right to repeatedly amend a complaint. *Id.*

In the instant case, plaintiff has filed a total of four (4) separate complaints. He did not confer with the CLG Defendants to obtain their written consent to his latest amendment, nor did he request leave of court to file his Fourth Amended Complaint. The CLG Defendants filed their Motion to Dismiss [Doc. 29] directed at the Third Amended Complaint on January 29, 2014. Rather than respond to the Motion to Dismiss (or to any of the other pending motions filed by other defendants directed at the Third Amended Complaint), plaintiff simply has attempted to moot the Motion to Dismiss by filing another complaint. While such a curative attempt is acceptable **once** within the timeframe reflected in Rule 15(a)(1)(b), the plaintiff cannot repeatedly and capriciously amend his pleading. While a *pro se* litigant's pleadings are to be construed liberally, courts "simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Accordingly, the Fourth Amended Complaint filed by plaintiff on February 18, 2014 should be stricken.

Even if plaintiff ultimately filed a procedurally proper motion to amend pursuant to Rule 15(a), the Court should deny plaintiff leave to amend based upon the content included within the Fourth Amended Complaint.  Leave to amend is properly denied "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  And, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  This is exactly what this plaintiff is doing in this case.

The amended portions of the Fourth Amended Complaint are comprised largely of repetitive, non-substantive information.[1]  For instance, plaintiff's amended pleading repeatedly requests that the Court "repeal" numerous Colorado statutory provisions applicable to foreclosures in Colorado.  Of course, the repeal of a state statute is accomplished through the state legislature, not the federal court system.  Other portions of the complaint simply echo plaintiff's claims previously included in the Third Amended Complaint, i.e. that defendant Nationstar was not entitled to foreclose, and that Colorado's foreclosure statutes are unconstitutional.  As the basis for his proposed third claim for relief, plaintiff has asserted that the statutory provision governing the release of

---

[1] The Fourth Amended Complaint, like plaintiff's prior pleadings, is an example of what has been termed as "puzzle pleading." *See In re Level 3 Communications, Inc. Securities Litigation*, 667 F.3d 1331, 1339 n.8 (10th Cir. 2012). Such pleading style is characterized by a lengthy complaint which has a tendency to "excerpt[] long passages including numerous statements and, to a large degree, leave[] the Court to the task of teasing out which specific statements are at issue." *Id*. (internal quotation marks omitted).

4

a deed of trust effects "the removal of people from their homes." *See* Doc. 38 ¶ 73. Plaintiff misunderstands the operation of the cited statute, C.R.S. § 38-39-102, as it has nothing to do with possessory interests of real property.

In his proposed fourth claim for relief, plaintiff alleged that the statutes which actually do have a bearing on possession to real property, C.R.S. § 13-40-101 *et. seq.*, somehow include criminal charges which can result in "armed invasions and prison." Again, plaintiff's interpretation of the statute is wrong.  Proceedings under Colorado's evictions statutes are civil, not criminal, actions.  The remainder of plaintiff's proposed amendments are equally frivolous, comprised of redundant, immaterial, and impertinent information and add nothing of substance to his previous groundless allegations against the CLG Defendants.  Moreover, it is readily apparent, given the multiple amended pleadings already filed in this case, that plaintiff has been given sufficient opportunity to plead his claims against the CLG Defendants in a procedurally appropriate manner. Despite this opportunity, he has repeatedly failed to adequately do so.  Based upon the aforementioned sampling, and the fruitless efforts already undertaken by plaintiff, it is obvious that granting leave to file yet another amended complaint would be futile.

WHEREFORE, the CLG Defendants request that the Court strike the plaintiff's Fourth Amended Complaint from the record, that they be awarded their attorneys' fees and costs incurred in connection with the instant motion, and for such other relief the Court deems just and proper.

Dated this 4th day of March, 2014.

THE CASTLE LAW GROUP, LLC

s/ *Phillip A. Vaglica*

5

Phillip A. Vaglica, of counsel
Christopher T. Groen
999 Eighteenth Street, Suite 2201
Denver, Colorado 80202
(303) 865-1661
Fax:  (303) 865-1410
vaglica@vaglica.com; pvaglica@cmsatty.com
cgroen@cmsatty.com

Attorneys for The Castle Law Group, LLC and
Lawrence E. Castle

### **CERTIFICATE OF SERVICE**

I certify that on March 4, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **James P. Eckels**
  jeckels@bmas.com,rwhitaker@bmas.com,raccomazzo@bmas.com,madams@bmas.com
- **Herbert C. Phillips**
  hcphillips@hphclaw.com,ama@hphclaw.com,mla@hphclaw.com,vam@hphclaw.com
- **Jamie Grant Siler**
  jsiler@bmas.com,rwhitaker@bmas.com,madams@bmas.com,jeckels@bmas.com
- **Kathryn Anne Teresa Starnella**
  kathryn.starnella@state.co.us,debbie.bendell@state.co.us
- **Martin Thomas Wirth**
  martin.wirth@specialtywrench.com

        THE CASTLE LAW GROUP, LLC

        s/ *Colette Poeppel*
        Colette Poeppel, paralegal

7