**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al*,

    Defendant.

**RESPONSE TO COMBINED EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant Nationstar Mortgage, LLC ("Nationstar"), through its attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully responds to the Combined Emergency Verified Motion for Temporary Restraining Order and Preliminary Injunction, and the "Information for Temporary Restraining Order" (together referred to herein as the "TRO Motion") filed by plaintiff Martin T. Wirth as follows:

**INTRODUCTION**

Plaintiff's TRO Motion seeks: (1) an order staying state court Rule 120 proceedings concerning the foreclosure of his property, and (2) an order enjoining the pubic trustee from selling his property. Both of these actions are already complete. The property has been foreclosed at a public trustee sale, and the Rule 120 proceeding is now completed. Thus, plaintiff's TRO Motion is moot. Additionally, even if the TRO Motion were not moot, it would still fail on substantive grounds because plaintiff has failed to establish the factors necessary for obtaining injunctive relief.

## **FACTUAL BACKGROUND**

1. Nationstar initiated foreclosure against plaintiff based on his default under a promissory note and mortgage held by Nationstar, resulting in a hearing under Colorado Rule of Civil Procedure 120 (the "Rule 120 Hearing) in Park County, Colorado District Court (the "Rule 120 Court"), Case No. 2013CV030104 (the "Rule 120 Proceeding"). *See* Plaintiff's Amended Complaint, ¶ 67; *see also* **Exhibit 1** attached hereto, Nationstar's verified motion for order authorizing sale filed with the Rule 120 Court on July 26, 2013 (the "Motion for OAS").

2. The Motion for OAS attached a copy of a promissory note (the "Note") referenced in paragraph 69 of the Amended Complaint, and the recorded deed of trust securing the same. *See* Ex. 1**,** p. 18, 21.

3. After a hearing in which plaintiff appeared and challenged the foreclosures, the Rule 120 Court entered an order authorizing the sale of the property on December 3, 2013 (the "Order Authorizing Sale," attached hereto as **Exhibit 2)**.

4. Plaintiff filed his original complaint in this matter on December 9, 2013 (Docket No. 1) and an amended complaint on December 12, 2013 (Docket No. 5).[1]

5. On December 12, 2013, plaintiff filed an *ex parte* "Combined Emergency Verified Motion for Temporary Restraining Order and Preliminary Injunction" requesting that the court enter a TRO or preliminary injunction staying the Rule 120 Proceeding.

6. On December 17, 2013, plaintiff filed an *ex parte* supplement to his TRO motion, entitled "Information for Temporary Restraining Order," requesting that the Court enjoin the public trustee from selling the property the following morning,

---

[1] Plaintiff filed a second amended complaint, but it was stricken by the Court because it was filed without the consent of the other parties in this case or leave from the Court.

December 18, 2014.  (Docket No. 12).  No injunction was entered and the sale proceeded.

7. The property was sold to Nationstar at the public trustee foreclosure sale on December 18, 2013 (the "Public Trustee Sale").  *See* **Exhibit 3** attached hereto, a copy of the return of sale that filed in the Rule 120 Proceeding on January 16, 2014 (the "Return of Sale").

8. An order approving the foreclosure sale was entered by the Rule 120 Court on January 22, 2014 (the "Order Approving Sale," attached hereto as **Exhibit 4**).

9. Nationstar filed a motion to dismiss the Amended Complaint on February 26, 2014 (the "Motion to Dismiss").  (Docket No. 39 & 40).

## **ARGUMENT**

In his December 12, 2014 "Combined Emergency Verified Motion for Temporary Restraining Order and Preliminary Injunction," plaintiff originally requested that the court enter a TRO or preliminary injunction staying the Rule 120 Proceeding.  At the time of his filing, the Rule 120 court had already entered its Order Authorizing Sale nine days earlier on December 3, 2014.  On the eve of the scheduled foreclosure sale, plaintiff filed an *ex parte* document entitled "Information for Temporary Restraining Order," requesting that the Court enjoin the public trustee from selling the property the following morning, December 18, 2014.  No injunction entered, and the property was sold on December 18, 2014.  Accordingly, plaintiff's TRO Motion is now moot, and should be denied.  Further, even if plaintiff's motion was not denied on mootness grounds, it should still be denied, because plaintiff has failed to establish the requisite factors for obtaining injunctive relief.

3

### A. Plaintiff's TRO Motion is Moot.

Before examining the merits of a plaintiff's request for a temporary restraining order, the court is first required to consider whether the plaintiff's motion is moot. *See Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.") (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—*i.e.*, where the controversy is no longer live and ongoing . . . a 'plaintiff cannot maintain a[n] . . . injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute as to other grounds as stated in Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)).

