IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03309-REB-KLM

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

## STATE DEFENDANTS' JOINDER IN NATIONSTAR'S RESPONSE TO PLAINTIFF'S COMBINED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome (the "State Defendants"), who have been sued in their official capacities, join Defendant Nationstar's Response to Plaintiff Martin Thomas Wirth's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 7).

## BACKGROUND

This action arises from a public trustee foreclosure proceeding that was conducted, pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38,

Article 38 of the Colorado Revised Statutes, in Park County District Court with Defendant Judge Groome as the presiding judge. *See Nationstar Mortgage LLC v. Wirth*, Case No. 2013cv30104 (Park County District Court). The underlying foreclosure proceedings commenced on July 26, 2013, and concluded on December 3, 2013, with Judge Groome's finding that a reasonable probability of default exists and order authorizing the property's sale by public auction. On December 18, 2013, the property was sold at public auction, and on January 22, 2014, an Order Approving Sale was issued. *See* Return of Sale dated January 16, 2014, Case No. 13cv30104 (Park County); Order: Order Approving Sale[1]; *see also* Docs. ## 45-3 and 45-4, Exs. 3 and 4 to Nationstar's Response to Plaintiff's Motion.

*Pro se* Plaintiff Martin Thomas Wirth initiated this action on December 9, 2013, over four months after the underlying foreclosure proceedings commenced. *See* Complaint, Doc. # 1. Three days later, Mr. Wirth filed a Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for Injunctive Relief"), Doc. # 7, to enjoin the state court foreclosure proceedings. In the Motion, Mr. Wirth asks the Court to enjoin the underlying, completed Rule 120 foreclosure proceeding. (Doc. # 7 at 4.) In support, Mr. Wirth baldly contends that he "has a

---

[1] Courts may "take judicial notice of judicial proceedings in other courts if they have a direct relation to the matters at issue." *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009) (internal quotation marks and modification omitted); *Williams v. Slater*, 317 F. App'x 723, 725 n.2 (10th Cir. 2008) (stating, "federal courts, in appropriate circumstances, may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation and citation omitted).

2

likelihood of success on the merits" and that an injunction "will maintain the status quo" and place the parties on "equal footing." *Id.*

Mr. Wirth's Motion to enjoin the underlying foreclosure proceedings, including the sale of his property by public auction, however, is moot. At the time Mr. Wirth filed his Motion for Injunctive Relief, Judge Groome had already issued his December 3, 2013 order authorizing the property's sale at public auction and, six days after the Motion's filing, the property was sold at public auction. Even if the Motion was not moot, Mr. Wirth fails to satisfy any of the factors for preliminary injunctive relief. Accordingly, for the reasons discussed below, Mr. Wirth's Motion should be denied.

## STANDARD OF REVIEW

"The function of a preliminary injunction is to preserve the status quo pending a final determination of the rights of the parties." *Lundgrin v. Claytor*, 619 F.2d 61 (10th Cir. 1980). In order to obtain a preliminary injunction, a movant must establish the following four elements: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Id.* at 63.

Pursuant to Fed. R. Civ. P. 65(b), a temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to the applicant."

**ARGUMENT**

**I.     Mr. Wirth's Motion is moot.**

The State Defendants incorporate by reference and join the mootness arguments contained in Nationstar's Response to Mr. Wirth's Motion.  *See* Doc. # 45 at 4-7.

Because the underlying Rule 120 proceedings have concluded and Mr. Wirth's property has been sold at public auction, the requested relief can no longer be granted and, therefore, the motion should be denied on mootness grounds.

**II.    Mr. Wirth fails to establish a substantial likelihood of success on the merits.**

As set forth in the State Defendants' pending Motion for a More Definite Statement, Doc. # 31, Mr. Wirth's allegations of harm and claims for relief lack any meaningful factual support.  To the extent that Mr. Wirth asserts due process and equal protection claims, Mr. Wirth fails to articulate whether he asserts facial or as-applied constitutional challenges, or both.

"A facial challenge to a legislative act is . . . the most difficult challenge to mount successfully, since the challenge must establish that no set of circumstances exists under which the [legislation] would be valid."  *Romer v. Evans*, 517 U.S. 620, 643 (1996) (Scalia, J., dissenting) (citation omitted); *see also Washington v. Glucksberg*, 521 U.S. 702, 740 n.7 (1997) (stating that "the invalid applications of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.") (Stevens, J., concurring) (internal quotation marks and citation omitted); *United States v. Salerno*, 481 U.S. 739, 745 (1987) (concluding that a challenged law was not

4

"wholly invalid" merely because it "might operate unconstitutionally under some conceivable set of circumstances."). Moreover, state laws are generally presumed to be valid. *See Parham v. Hughes*, 441 U.S. 347, 351 (1979).

