## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendants.

## DEFENDANTS LAWRENCE E. CASTLE AND THE CASTLE LAW GROUP, LLC'S RESPONSE TO COMBINED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants Lawrence E. Castle ("Castle") and The Castle Law Group, LLC ("CLG") (collectively, the "CLG Defendants"), by and through Phillip A. Vaglica, of counsel, and Christopher T. Groen, submit their response to the plaintiff's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Combined Motion") [Doc. 7] as follows:

I.  **INTRODUCTION**

A movant seeking a temporary restraining order or preliminary injunction must establish: (i) a likelihood of success on the merits; (ii) an imminent irreparable injury, (iii) the balance of equities tipping in favor of the movant; and (iv) that the requested relief is not adverse to the public interest. *Goldenhersh v. Aurora Loan Services, LLC,* 2010 U.S. Dist. LEXIS 92841, 2010 WL 3245166 (D. Colo. 2010) (slip op.).  The plaintiff cannot establish even one (1) of the four (4) aforementioned elements necessary for a grant of injunctive relief.  Moreover, the injunctive relief request and the CLG Defendants inclusion in this case is simply a continuation of the plaintiff's harassment[1] of the CLG Defendants and others stemming from a personal frustration over his failure to fulfill the contractual obligations of his mortgage loan.

II.  **ARGUMENT**

It should be initially noted that the foreclosure sale that the plaintiff seeks to enjoin occurred almost three (3) months ago on December 18, 2013.  On January 22, 2014, the Park County (Colorado) District Court issued an Order Approving Sale (Exhibit B) confirming that the foreclosure sale was conducted in accordance with C.R.S. § 38-38-100.3 *et. seq*. and C.R.C.P. 120.  Accordingly, the plaintiff's injunctive relief request is now moot.  To the extent that any controversy remains, or that the

---

[1] The plaintiff is a member of various "foreclosure resistance" groups. Attached as <u>Exhibit A</u> is a recent Facebook post where prison bars have been imposed in front of a Denver Post picture of Castle.  The plaintiff indicates, in a posting dated February 20, 2014, that Castle should be imprisoned, apparently because he exercised his rights as a Colorado citizen and participated in the legislative process.  The plaintiff's actions are outside of the scope of the litigation privilege, at least in the circumstances presented by this case.

2

plaintiff requests injunctive relief targeted at eviction proceedings, the injunctive relief should not be granted as detailed below.

### A. Likelihood of Success on the Merits.

The primary argument in the Third Amended Complaint and Combined Motion is that proceedings under C.R.C.P. 120 violate the plaintiff's right to due process. The plaintiff's allegations are not unique; the constitutionality of Colorado's foreclosure statutes and rules is the argument du jour for borrowers lacking any valid defense to foreclosure. Both for the plaintiff and others who assert such an argument, it is well-established that Colorado's foreclosure process is constitutional and non-violative of due process guarantees. The Colorado Attorney General has taken a position which affirms this fact in papers recently filed in related litigation. [Doc. 36]. As such, the plaintiff cannot demonstrate a likelihood of success on the merits of his case.

In *Ramsey v. Citibank,* 2011 U.S. Dist. LEXIS 110957 (D. Colo. 2011)*,* the court observed that "property" and "interests in property" are creatures of state law, and that "the propriety of determining whether a foreclosure is appropriate is a matter of state law, not federal law." *Id*. at *6. Further, the court found that the pleaded due process claim regarding Colorado's foreclosure statutes should be dismissed. The court based its decision upon the following facts: the plaintiffs received actual and timely notice of the Rule 120 proceedings; they were afforded an opportunity to be heard; and the plaintiffs were actively involved in the Rule 120 proceeding. The court noted that "Rule 120 specifically provides that granting a motion for sale does not prejudice the right of any person aggrieved by that order from "seek[ing] injunctive or other relief in any court

of competent jurisdiction". *Id*. at *11.  The court concluded that "Plaintiffs cannot plausibly argue that the Rule 120 proceeding compromised or infringed upon their due process rights." *Id*.

In *Ramsey,* Judge Daniel reviewed *Lindsey v. Normet*, 405 U.S. 56 (1972) and observed that "…like Rule 120 of the Colorado Rules of Civil Procedure, the Oregon statute at issue in *Lindsey* did not prevent the evicted tenant from bringing his own action…or seeking affirmative relief in a subsequent lawsuit.  *Lindsey* held it is permissible to segregate an action for possession of property from other actions arising out of the same factual situation, and rejected a similar due process challenge."

