IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

## STATE DEFENDANTS' AND PUBLIC TRUSTEE'S UNOPPOSED MOTION TO CONTINUE THE APRIL 2, 2014 SCHEDULING CONFERENCE AND RELATED DEADLINES

    State Defendants Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome, and Public Trustee Defendant Vicki Armstrong, through undersigned counsel, respectfully submit the following Motion to Continue the April 2, 2014 Scheduling Conference and Related Deadlines, in light of the various Defendants' pending motions to dismiss and motion for a more definite statement (Docs. ## 29, 31, and 39). For the sake of just, speedy, and efficient litigation, Defendants need clarification and certainty regarding the operative claims so that they can best prepare their defenses and participate in discovery.

Pursuant to D.C.Colo.LCivR 7.1(A), undersigned attorneys have conferred with *pro se* Plaintiff Martin Wirth and attorneys for Defendants Nationstar Mortgage, LLC, Lawrence E. Castle, and The Castle Law Group, LLC.[1]  This motion is unopposed.

## BACKGROUND

This action arises from a public trustee foreclosure proceeding that was conducted, pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38, Article 38 of the Colorado Revised Statutes, in Park County District Court with Defendant Judge Groome as the presiding judge.  *See Nationstar Mortgage LLC v. Wirth*, Case No. 2013cv30104 (Park County District Court).

*Pro se* Plaintiff Martin Thomas Wirth initiated this action on December 9, 2013, over four months after the underlying foreclosure proceedings commenced.  *See* Complaint, Doc. # 1.  On December 23, 2013, pursuant to a court order,[2] Mr. Wirth filed a Second Amended Complaint (Complaint), which contained virtually the same allegations as the original complaint, but added two more defendants, Mary Hager and the Federal National Mortgage Association (Fannie Mae).  *See* Doc. # 14.

On January 29, 2014, the Castle Defendants, The Castle Law Group, LLC and Lawrence Castle, filed a motion to dismiss pursuant to Rules 8(a) and 12(b)(6) on

---

[1] The undersigned attorneys have not conferred with named defendants Mary Hager and Federal National Mortgage Association (Fannie Mae), who do not appear to have been served and have not entered an appearance.

[2] On December 10, 2013, the Court ordered Mr. Wirth to cure certain deficiencies in the complaint, namely to use the correct *pro se* complaint form, ensure that the names in the caption match the names in the complaint's text, and provide the defendants' addresses.  (Doc. # 4.)

grounds that: (1) the complaint lacks plausible facts in support of the asserted claims for relief against the Castle Defendants; (2) the complaint consists of 41 pages of disjointed citations to various legal authorities but fails to allude to, or mention, either of the Castle Defendants; and (3) the Castle Defendants are forced to guess what allegations have been lodged against them.  (Doc. # 29.)

On January 31, 2014, the State Defendants, Governor Hickenlooper, Attorney General Suthers, and Judge Groome, filed a motion for a more definite statement on grounds that: (1) the Complaint failed to articulate which defendant did what to Mr. Wirth and when and, without more definite allegations, the State Defendants are prejudiced in their ability to defend against Mr. Wirth's claims; (2) to the extent that Mr. Wirth asserts due process and equal protection claims, he fails to articulate whether he asserts facial or as-applied constitutional challenges, or both; and (3) the Complaint is replete with a hodgepodge of legal argument, statutory recitations, and case summaries – all of which appear to have been lifted wholesale from some other source(s) and none of which are directly linked or otherwise applied to the underlying foreclosure proceeding.  (Doc. # 31.)  On February 3, 2014, Public Trustee Armstrong joined the State Defendants' motion.  (Doc. # 34.)

On February 25, 2014, Defendant Nationstar filed a motion to dismiss on grounds that: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) Mr. Wirth has failed to state a claim under 42 U.S.C. § 1983 because Nationstar is not a "state actor" and the foreclosure was not a "state action"; and (3) Mr.

Wirth has not pled a valid claim for violating his Due Process and Equal Protection rights.  (Doc. # 39.)

Pursuant to the Court's January 13, 2014 Order, this matter is set for a discovery scheduling and planning conference on April 2, 2014, at 9:30 a.m., and the parties' proposed scheduling order and initial disclosures are due on March 26, 2014.  (Doc. # 19 at 1-3.)  However, Defendants' motions to dismiss and motion for a more definite statement remain pending and are not yet fully briefed.

## ARGUMENT

### The chronic deficiencies and lack of clarity in Mr. Wirth's complaint warrant a continuance until Defendants' pending motions are resolved.

Pursuant to Fed. R. Civ. P. 1, courts should construe and administer the Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding."  When considering whether to stay proceedings, courts consider the following five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest ("*String Cheese* factors").  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006) (unpublished).  For the reasons discussed below, a continuance of the April 2, 2014 scheduling conference and related deadlines would promote the just, speedy, and inexpensive resolution of this dispute, and satisfy the *String Cheese* factors.

### A. A brief delay would not prejudice Mr. Wirth's interests.

A brief continuance of the April 2, 2014 scheduling conference and related deadlines will not prejudice Mr. Wirth, who seeks declaratory and injunctive relief. To the extent that Mr. Wirth seeks an injunction to suspend the underlying foreclosure proceedings and prevent the public trustee from selling the property, the underlying proceedings and public trustee auction are complete. (*See* Doc. # 49.)

