IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

**ORDER**

This matter is before the Court on the "State Defendants' and Public Trusee's Unopposed Motion to Continue the April 2, 2014 Scheduling Conference and Related Deadlines" (Doc. No. 50, filed March 13, 2014). The State Defendants, Governor John Hickenlooper, Attorney General John Suthers, and Judge Stephen A. Groome, and Public Trustee Defendant Vicki Armstrong, ask the Court to continue the Scheduling Conference and related deadlines pending ruling on the pending Motion to Dismiss (Doc. Nos. 29, 31, and 39), which are currently referred to the undersigned for Recommendation.

Plaintiff initiated this lawsuit on December 9, 2013.  (Doc. No. 1.)  Plaintiff filed an amended complaint on December 23, 2014, seeking injunctive and declaratory relief regarding a public trustee foreclosure proceeding conducted pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38, Article 38 of the Colorado Revised Statutes.  (*See* Doc. No. 14.)  The motions to dismiss assert several defenses under Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6), and 12(e).  The motion is not opposed.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District.") (citation omitted).  *See also Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation

omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2–5 (D.D.C. 2001) (same).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiff or Defendants, as all parties agree to the imposition of the stay. Moreover, to the extent that Plaintiff seeks an injunction to

suspend the underlying foreclosure proceedings and prevent the public trustee from selling the property, the underlying proceedings and public trustee auction are complete.  (See Doc. No. 49.) Finally, as to the State Defendants and the Public Trustee, if the case proceeded before ruling on the motion for more definite statement has been ruled on, the defendants may be burdened by participating in costly and time-intensive discovery on claims that may be facially deficient.  The Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed, especially when the issue of subject matter jurisdiction has been raised.  *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, the Court finds there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of the motions to dismiss is appropriate.  Accordingly, it is

ORDERED that the "State Defendants' and Public Trusee's Unopposed Motion to Continue the April 2, 2014 Scheduling Conference and Related Deadlines" (Doc. No. 50) is GRANTED.  This matter is STAYED pending ruling on the motions to dismiss.  The Scheduling Conference set for April 2, 2014 is VACATED.  The parties shall file a status report within ten days of ruling on the motions to dismiss to advise whether the Scheduling Conference should be reset.

Dated this 14th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge