IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **13-CV-03309-REB-KMT**

    MARTIN THOMAS WIRTH, Plaintiff,

v.

    JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado,
    STEPHEN A. GROOME, In his Official Capacity as 11th District Court Judge,
    MICHELLE MILLER, In her Official Capacity as Public Trustee of Park County,
    NATIONSTAR MORTGAGE, LLC,
    LAWRENCE E. CASTLE, In his Corporate and Individual Capacities,
    CYNTHIA LOWERY-GRABER, In her Corporate and Individual Capacities,
    THE CASTLE LAW GROUP, LLC,
    MARY HAGER, Individually,
    FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),
    Defendants.

## SECOND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FED.RULE.CIV.PROC. 15(a)(1)(B), 15(a)(2)

### BACKGROUND

1. The present case was filed as soon as possible on December 9th, 2013. The filing was seven days after the Rule 120 hearing on December 2nd, 2013 and six days after Order Authorizing Sale [Defendant's Exhibit #39-3]. Despite being served notice of pending litigation in this Court, the Park County Public Trustee posted a sale of Plaintiff's property to be scheduled on December 18th, 2013

[Defendant's Exhibit #39-4]. As of December 18th, 2013 and into the first week of year 2014, the sale was marked "Pending" on the Public Trustee's web page. On January 8, 2014, the Public Trustee posted a Confirmation Deed [Plaintiff's Exhibit B] citing Nationstar as both grantor and grantee. Despite being served notice of pending litigation in this Court, Judge Stephen A. Groome granted an Order Approving Sale.

2. On January 29, 2014, Defendant, Castle Law Group, LLC (CLG), sought to dismiss the Second Amended Complaint [#29]. On January 31, 2014, the State Defendants filed a Motion for a More Definite Statement. On February 3, 2014, Defendant, Vicki Armstrong, Public Trustee of Park County also filed a Motion for a More Definite Statement.

3. Pursuant to Fed.Rule.Civ.P. 15(A)(1)"*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:"(B)"if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.", the Plaintiff filed an Amended Complaint [#38] on February 18, 2014.

4. The Amended Complaint [#38] was stricken on March 5, 2014 and the Plaintiff was ordered to file this Motion for Leave to amend the complaint with an attached amended complaint.

## CONFERENCE WITH DEFENDANTS

5. Having confered with the Defendants, Plaintiff agrees to dismiss Vicki Armstrong as a defendant in this matter. Vicki Armstrong is subordinate to Park County Public Trustee, Michelle Miller. Therefore, Michelle Miller has been substituted to account for relevant actions of the Park County Public Trustee.

6. John Suthers is the State Attorney General. The Plaintiff recognizes that the Attorney General may represent the State and has been served notice of this Complaint. Plaintiff agrees that John Suthers is not directly involved in Plaintiff's defense of his home. Therefore, Plaintiff agrees to dismiss John Suthers as a defendant in this matter.

7. Defendants related to the Castle Law Group, LLC (CLG) have argued that the Complaint contains deficiencies. Upon further consideration, Plaintiff agrees that the Complaint was deficient in not naming the specific actor within CLG as a defendant. Cynthia Lowery-Graber provided more recent evidence showing that Nationstar Mortgage, LLC was not the real party in interest at the Rule 120 hearing by causing another Demand for Possession in the name of Federal National Mortgage Association to be delivered to the Plaintiff [Exhibit G] on March 31, 2014. Therefore, Cynthia Lowery-Graber has been added as a Defendant.

**REGARDING PRE-RESPONSE MOTIONS [#29, #31, #34, #44]**

8. Motions were filed regarding the prior amended complaints. These included a Motion to Dismiss for Failure to State a Claim [#29], Motions for a More Definite Statement [#31, #34], a Motion to Dismiss [#39], and a Motion to Strike [#44] which was granted against the Fourth Amended Complaint [#38].

9. While the original Complaint [#1] contained facts, cited defendants' acts, and contained claims upon which relief may be granted, the attached Amended Complaint and its Claims for Relief and Supporting Factual Allegations apply more recently disclosed facts. The pre-response motions [#29, #31, and #34] are mooted by this Amended Complaint and the evidence attached thereto. The new

   evidence in Exhibits C, D, and G was voluntarily provided by the defendants themselves after the original Complaint [#1] was filed.

