# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

     Plaintiff,

v.

JOHN HICKENLOOPER, *et al*,

     Defendant.

---

## RESPONSE TO SECOND MOTION FOR LEAVE TO FILE (FOURTH) AMENDED COMPLAINT PURSUANT TO F.R.C.P. 15(A)(1)(B), 15(A)(2)

---

     Defendant Nationstar Mortgage, LLC ("Nationstar"), through its attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully responds to the Second Motion for Leave to File (Fourth) Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(b) & 15(a)(2), filed by plaintiff Martin T. Wirth ("Mr. Wirth"), as follows:

## INTRODUCTION

     The proposed fourth amended complaint attached to Mr. Wirth's second motion for leave to amend is now the fifth version of the complaint Mr. Wirth has sought to file in this case. Nationstar previously moved to dismiss the operative amended complaint and requested that Mr. Wirth be denied leave to further amend his complaint. Mr. Wirth did not file a timely response to Nationstar's motion. Instead, Mr. Wirth now seeks to address Nationstar's and other defendants' arguments for dismissal by further amendment of his complaint. Such amendment, however, would be futile for the reasons discussed below. Thus, plaintiff's motion to amend should be denied and this case should be dismissed.

## PROCEDURAL BACKGROUND

1.      Nationstar initiated foreclosure against Mr. Wirth based on his default under a promissory note and mortgage held by Nationstar, resulting in a hearing under Colorado Rule of Civil Procedure 120 (the "Rule 120 Hearing) in Park County, Colorado District Court (the "Rule 120 Court"), Case No. 2013CV030104 (the "Rule 120 Proceeding").    *See* First Amended Complaint, ¶ 67; Proposed Fourth Amended Complaint, ¶ 66; *see also* Doc.# 39-1 & 45-1 (the verified motion for order authorizing sale filed with the Rule 120 Court on July 26, 2013(the "Motion for OAS")).

2.      The Motion for OAS attached a copy of a promissory note (the "Note") referenced in paragraph 69 of the Amended Complaint, and the recorded deed of trust securing the same.  (*See* Doc.# 39-1 & 45-1, pp. 18, 21.)

3.      After a hearing in which Mr. Wirth appeared and challenged the foreclosure, the Rule 120 Court entered an order authorizing the sale of the property on December 3, 2013 (the "Order Authorizing Sale") (Doc.# 39-3 & 45-2).

4.      Mr. Wirth filed his original complaint in this matter on December 9, 2013 (Doc.# 1) and an amended complaint on December 12, 2013 (Doc.# 5), which was accepted by the Court on December 23, 2013 (Doc.# 14) (the "Amended Complaint").

5.      On December 12, 2013, Mr. Wirth filed an *ex parte* "Combined Emergency Verified Motion for Temporary Restraining Order and Preliminary Injunction" requesting that the court enter a TRO or preliminary injunction staying the Rule 120 Proceeding (Doc.# 7).

6.      On December 17, 2013, Mr. Wirth filed an *ex parte* supplement to his

Motion, requesting that the Court enjoin the public trustee from selling the property the following morning, December 18, 2014 (Doc.# 12.). No injunction was entered and the sale proceeded.[1]

7.     The property was sold to Nationstar at the public trustee foreclosure sale on December 18, 2013 (the "Public Trustee Sale"). (*See* Doc.# 39-4 & 45-3, a copy of the return of sale that filed in the Rule 120 Proceeding on January 16, 2014 (the "Return of Sale")).

8.     An order approving the foreclosure sale was entered by the Rule 120 Court on January 22, 2014 (the "Order Approving Sale") (Doc.# 39-5 & 45-4).

9.     Defendant Castle Law Group, LLC ("CLG") moved to dismiss the Amended Complaint on January 29, 2014, pursuant to Rule 12(b)(6). (Doc.# 29.)