In *McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12-CV-02749-MSK, 2012 WL 4936484 (D. Colo. 2012), for example, the court found that the plaintiff borrower's request for a temporary restraining order enjoining the defendant bank's foreclosure was rendered moot because it appeared that the foreclosure sale had already occurred. *Accord Carroll v. Bank of Am., N.A.*, 1:12-CV-02506-RWS, 2013 WL 895596 (N.D. Ga. 2013) ("The Court cannot enjoin a foreclosure sale that has already occurred.") (citing *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 461–62 (11th Cir. 2010) ("[I]t

is clear that the claim for injunctive relief is now moot because the foreclosure sale has occurred. We therefore will ... dismiss this claim for want of subject matter jurisdiction because it is moot.")); *Gutierrez v. Ocwen Loan Servicing, LLC*, CVF09-163LJODLB, 2009 WL 426606 (E.D. Cal. 2009) ("[A]ny injunctive relief [Plaintiff] seeks related to the non-judicial foreclosure is moot. There remains no effective relief this Court can offer [Plaintiff] on these claims, as the Court cannot restrain or prevent an action that already occurred. Accordingly, [Plaintiff]'s injunctive relief claims related to the non-judicial foreclosure are dismissed as moot.") (citing *Dan Caputo Co. v. Russian River County Sanitation Dist.*, 749 F.2d 571 (9th Cir. 1984)).

Here, as explained above, plaintiff's requests that the Court enjoin the Rule 120 Proceeding and enjoin the public trustee's sale are moot, because (1) the Rule 120 Court had already entered its Order Authorizing Sale prior to plaintiff filing his TRO motion, *see* Ex. 2; (2) the Rule 120 Proceeding has now been completed and closed, *see* Ex. 4; and (3) the Public Trustee Sale of the property has already occurred, *see* Ex. 3. Accordingly, because there remains no effective relief this Court can offer plaintiff with regard to his requests to enjoin the foreclosure proceedings, plaintiff's request for injunctive relief should be denied as moot.

### B. Plaintiff Has Failed to Establish the Factors Necessary for Obtaining Injunctive Relief.

Additionally, even if plaintiff's TRO Motion were not denied on mootness grounds, plaintiff's motion is still subject to denial because plaintiff has failed to establish the factors required for obtaining such relief.

"A TRO "or preliminary injunction is extraordinary relief.'" *Allen v. Reynolds*, No. 09-CV-02605-CMA-MJW, 2011 WL 782688, *1 (D. Colo. 2011) *report and recommendation adopted*, 09-CV-02605-WJM-MJW, 2011 WL 781522 (D. Colo. 2011) (quoting *Statera, Inc. v. Henrickson*, 2009 WL 2169235, *1 (D.Colo. July 17, 2009)). "Injunctive relief should be granted only when the moving party clearly and unequivocally demonstrates its necessity." *Id.* (citing *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005)). In the Tenth Circuit, the party requesting injunctive relief must establish that:

> (1) the party will suffer imminent and irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Id.* "'In addition to the foregoing factors, a party seeking a [TRO] also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.'" *Id.* (quoting *Statera*, 2009 WL 2169235, *1).

Here, plaintiff has not and cannot establish that the foregoing factors, and thus his Motion should be denied. First, as explained in detail above, the Rule 120 Proceeding and the Public Trustee Sale plaintiff's TRO Motion seeks to enjoin have already occurred, so he cannot establish that he would suffer imminent and irreparable injury unless an injunction was issued, let alone do so clearly and unequivocally. Second, plaintiff's TRO Motion contains no factual allegations showing that whatever injury he would allegedly suffer would outweigh the damage the proposed injunction would cause to Nationstar.

6

Third, because (1) the Rule 120 Court had already entered its Order Authorizing Sale before plaintiff's complaint and TRO Motion were filed, (2) the foreclosure sale has already occurred, and (3) the Rule 120 Proceeding is now completed, the *Rooker-Feldman* doctrine applies (*see* Motion to Dismiss, which Nationstar respectfully incorporates as if fully stated herein, pp. 3-6).  Disturbing the completed foreclosure proceedings would be adverse to the public interests served by such doctrine.  *See Sherkat v. Johnson County Dist. Ct.*, 02-2399-JAR, 2002 WL 31059348 (D. Kan. 2002) ("[I]n addition to the statutory appellate-original jurisdiction dichotomy underlying the doctrine, courts have found other policies served by the *Rooker–Feldman* doctrine. It maintains respect for state courts, provides a measure of finality, and prevents multiple bites at the apple.").

Finally, plaintiff cannot establish a substantial likelihood of success on the merits. As explained in detail in Nationstar's Motion to Dismiss, incorporated herein, plaintiff's claims in this case fail as a matter of law for several reasons: (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, *see* Motion to Dismiss, pp. 3-6; (2) plaintiff has failed to state a claim under 42 USC § 1983 because Nationstar is not a "state actor" and the foreclosure was not a "state action," *see* Motion to Dismiss, pp. 7-9; and (3) plaintiff has not pled a valid claim for violating his Due Process and Equal Protection rights, *see* Motion to Dismiss, pp. 9-13.  Because plaintiff has not established the requisite factors for obtaining injunctive relief, his TRO Motion should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's TRO Motion is moot and fails to substantively establish a right to injunctive relief, and thus should be denied.

Dated this 10th day of March, 2014.

*Original signature on file at the law firm of:*
BLOOM MURR ACCOMAZZO & SILER, PC

*s/James P. Eckels*
Jamie G. Siler, #31284
James P. Eckels, #40858
410 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 534-2277
Fax: (303) 534-1313
jsiler@bmas.com
jeckels@bmas.com
*Attorneys for Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of March, 2014, the foregoing **RESPONSE TO COMBINED EMERGENCY VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was electronically filed and served via the CM/ECF system and electronic mail upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/ Mark S. Adams*
Mark S. Adams, paralegal