### A.  Equal Protection claim.

With respect to facial attacks on equal protection grounds, if a statute is not invidiously discriminatory, "it is entitled to a presumption of validity and will be upheld unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational." *Id.* at 351-52 (internal quotations omitted). To the extent that Mr. Wirth has lodged a facial equal protection challenge, the Complaint is bereft of any allegations that the Colorado legislature implemented the public trustee and judicial foreclosure schemes for invidious or malevolent purposes.

The Equal Protection Clause is violated where the government treats someone differently from another person who is similarly situated, without adequate justification for the difference in treatment. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). In the instant case, Mr. Wirth has failed to articulate the basis of any as-applied equal protection claim: he has failed to identify a similarly-situated person or group of people whom the government treated differently without adequate justification. Similarly, Mr. Wirth has failed to articulate the differential treatment.

### B.     Due Process claim.

To state an actionable due process claim, a plaintiff must allege that the available government process is insufficient to properly protect his ownership rights. *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 856 (10th Cir. 1993). At a minimum, due process requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id*. "Absent specific statutory language to the contrary, courts generally infer that a hearing includes the right to present evidence, cross-examine adverse witnesses and contest adverse findings." *Jones v. Wildgen*, 320 F. Supp. 2d 1116, 1128 (D. Kan. 2004). "The deprivation of due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures." *Winters*, 4 F.3d at 856.

To the extent that Mr. Wirth has lodged a facial due process challenge to the state's public trustee foreclosure proceedings, the Complaint is bereft of any specific, non-conclusory allegations concerning the inadequacy of those proceedings. Moreover, Mr. Wirth's sparse allegations regarding the underlying foreclosure proceedings suggest that he was afforded adequate due process and, thus, any facial challenge would fail. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 457 (2008) (concluding that a facial challenge failed because some constitutional applications of the challenged law existed) (citing *Schall v. Martin*, 467 U.S. 253, 264 (1984)). For example, although Mr. Wirth broadly states that Colorado's foreclosure laws are "patently unconstitutional" and "substitut[e] presumptions in lieu of evidence," *see* Doc. # 14 at 15, he acknowledges that he appeared at a hearing, challenged evidence

6

concerning the foreclosing entity's real party in interest status, and cross-examined an adverse witness.  *See id.* at ¶ 28.  Mr. Wirth also acknowledges his ability to seek further relief in a collateral action.  *See id.* at 36.  Although Mr. Wirth speculates and summarily concludes that a collateral action "is extremely unlikely to provide any protection," he fails to articulate whether and to what extent he attempted to seek further relief via a collateral action and the outcome of those efforts.

## CONCLUSION

For the foregoing reasons, the State Defendants, Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome, respectfully request that Plaintiff Wirth's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction be denied.  In sum, the Motion is moot.  Alternatively, Mr. Wirth fails to demonstrate a substantial likelihood of success on his claims.

Respectfully submitted this 10th day of March, 2014.

JOHN W. SUTHERS
Attorney General

s/Kathryn A. Starnella
KATHRYN A. STARNELLA*
Assistant Attorney General
Public Officials Unit
State Services Section
Attorneys for Governor John Hickenlooper,
   Attorney General John Suthers, and Judge
   Stephen A. Groome

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor

7

>Denver, Colorado  80203
>Telephone:  720-508-6176
>FAX:  720-508-6041
>E-Mail:  kathryn.starnella@state.co.us
>*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2014, I served a true and complete copy of the foregoing State Defendants' Joinder in Nationstar's Response to Plaintiff's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction upon the *pro se* plaintiff via U.S. Mail and counsel of record for the defendants via CM/ECF, as listed below:

| Party | Counsel of Record | Mailing or Email Address | Service Method |
|---|---|---|---|
| Plaintiff Martin Thomas Wirth | *Pro Se* | Martin Thomas Wirth<br>36 Iris Drive<br>Bailey, Colorado 80421 | U.S. Mail |
| Defendant Vicki Armstrong | Herbert C. Phillips | hcphillips@hphclaw.com | CM/ECF |
| Defendant Nationstar Mortgage LLC | James P. Eckels<br>Jamie Grant Siler | jeckels@bmas.com<br>jsiler@bmas.com | CM/ECF |
| Defendant The Castle Law Group LLC | Phillip A. Vaglica<br>Christopher T. Groen | pvaglica@cmsatty.com<br>cgroen@cmsatty.com | CM/ECF |
| Defendant Lawrence E. Castle in his corporate and individual capacities | Phillip A. Vaglica<br>Christopher T. Groen | pvaglica@cmsatty.com<br>cgroen@cmsatty.com | CM/ECF |

>*s/ Kathryn Starnella*