Specifically, in *Lindsey, supra* at 405 U.S. 65, the Supreme Court held that Oregon's expedited FED hearing process and limitations on issues and defenses were constitutional in the face of challenge under 42 U.S.C. § 1983.  The Court found that the Oregon statute did not deny due process of law by restricting the issues in FED actions to whether the tenant had paid rent and honored the covenants he had assumed.  On point with Colorado Rule 120, the Oregon tenant was not foreclosed from instituting his own action against the landlord and litigating his right to damages or other relief in that action.  The Court held that while "due process requires that there be an opportunity to present every available defense," citing *American Surety Co*. v. *Baldwin*, 287 U.S. 156, 168 (1932), there were available state court procedures to litigate any claims against the landlord cognizable in Oregon.

In researching that decision, the *Lindsey* Court favorably cited *Bianchi v. Morales,* 262 U.S. 170 (1923) (Holmes, J.).  In that case, the Supreme Court considered

4

Puerto Rico's mortgage law which provided for summary foreclosure of a mortgage without allowing any defense except payment.  The *Bianchi* Court concluded that it was permissible under the Due Process Clause to "…exclude all claims of ultimate right from possessory actions, (*Bianchi id.,* at 171), and to allow other equitable defenses to be set up in a separate action to annul the mortgage."

As regards federal jurisdiction over such available state court actions, Judge Arguello, in a similar case brought in this district, adopted Magistrate Judge Mix's conclusion that "…[t]o the extent that Plaintiff is claiming that the state court erred by permitting these Defendants to proceed with the foreclosure process, 'the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property.'" *Yokomizo v. Deutsche Bank Sec., Inc.*, 2011 U.S. Dist. LEXIS 78966, *5 (D. Colo. July 20, 2011) (citing *Beeler Props. LLC v. Lowe Enterprises Residential Investors, LLC,* 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)).

Finally, the plaintiff cannot make a clear showing that the CLG Defendants are state actors acting under color of state law.  Once again, *Ramsey* is instructive.  In *Ramsey,* the plaintiffs argued that Colorado's FED statute, C.R.S. § 13-40-101 *et seq*., was unconstitutional.  Magistrate Judge Shaffer's analysis found no support in the law for such claims.  The *Ramsey* court found that a "…plaintiff does not satisfy the 'state action' element of a § 1983 action by alleging the deprivation of property through unlawful or malicious conduct committed by a private actor." *Id.* at *13.  The court also determined that to the extent Plaintiffs "contest the legal merits of Defendants' eviction

5

efforts, that challenge will not suffice to transform [the Defendants] into agents of the state." *Id.* at \*14. In the same manner that the CLG Defendants do not become state actors by seeking to foreclose their respective clients' security interests in real property through the state public trustee, "a private party does not become a state actor simply by seeking relief through state judicial proceedings." The *Ramsey* court concluded that "…relief under § 1983 cannot be premised solely on an argument that a private actor misused available state procedures, particularly in the absence of overt and significant assistance from state officials…." *Id.*

Similarly, the Tenth Circuit has held that a private party does not become a state actor simply by seeking relief through state judicial proceedings. *Cf. Scott v. Hern*, 216 F.3d 897, 906-07 (10th Cir. 2000) (private individual does not engage in state action simply by availing itself of a state procedure). "It is well-established that mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983." *Hoai v. Vo*, 935 F.2d 308, 313, 290 U.S. App. D.C. 142 (D.C. Cir. 1991).

In *Barnard v. Young,* 720 F. 2d 1188, 1189 (10th Cir. 1983), the appeals court analyzed plaintiff's argument that by employing the *subpoena duces tecum* power of the State of Oklahoma, an attorney acted under color of state law. In refusing to adopt that rationale, the court relied on *Gilmore v. Salt Lake Community Action Program*, 710 F. 2d 632, 637 (10th Cir. 1983) and concluded that "…private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983. Use of the court device of a *subpoena duces tecum* is no more joint action

between the private attorney and the court than was the allegedly improper taking of a deposition." Instructively, the court held that "[a]n attorney does not become a state actor merely by employing state authorized…power." *Id*.  The same result should obtain in the instant case.