### B. A brief delay would minimize the burden on Defendants.

A complaint serves two purposes: (1) to give opposing parties' fair notice of the claims against them so that they may respond; and (2) to allow the court to determine whether the plaintiffs are entitled to relief, if the claims are proven. *FD Trust v. Kareus*, No. 12-cv-03041, 2013 U.S. Dist. LEXIS 11802, at *3 (D. Colo. Jan. 29, 2013) (Tafoya, Mag.) (unpublished). For those purposes, Rule 8(a) requires complaints to contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. Further, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a); *see also Kareus*, 2013 U.S. Dist. LEXIS 11802, at *4-5 (granting motion for a more definite statement where the complaint failed to describe any specific actions taken by either of the defendants). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (stating, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . undifferentiated contention that 'defendants' infringed his rights" will not suffice).

As explicitly or impliedly set forth in the pending motions to dismiss and for a more definite statement, the Complaint's lack of clarity and specificity renders Defendants unable to develop an adequate and sufficient defense to the asserted claims.  Additionally, because the Complaint fails to provide fair notice of the asserted claims, Defendants are unable to comply adequately and meaningfully with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) and to discern the scope of discovery needed to defend against Mr. Wirth's claims.  Finally, without a continuance, the Defendants may be forced to participate in costly and time-intensive discovery on claims that are facially deficient and without any basis to proceed.  Thus, without a continuance, Defendants would be prejudiced in their ability to defend against Mr. Wirth's claims and participate in reasonable discovery.  *See United States v. West*, 828 F.2d 1468, 1471 (10th Cir. 1987) (noting the importance of a court's consideration of the defendant's need for a continuance and the prejudice resulting from denial)

### C.  A brief delay would help the Court streamline the proceedings.

A brief delay promotes judicial efficiency and, thus, convenience, because it would allow for more streamlined proceedings.  Clarification of Mr. Wirth's allegations and resolution of his facially deficient claims for relief will better enable the Court and

the parties to determine the reasonable scope and parameters of discovery and prevent discovery from becoming an unwieldy and costly endeavor.

### D. The remaining *String Cheese* factors do not weigh against a brief continuance.

The remaining *String Cheese* factors (*i.e.*, the interests of persons not parties to the civil litigation and the public interest) do not weigh against a brief continuance. Rather, a brief continuance would serve the public interest and the interest of any third parties by promoting just, efficient proceedings.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Joint Motion to Continue the April 2, 2014 Scheduling Conference and Related Deadlines (*i.e.*, mandatory disclosures and proposed scheduling order submission) be granted. In sum, a continuance will allow for clarification of the asserted claims and factual allegations against Defendants, enable Defendants to adequately respond to and defend against the claims, allow the parties to better identify the scope of necessary discovery, and thus, promote this dispute's speedy, efficient, and just resolution.

Respectfully submitted this 13th day of March, 2014.

                          JOHN W. SUTHERS
                          Attorney General


                          s/Kathryn A. Starnella
                          KATHRYN A. STARNELLA*
                          Assistant Attorney General
                          Public Officials Unit
                          State Services Section

Attorneys for Defendants Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado  80203
Telephone:  720-508-6176
FAX:  720-508-6041
E-Mail:  kathryn.starnella@state.co.us
*Counsel of Record

HAYES, PHILLIPS, HOFFMANN & CARBERRY, P.C.
Attorney General


s/Herbert C. Phillips
HERBERT C. PHILLIPS*
Attorneys for Defendant Vicki Armstrong

Hayes, Phillips, Hoffmann, & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, Colorado 80440
Telephone:  719-836-9010
FAX:  719-836-9010
E-Mail:  hcphillips@hphclaw.com
*Counsel of Record

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2014, I served a true and complete copy of the foregoing State Defendants' and Public Trustee's Motion to Continue the April 2, 2014 Scheduling Conference and Related Deadlines upon the *pro se* plaintiff via U.S. Mail (with e-mailed courtesy copy) and counsel of record for the defendants via CM/ECF, as listed below:

| Party | Counsel of Record | Mailing or Email Address | Service Method |
|---|---|---|---|
| Plaintiff Martin Thomas Wirth | *Pro Se* | Martin Thomas Wirth<br>36 Iris Drive<br>Bailey, Colorado 80421 | U.S. Mail e-mail (courtesy copy) |
| Defendant Vicki Armstrong | Herbert C. Phillips | hcphillips@hphclaw.com | CM/ECF |
| Defendant Nationstar Mortgage LLC | James P. Eckels<br>Jamie Grant Siler | jeckels@bmas.com<br>jsiler@bmas.com | CM/ECF |
| Defendant The Castle Law Group LLC | Phillip A. Vaglica<br>Christopher T. Groen | pvaglica@cmsatty.com<br>cgroen@cmsatty.com | CM/ECF |
| Defendant Lawrence E. Castle in his corporate and individual capacities | Phillip A. Vaglica<br>Christopher T. Groen | pvaglica@cmsatty.com<br>cgroen@cmsatty.com | CM/ECF |

*s/ Kathryn Starnella*