10. The pre-response Motion to Dismiss [#39] was filed by Nationstar after the stricken Amended Complaint [#38]. Some of the arguments in the motion [#39] may be pertinent to the attached Amended Complaint and are hereby addressed.

11. Nationstar seeks to invoke the Rooker-Feldman Doctrine to deny jurisdiction to the Court. This doctrine refers to Rooker et al. v. Fidelity Trust Co. et al., 263 U.S. 413 (44 S.Ct. 149, 68 L.Ed. 362) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) hereinafter cited as Rooker and Feldman respectively.

12. Plaintiff has respectfully requested the Court to repeal specific Colorado Statutes in the complaint because they: 1. Deprive Colorado homeowning defendants Equal Protection and Due Process under the 5th and 14th Amendments, 2. Violate fundamental rules of evidence by shifting a burden onto the homeowning defendant to prove that non-existent evidence does not exist, 3. Create a nexus of state and private corporate power per CRS §38-38-100.3(20) that grants the power of "state action within the meaning of the 14th Amendment" to deprive homeowning defendants any semblance of Equal Protection vis a vis the private entities thus empowered, and 4. Criminalize homeowning defendants via C.R.S. §13-40-104(1).

Nixon v. Condon - 286 U.S. 73 (1932)

13. Nationstar's Motion to Dismiss the Second Amended Complaint [#39] may be reckoned as having some validity if and only if this Amended Complaint is miscontrued and decomposed in such a way as to ignore the gravamen of the Complaint.

## FACTS SUBJECT TO JUDICIAL NOTICE

14. In Rooker, the plaintiff sought to "have a judgment of a circuit court in Indiana, which was affirmed by the Supreme Court of the state, declared null and void, and to obtain other relief dependent on that outcome." The case originated when Rooker "brought a suit in a state court in Indiana against the trustee charging that it had violated and repudiated the trust, demanding damages and an accounting, and praying that the trustee be removed and a receiver appointed to administer the trust. "

15. Rooker is irrelevant to the present case. Rooker was a State court plaintiff in Indiana state courts and had failed to carry the burden of proof in the state courts. Rooker then took a complaint that had failed in the state courts to a United States Court. The Plaintiff, Wirth, was a State defendant in the Colorado courts, not a State plaintiff.

16. Wirth is directly challenging the Constitutionality and validity of pertinent Colorado Statutes that deprived him of his rights as a defendant in State courts whereas in Rooker, "It is conceded that there was no effort to question the validity of any treaty or law of, or authority exercised under, the United States."

Rooker et al. v. Fidelity Trust Co. et al., 263 U.S. 413 (44 S.Ct. 149, 68 L.Ed. 362)

17. In Feldman, the plaintiff, Feldman, was denied admission by the Committee on Admissions of the District of Columbia Bar, so he sought a waiver of the D.C. rule, sending a letter to the D.C. Court of Appeals that suggested that their absolute prohibition of lawyers who had not attended certain ABA-accredited law schools was a violation of the Sherman Antitrust Act, and of the Fourteenth Amendment.

18. Feldman is irrelevant to the present case and bears no significant resemblance to Wirth. Wirth is required to practice law pro se due to the fact that he cannot afford to hire an attorney and this is where the resemblance ends. Unlike Feldman, Wirth is not appealing any decision refusing admission to the Bar, Wirth is not appealing any judicial decision by a State Court of Appeals or State Supreme Court, and Wirth is not asking the Court to evaluate facts through the prism of existing Colorado Statutes. The present case is not a facial challenge but a direct and detailed challenge to the Constitutionality and logical validity of the pertinent Colorado Statutes.

19. In the present case, the Request to Vacate the judgement in Colorado Case No. 13CV30104 logically emerges from the Constitutional challenge. Pursuant to Fed.Rule.Civ.Proc. 5.1(2), notice has been duly served on the Governor and state Attorney General and they were served [#15].