10.     Plaintiff attempted to file a second amended complaint on February 18, 2014 (Doc.# 38), but it was stricken by the Court on March 5, 2014, because it was filed without the consent of the other parties in this case or leave from the Court (Doc.# 44.).

11.     Nationstar filed a motion to dismiss the Amended Complaint, and served it on Mr. Wirth, on February 25, 2014 (the "MTD," Doc.# 39). In addition to moving for the dismissal of Mr. Wirth's Amended Complaint, Nationstar's MTD also requested that the Court deny Mr. Wirth leave to further amend his complaint on the basis of futility (*See* Doc.# 39, pp. 13-15).

---

[1] On March 4, 2014, the Court ordered Nationstar and the other defendants in this case to respond to Mr. Wirth's TRO Motion. (Docket No. 41). After defendants' responses were filed, the Court denied the TRO Motion as moot on March 11, 2014, because the actions from which Mr. Wirth was seeking relief—the Rule 120 Hearing and the Public Trustee Sale—had already been completed. (Docket No. 49).

12.    On March 14, 2014, the Court stayed this matter pending a ruling on CLG's and Nationstar's respective motions to dismiss (Doc.# 52.).

13.    Pursuant to Local Rule 7.1(d), Mr. Wirth's deadline to respond to Nationstar's MTD was March 18, 2014.  Allowing an additional 3 days pursuant to Rules 6(d) and 5(b), Mr. Wirth was required to respond to Nationstar's MTD no later than March 21, 2014.  Mr. Wirth did not file a response to Nationstar's MTD by March 21, 2014 (or at any time since).

14.    On March 24, 2014, Mr. Wirth filed a motion for leave to amend his complaint (the "First MFL") (Doc.# 53).   Mr. Wirth's First MFL was denied without prejudice on March 24, 2014, because Mr. Wirth had failed to confer with defendants before filing his motion (Doc.# 55).

15.    On April 2, 2014, Mr. Wirth filed a second motion for leave to amend his complaint (the "Second MFL") (Doc.# 56), seeking to file a proposed fourth amended complaint (the "Proposed Fourth AC") (Doc.# 56-1).

16.    Although there is no statement in the Second MFL concerning conferral with Nationstar, plaintiff emailed undersigned counsel prior to filing his motion to determine whether Nationstar and the other defendants would oppose the amendment of his complaint.   *See* **Exhibit 1** attached hereto, pp. 1-2.   Undersigned counsel provided Mr. Wirth with a detailed response on March 28, 2014: (1) explaining the reasons why Nationstar believed that any further amendment would be futile in this matter, and (2) notifying Mr. Wirth that it did not appear that he had timely responded to Nationstar's MTD and that the motion specifically requested that leave to further amend

the complaint be denied on the futility grounds.  *See* Ex. 1, p.1.

17.     Mr. Wirth did respond to Nationstar's conferral email.  Moreover, despite receiving additional notice that he had failed to timely respond to the MTD, Mr. Wirth did not respond to the MTD or seek leave to respond out of time.

## ARGUMENT

Plaintiff's Second MFL should be denied, and his case should be dismissed. Although Rule 15(a) provides that "leave shall be freely given when justice so requires . . . it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  Thus, a trial court enjoys broad discretion in determining whether to grant a party leave to amend, *see First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987), and may deny leave based on "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, justice does not require that leave be granted in this case, and the Court should deny plaintiff's Second MFL for several reasons.  First, plaintiff has waived his right to respond to the arguments raised in Nationstar's MTD, including its arguments that further amendment of plaintiff's complaint in this case would be futile.  Second, even if such right had not been waived, plaintiff's Proposed Fourth AC does nothing to remedy the deficiencies of the prior versions of the complaint, and thus amendment would be futile.  Finally, this is now the fifth version of the complaint plaintiff has attempted to file in this matter, with no indication that it is the last, and Nationstar should

not be required to chase a "moving target".