### B. Imminent, Irreparable Injury

As regards whether the plaintiff can establish this element factually, since the foreclosure sale occurred on December 18, 2014, the foreclosure has already occurred and, obviously, is neither imminent nor threatened.  Additionally, the plaintiff cannot demonstrate any injury.  By the plaintiff's own admission in his Combined Motion, the Park County (Colorado) District Court held a contested hearing at which the plaintiff was present, and was permitted to present any valid defenses which he felt that he had to Defendant Nationstar's foreclosure.  After hearing the plaintiff's concerns, an order authorizing the foreclosure sale of the plaintiff's real property was entered by District Judge Stephen A. Groome who found that: 1) Defendant Nationstar was the real party in interest to foreclose; 2) the plaintiff was in monetary default on the loan in question; and 3) that the provisions of the Servicemember's Civil Relief Act did not apply to the plaintiff.  Plainly, the plaintiff breached the terms of his contract, and foreclosure is one of the remedies authorized under his security agreement

Finally, It is well-established that irreparable injury is established "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v.*

7

*Echostar Satellite Corp.,* 269 F. 3d 1149, 1156 (10th Cir. 2001). Real property is routinely and easily valued, and the loss of it is quantifiable as money damages.

### C. Balance of the Equities.

As to this element, the plaintiff pledged the subject real property as security for a loan; he breached the terms of the loan by not paying for approximately fifteen (15) months; and, objectively, he should lose the security which was pledged. Of course, as reflected above, the foreclosure sale occurred on December 18, 2013 and cannot be enjoined.

Even if an injunction were considered with regard to the secured party's efforts to take possession of the subject property, the balance of the equities tips in favor of the denial of injunctive relief. After the foreclosure sale, Defendant Nationstar conveyed the property to Defendant Federal National Mortgage Association ("FNMA"). Defendant FNMA, as owner of the subject property, is entitled to possession of the same. Enjoining Defendant FNMA's efforts to take possession of the property would result in a financial hardship to Defendant FNMA because it would be: prevented from taking possession of the property pursuant to its ownership interest; forced to incur more attorneys' fees and costs defending itself while continuing to pay taxes/insurance for the property; and be forced to sit idly by while the plaintiff continues to delay. These consequences could also chill Defendant FNMA's ability or willingness to back mortgages given by lenders in this country, backing which has historically raised levels of home ownership and the availability of affordable housing. Also, incurring these unnecessary costs could be indirectly passed along to the public in the form of higher

loan interest rates while the plaintiff continues to enjoy possession and reside in the property without paying. Obviously, the equities do not favor the plaintiff in this case.

**D. The Public Interest**.

The sole benefactor of an injunction would be the plaintiff through his continued wrongful possession of the property without making payments toward his former loan, or paying property insurance, taxes, etc.  An injunction, and the continued prolonging of this case, only serves to burden each of the defendants through incurring additional time, effort, and expense which then ultimately increases the costs of the services offered by each of the defendants.  Likewise, the public interest is not served through this Court's expenditure of its resources by considering the merits or lack of merits presented by the plaintiff's attempts to thwart either the lawful foreclosure of a security interest or subsequent eviction by the current owner of the subject property.  An injunction would disserve the public interest in that the plaintiff's behavior would serve as a blueprint for others who are in default as to how to misuse the judicial system to their own ends.  Rote, copycat court filings have become standard operating procedure among persons such as the plaintiff who are attempting to stave off lawful foreclosures through the assertion of meritless claims.  The constitutional due process claims asserted in this case are simply evidence of this fact.  Such a result does not serve the public as a whole since the Constitution cannot be trivialized.

WHEREFORE, the CLG Defendants request that the plaintiff's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction be denied and further that the Castle Defendants be awarded their costs incurred in

connection with the Petition, to include attorney fees, as the Combined Motion is frivolous and groundless.

Dated this 10th day of March, 2014.

        THE CASTLE LAW GROUP, LLC

        s/ *Phillip A. Vaglica*
        Phillip A. Vaglica, of counsel
        Christopher T. Groen
        999 Eighteenth Street, Suite 2201
        Denver, Colorado 80202
        (303) 865-1661
        Fax:  (303) 865-1410
        vaglica@vaglica.com; pvaglica@cmsatty.com
        cgroen@cmsatty.com

## CERTIFICATE OF SERVICE

  I certify that on March 10, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **James P. Eckels**
  jeckels@bmas.com,rwhitaker@bmas.com,raccomazzo@bmas.com,madams@bmas.com
- **Herbert C. Phillips**
  hcphillips@hphclaw.com,ama@hphclaw.com,mla@hphclaw.com,vam@hphclaw.com
- **Jamie Grant Siler**
  jsiler@bmas.com,rwhitaker@bmas.com,madams@bmas.com,jeckels@bmas.com
- **Kathryn Anne Teresa Starnella**
  kathryn.starnella@state.co.us,debbie.bendell@state.co.us
- **Martin Thomas Wirth**
  martin.wirth@specialtywrench.com

        THE CASTLE LAW GROUP, LLC

        s/ *Colette Poeppel*
        Colette Poeppel, paralegal

11