20. In 2005 the Supreme Court revisited the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 hereinafter referred to as Exxon. The Court affirmed that the Rooker-Feldman doctrine was statutory (based on the certiorari jurisdiction statute, 28 U.S.C. § 1257), and not Constitutional, holding that it applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

21. Exxon is irrelevant to the present case. The plaintiff, Wirth, did not enter into any joint venture, contract, or agreement with any of the Defendants. Wirth is not appealing any judicial decision by a State Court of Appeals or State Supreme Court. No party to the dispute in Exxon was at risk of: 1. being deprived of any primary residence or place of business, or 2. being criminalized based on their

continuing occupation of their primary residence or place of business.

C.R.S. §13-40-104(1) per the Fourth Claim [Amended Complaint ¶¶78-81].

22. The present case was assembled and filed as soon as possible on December 9th, 2013. The filing was seven days after the Rule 120 hearing on December 2nd, 2013 and six days after the Order Authorizing Sale [Defendant's Exhibit #39-3]. Despite being served notice of pending litigation in this Court, the Park County Public Trustee [Amended Complaint ¶¶5,6] posted a sale of Wirth's property to be scheduled on December 18th, 2013 [Defendant's Exhibit #39-4]. As of December 18th, 2013 and into the first week of year 2014, the sale was marked "Pending" on the Public Trustee's web page. On January 8, 2014, the Public Trustee posted a Confirmation Deed [Plaintiff's Exhibit B #38-2] citing Nationstar [Amended Complaint ¶7] as both grantor and grantee. Despite being served notice of pending litigation in this Court, Judge Stephen A. Groome [Amended Complaint ¶4] granted an Order Approving Sale.

23. The Court clearly has, under 28 USC § 1343(a), "original jurisdiction of any civil action authorized by law to be commenced by any person:" (3) "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

## IRRELEVANT CITATIONS IN THE MOTION TO DISMISS [#39]

24. The citation in the Defendant's Motion to Dismiss [#39 p.4], Grove v. Delaney No. 12-CV-01539-BNB, 2012 WL 3131829 (D. Colo. 2012) is irrelevant. Grove complained of brutal treatment during a forced eviction. No mention is made of

any particular Constitutional deficiencies in the statutes leading up to the forced eviction of Grove. Grove filed a complaint with the Court and then abandoned any further efforts to prosecute the case leaving dismissal of the case to occur as a matter of course.

25. Defendant's Motion to Dismiss [#39 pp. 7-9] apparently wants to avoid the fact that the Amended Complaint clearly shows how C.R.S. §38-38-100.3(20) explicitly lists the state actors that may proceed under C.R.S. §38-39-102(3)(a)(1) to order a Public Trustee to release any Deed of Trust without producing original evidence of debt. [Amended Complaint ¶¶52-54, Third Claim ¶¶71-77]. For purposes of the Colorado Statutes under C.R.S. §38-38-100.3(20), Nationstar is either (i) "An entity created or sponsored by the federal or state government that originates, insures, guarantees, or purchases loans or a person acting on behalf of such an entity to enforce an evidence of debt or the deed of trust securing an evidence of debt; or" (j) "Any entity listed in paragraphs (a) to (i) of this subsection (20) acting in the capacity of agent, nominee except as otherwise specified in subsection (10) of this section, or trustee for another person."

26. Nationstar argues [#39 pp.9-12] that the Plaintiff has shown no Due Process violation. Defendant uses three pages to irrelevantly cite procedures that the Plaintiff's Complaint does not question. Constitutionally deficient procedures devolve from CRS §38-38-101(6) as cited in the Plaintiff's Statement of Facts and First Claim [Amended Complaint ¶¶17-19, 21, 69] where the Plaintiff clearly states that the statute "forces the defendant to prove that nonexistent evidence does not exist", a logically impossible burden.

27. Nationstar argues in the Motion to Dismiss [#39 pp.12-13] that the Plaintiff has shown no Equal Protection violation. As described in the Plaintiff's First, Second, and Third Claims [Amended Complaint ¶¶60-77], unlike others bringing lawsuits

under Colorado statutes, foreclosing entities are not required to prove that they are the real party in interest, foreclosing entities exploit a statutory framework that forces presumptions to be admitted in lieu of evidence, and they are treated as state actors allowed to proceed without the ordinary burdens of proof required from other plaintiffs seeking relief in Colorado state courts and without any judicial restraints. These are clear violations of the Equal Protection and Due Process Clauses of the 14th Amendment.