1.   **Plaintiff Waived His Right to Respond to the Arguments Raised in Nationstar's MTD, Including that Plaintiff Should Be Denied Leave to Further Amend His Complaint**.

Nationstar's MTD asserted that (1) this Court lacks subject matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine, (2) plaintiff has failed to state a claim under 42 USC § 1983 because Nationstar is not a "state actor" and the foreclosure was not a "state action," and (3) plaintiff has not pled a valid claim for violating his Due Process and Equal Protection rights.  Motion to Dismiss, pp. 3-13. Nationstar also argued in its Motion to Dismiss that further "amendment of plaintiff's Complaint would be futile," and thus requested that the Court "deny plaintiff to leave to further amend his Complaint."  (*See* MTD, pp. 13-15.)

In particular, Nationstar's motion contended that amendment of the complaint would be futile because such amendment could not cure the deficiencies in plaintiff's claims.  Specifically, the motion argued that the *Rooker-Feldman* doctrine applies because plaintiff filed this lawsuit after the Order Authorizing Sale had entered, and plaintiff seeks to undo the judgment of the Rule 120 Court in connection with all of the claims in the proposed third amended complaint. (*See id.* at p. 14.)  The Motion to Dismiss also asserted that even if the complaint were amended further, nothing therein could change the fact that Nationstar was not a "state actor," and thus, plaintiff's claims (all of which are premised on violations of the Fourteenth Amendment/42 U.S.C. § 1983) fail as a matter of law.  Likewise, Nationstar contended that the complaint could not be amended to cure the deficiencies raised in the MTD with regard to plaintiff's

claims that the Colorado's foreclosure and eviction statutes violated plaintiff's Due Process or Equal Protection rights, either on their face or as applied to the facts of this case. (*See id.* at pp. 14-15.)

Plaintiff did not timely respond to Nationstar's MTD or object to Nationstar's request therein that plaintiff be denied leave to further amend his complaint. Nor, even after being specifically alerted to his failure to timely respond (*see* Ex. 1), did plaintiff seek leave to file a response to Nationstar's MTD pursuant to Rule 6(b)(1)(B), alleging his failure to timely do so was due to "excusable neglect."

Although *pro se* "pleadings must be construed liberally" *pro se* parties "must follow the rules of procedure governing all litigants." *See Cobley v. Klinger*, 176 F.3d 488, 488 (10th Cir. 1999) (unpublished) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)). "Failure to oppose a motion to dismiss within the proper time period constitutes a waiver of objection by the party not complying and a confession of matters raised in his opponent's pleadings." *Cobley*, 176 F.3d at 488; *accord Eaton v. Union Pacific Railroad Co.*, 2007 WL 1814659, *1 (N.D. Okla. 2007) (citing "*Perisk v. Manpower, Inc., 2003 WL 23098617* (10th Cir. 2003) (holding that failure to file a timely response to a motion to dismiss results in waiver of the right to respond, and the motion may be granted if the facts pled do not state a claim upon which relief can be granted.); *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190 (10th Cir.2002) (same in summary judgment context); *Fields v. Corrections Corp. of America*, 2006 WL 991100 at *1 (10th Cir. April 17, 2006) (same)").

Plaintiff's failure to timely respond to Nationstar's MTD constituted a waiver of his

right to respond to the same or to object to the requested relief sought thereby.  *See Cobley*, 176 F.3d at 488; *Eaton,* 2007 WL 1814659 at*1. Thus, the arguments raised in plaintiff's Second MFL, including those concerning (1) the sufficiency of the allegations in plaintiff's complaints, and (2) the futility of further amendment, have been waived and should be disregarded.  *See id.*  Accordingly, plaintiff's Second MFL should be denied. *See id.*; *see also, e.g., Jackson v. ASA Holdings*, 751 F.Supp.2d 91, 101 (Dist. D.C. 2010) ("Although many of the defects in the Complaint could be cured through amendment, the Court finds that Jackson should not be given leave to amend her Complaint because she has failed to file an opposition to Defendants' motions to dismiss.  Accordingly, the Court shall dismiss this action in its entirety.").  Additionally, in light of plaintiff's waiver, Nationstar respectfully requests that the Court enter an order granting Nationstar's MTD.