28. The long established system of dual federal and state jurisdiction does not divest federal courts of jurisdiction on the basis that a case could have been presented in a state court. 28 USC § 1343(a)(3), ¶20 supra, clearly gives the Court original jurisdiction to redress the Complaint brought by the Plaintiff in this case.

## THE COMPLAINT IS AMENDED WITH NEW EVIDENCE VOLUNTARILY DISCLOSED BY THE DEFENDANTS

29. Plaintiff's Exhibits C, D, and G provide evidence that the Defendant, Nationstar, was not the Real Party in Interest. While this evidence alleviates the illogical negative burden of proof foisted on the Plaintiff in the Rule 120 hearing, it was presented after both adjudication of the Rule 120 hearing and the filing of the Complaint and its prior Amendments [#1, #5, #14]. Nationstar's argument that the Amended Complaint should be dismissed [#39] "where a party knew or should have known of the facts justifying amendment when the original pleading was filed" [#39 p.14] is patently illogical in light of the fact that the evidence was either not yet in existence or was hidden from the Plaintiff until it was more recently disclosed. In Lomas v. Red Storm Entertainment, No. 5:01-CV-237-BO(2) (E.D.N.C. 2001) the United States Court of Appeals for the 4th Circuit concluded, "the parties should be accorded an opportunity to conduct any relevant discovery,

and they should be permitted to present to the court any materials pertinent to the issue."

30. Fed.Rule.Civ.Proc. 15(a)(2) states, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

31. The present Complaint is also amended pursuant to Fed.Rule.Civ.Proc. 15(a), "Amendments Before Trial", which states, (1) "*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:" (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

## CONCLUSION

32. Considering that the Plaintiff was asserting rights as a State defendant and continues to assert those rights as a Plaintiff in this Court, the Rooker-Feldman Doctrine is not applicable to this case. The Court has subject matter jurisdiction. The Complaint is not futile as it calls for an answer to a Constitutional question regarding State laws conflicting with the rights of State defendants. As such the Court is a proper venue for consideration of these Constitutional questions.

33. Prior pre-response motions are moot. The Motion to Dismiss [#39] tendered by Nationstar clearly argues with Claims in the Complaint. These arguments themselves demonstrate that the Complaint certainly contains claims upon which relief may be granted.

34. In the interest of justice, pertinent evidence voluntarily provided to the Plaintiff by a Defendant may not be ignored. The Complaint is properly amended to bring

this evidence into consideration.

Respectfully submitted this 2nd day of April 2014.

                        MARTIN THOMAS WIRTH

                        Plaintiff pro se

                        <u>s/Martin Thomas Wirth</u>

                        Email: martin.wirth@specialtywrench.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2nd, 2014, I served a true and complete copy of the foregoing Motion for Leave To File Amended Complaint Pursuant To Fed.Rule.Civ.Proc. 15(A)(1)(B), 15(A)(2) upon each Defendants or counsel of record via CM/ECF, as listed below:

| Party | Counsel of Record | Service Method |
| --- | --- | --- |
| John Hickenlooper<br>Stephen A. Groome | Kathryn A. Starnella<br><kathryn.starnella@state.co.us> | CM/ECF |
| Michelle Miller | Lee Phillips<br><hcp@hphclaw.com> | CM/ECF |
| Nationstar Mortgage, LLC | Jamie G. Siler<br><jsiler@bmas.com><br>James P. Eckels<br><jeckels@bmas.com> | CM/ECF |
| Lawrence E. Castle<br>The Castle Law Group, LLC | Christopher T. Groen<br><cgroen@cmsatty.com> | CM/ECF |
| Cynthia Lowery-Graber | Pending notice of appearance<br>or Christopher T. Groen<br><cgroen@cmsatty.com> | US Marshal<br>or<br>CM/ECF |
| Mary Hager | Pending notice of appearance<br><mhager@ix.netcom.com> | US Marshal |
| FNMA | Pending notice of appearance | US Marshal |

s/ Martin Thomas Wirth