### 2.    Further Amendment of the Complaint Would Be Futile.

Even if plaintiff had not waived his objections to the arguments raised in Nationstar's MTD, plaintiff's Second MFL should nevertheless be denied on futility grounds. In determining whether amendment is futile, "the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6)."  *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2002).

In Nationstar's MTD, which Nationstar respectfully incorporates by reference herein, Nationstar explained that Mr. Wirth's claims in this case fail as a matter of law for several reasons: (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine (*see* MTD, pp. 3-6); (2) Mr. Wirth has failed to state a claim under 42

USC § 1983 because Nationstar is not a "state actor" and the foreclosure was not a "state action" (*see* MTD, pp. 7-9); and (3) Mr. Wirth has not pled a valid claim for violating his Due Process and Equal Protection rights (*see* MTD, pp. 9-13).   The arguments raised in Mr. Wirth's Motion for Leave do not remedy these defects and thus evidence that further amendment would be futile.

First, plaintiff's Second MFL does not suggest, let alone identify any new allegations in the Proposed Fourth AC that would alter the Court's analysis of the *Rooker-Feldman* arguments raised in Nationstar's MTD.   Further, the Second MFL's untimely objections to the arguments raised in Nationstar's motion are misplaced. Specifically, Mr. Wirth acknowledges that the *Rooker-Feldman* doctrine "precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"   *Grove v. Delaney,* 2012 WL 3131829, *2 (D. Colo. 2012) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).   (*See* Second MFL, ¶ 20.)   Yet, instead of showing that doctrine is not applicable here, Mr. Wirth's motion instead attempts to create false distinctions between the specific underlying facts in *Rooker, Feldman*, *Grove, and Exxon* and those here.   (*See* Second MFL, ¶¶ 15-24.) Contrary to Mr. Wirth's suggestions, however, the *Rooker-Feldman* doctrine has been applied by this Court in circumstances virtually identical to those here.   *See Driskell*, 2013 WL 4944187, *9 (D. Colo. 2012) (discussed in detail in Nationstar's MTD, which Nationstar respectfully

incorporates by reference herein).[2]   As in that case, the state Rule 120 Court here entered its Order Authorizing Sale prior to the initiation of this lawsuit, and the foreclosure proceeding has now been fully concluded and closed (Doc.# 39-3 & 45-2; 39-4 & 45-3; 39-5 & 45-4).   Further, the purpose of and the relief sought by plaintiff's various complaints, including the Proposed Fourth AC, is to undo the now completed foreclosure.   (*See, e.g.,* Proposed Fourth AC, ¶ 103.)

Plaintiff's Second MFL makes no efforts to distinguish *Driskell* from the case here.   Nor does the Second MFL provide any response to Nationstar's other arguments as to why the *Rooker-Feldman* doctrine barred plaintiff's claims, *e.g.*, Nationstar's argument that such claims are barred because they are "inextricably intertwined" with the state court judgment. (*See* MTD, pp. 5-6.)   Accordingly, even as amended by the Proposed Fourth AC, plaintiff's claims in this case would be barred by the *Rooker-Feldman* doctrine and subject to dismissal.

---

[2] Specifically, Nationstar's Motion to Dismiss explained that this Court in *Driskell* held that the *Rooker-Feldman* doctrine precluded the Court's subject matter jurisdiction over review of a state court Rule 120 proceeding. *Driskell*, 2013 WL 4944187 at *9. The Rule 120 court had entered an order authorizing sale before plaintiff's complaint, and the foreclosure then became final by the time the bank filed its motion to dismiss. *Id.* The Court confirmed that subject matter jurisdiction was precluded by *Rooker-Feldman* for two reasons: "first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for injunctive relief, *i.e.,* an order that would completely undo the foreclosure proceeding." *Id.* This Court concluded that it was "without jurisdiction to enter an injunction that would undue the foreclosure sale." This Court further concluded that, to the extent the plaintiff was attempting "to state a claim alleging a violation of his due process rights pursuant to the Fifth and Fourteenth Amendments, such claim would challenge the judicial process engaged in by the state courts." *Id.* at *10.   Accordingly, this Court held that that "any such claim should be dismissed . . . because reviewing Plaintiff's due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the *Rooker-Feldman* doctrine." *Id.* (citing *Dillard v. Bank of New York*, 476 Fed. Appx. 690, 692 (10th Cir. 2012) (unpublished) *cert. denied*, 133 S. Ct. 445 (2012)).

Next, plaintiff's Second MFL fails to identify any facts alleged in the Proposed Fourth AC that would show that Nationstar is a "state actor" for purposes of his assertion that Nationstar's foreclosure violated his Due Process and Equal Protection rights.  Instead, plaintiff suggests that his Proposed Amended Complaint contains references to Colorado's foreclosure statutes.  These statutes were referenced in the prior Amended Complaint (*See* Doc.# 14, pp. 8, 10, 19-21), and nevertheless still fail to establish that plaintiff's Proposed Fourth AC is not subject to dismissal under Rule 12(b)(6).

Contrary to plaintiff's suggestions in his Second MFL, C.R.S. § 38-38-100.3(20) does not define "state actors" for purposes of Due Process or Equal Protection claims under 42 U.S.C. § 1983.  Instead, it merely provides a list of entities, both public and private (including private banks) that may be a "qualified holder" under Colorado's foreclosure statutes (*i.e.,* a lender who may initiate foreclosure proceedings by providing to the public trustee a copy of the evidence of debt and a statement signed by the attorney for such holder).  *See* C.R.S. § 38-38-101(6)(b); *McDaniel v. Denver Lending Group, Inc.*, 2009 WL 1873581, *17 (D. Colo. 2009).

Nothing in these statutes establishes that Nationstar, a private company, is a "state actor" for purposes of plaintiff's § 1983 claim. Moreover, to the extent plaintiff's arguments imply that Nationstar is a "state actor" because it serviced plaintiff's mortgage loan on behalf of the Federal National Mortgage Association ("Fannie Mae" or "FNMA"), such arguments are misplaced. Among other reasons, the circuit courts that have considered the issue have held that Fannie Mae is not a "state actor" for purposes

of Due Process claims.  *See American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 75 F.3d 1401, 1408-09 (9th Cir. 1996) (citing *Northrip v. Federal National Mortgage Ass'n*, 527 F.2d 23, 30-32 (6th Cir.1975) (concluding that "FNMA[']s . . . actions should not be considered those of the state," reasoning that it is federally chartered and regulated but its stock is traded on New York Stock Exchange and only 5 of 15 directors were appointed by the President) and *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 359 (5th Cir.1977) (relying on *Northrip* and holding that FNMA's activities did not qualify as governmental action)). For these reasons, and for the reasons set forth in Nationstar's MTD, even if the Court had subject matter jurisdiction over plaintiff's claims, they would still be subject to dismissal because Nationstar is not a "state actor." Because nothing in plaintiff's Proposed Fourth AC alters this conclusion, the Court should deny plaintiff's Second MFL as futile.

Finally, nothing in plaintiff's Second MFL suggests that the Proposed Fourth AC contains any new allegations that would save plaintiff's Due Process and Equal Protection claims from dismissal (for the reasons stated in Nationstar's MTD incorporated herein).  Rather, plaintiff's motion fails to address the key arguments made in Nationstar's MTD, which are equally applicable to the allegations in plaintiff's Proposed Fourth AC.

For example, as to his Due Process claims, plaintiff still fails to assert that he was deprived of notice and opportunity for a hearing prior to the Rule 120 Court entering its Order Authorizing Sale.  Indeed, the Proposed Fourth AC admits that plaintiff received notice and an opportunity to be heard and that plaintiff in fact cross-examined

Nationstar's witness at the Rule 120 Hearing.  *See* Proposed Fourth AC, ¶¶ 66-67. Further, Mr. Wirth's new allegations that the Rule 120 Court erred in admitting certain documentary evidence, such as computer printouts (*see id.*), fails to form the basis of a valid Due Process claim.  *See., e.g., Gay v. Graham*, 269 F.2d 482, 487 (10th Cir. 1959) ("[M]ere errors in the admission of evidence do not constitute a violation of due process.").  Additionally, plaintiff's Second MFL fails to address any of the other arguments raised in the MTD, showing that plaintiff cannot state a Due Process claim.

Likewise, plaintiff's Second MFL and Proposed Fourth AC fail to address the arguments raised in Nationstar's MTD with regard to plaintiff's Equal Protection claims. Specifically, plaintiff has still not alleged any facts that would plausibly show, if there was a distinction between one group of citizens over another, such classification is "wholly irrelevant to the achievement of the State's objective."  *See* MTD, p. 12 (citing *Lindsey v. Normet*, 405 U.S. 56, 70 (1972); *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)).  Accordingly, plaintiff's Second MFL should be denied.

### 3.    Plaintiff's Proposed Fourth AC Creates a "Moving Target."

Finally, in addition to the foregoing, plaintiff's Second MFL should also be denied because plaintiff's multiple amendments create an unfair "moving target."  In the Tenth Circuit, motions for leave to amend are properly denied "when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target' to 'to salvage a lost case by untimely suggestion of new theories of recovery,' present 'theories seriatim' in an effort to avoid dismissal. . . .'"  *Minter v. Primer Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th

Cir.1998)). "'Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967)).

Here, plaintiff has presented a "moving target" by, among other things, presenting "theories seriatim" "in an effort to avoid dismissal." Specifically*,* the Proposed Fourth AC is now the fifth complaint plaintiff has sought to file in this case (*see* Doc.# 1, 5, 38, 53-1, 56-1), the latter two of which have come after Nationstar filed its Motion to Dismiss and after plaintiff failed to timely respond in opposition to the same. Further, if plaintiff's Proposed Fourth AC were accepted by the Court, Nationstar would be compelled to file another motion to dismiss (the arguments included in which would be virtually identical to those in its previous Motion to Dismiss). Moreover, based on undersigned counsel's conversations with plaintiff, and looking at the Proposed Fourth AC itself, which appears to among other things reserve paragraphs to add additional parties and allegations, there is no indication that plaintiff intends the Proposed Fourth AC to be the last and final complaint in this case (*See, e.g.,* Doc.# 56-1, p. 3.). Nationstar thus respectfully requests that the court not require it to chase this "moving target," and provide finality in this case by denying plaintiff leave to further amend and ruling on Nationstar's pending Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Nationstar respectfully requests that this Court deny plaintiff's Second Motion for Leave to File (Fourth) Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(b), 15(a)(2), deny Mr. Wirth leave to file any further amended complaints, and enter an order granting Nationstar's MTD.

Dated this 23rd day of April, 2014.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC


 *s/ James P. Eckels*
Jamie G. Siler, Colorado Bar No.: 31284
James P. Eckels, Colorado Bar No.: 40858
410 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 534-2277
*Attorneys for Nationstar Mortgage LLC*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of April, 2014, the foregoing **RESPONSE TO SECOND MOTION FOR LEAVE TO FILE (FOURTH) AMENDED COMPLAINT PURSUANT TO F.R.C.P. 15(A)(1)(B), 15(A)(2)** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/Mark S. Adams*
Mark S. Adams, paralegal