**James Eckels**

| | |
|---|---|
| **From:** | James Eckels |
| **Sent:** | Friday, March 28, 2014 11:51 AM |
| **To:** | Martin Wirth |
| **Cc:** | vaglica@vaglica.com; cgroen@cmsatty.com; pvaglica@cmsatty.com; hcphillips@hphclaw.com; ama@hphclaw.com; mla@hphclaw.com; vam@hphclaw.com; Kathryn Starnella; Jamie G. Siler; Mark Adams |
| **Subject:** | RE: Wirth v. Hickenlooper et al., 13-CV-03309-REB-KMT, Motion for Leave to Amend Complaint |

**EXHIBIT 1**

Good Morning Mr. Wirth,

Thank you for your email regarding the motion to amend the complaint you intend to file with the Court in the above-referenced case. Unfortunately, however, Nationstar cannot agree to the further amendment of the complaint in this matter. As discussed in greater detail in Nationstar's Motion to Dismiss filed on February 25, 2014, further amendment of the complaint would be futile. Most notably, nothing contained in your proposed amended complaint changes the fact that the *Rooker-Feldman* doctrine applies in this case and deprives the Court of subject matter jurisdiction over your claims. Additionally, your proposed amended complaint does not establish that Nationstar was a "state actor, and thus, your claims (which are all premised on violations of the Fourteenth Amendment/42 U.S.C. § 1983) would still fail as a matter of law. Further, your proposed amended complaint still does not establish that Colorado's foreclosure and eviction statutes violate your Due Process or Equal Protection rights, either on their face or as applied to the facts of this case.

In addition to the foregoing, we are not showing that a response to Nationstar's Motion to Dismiss was timely filed in this case, and as stated above, that motion specifically requested that leave to further amend the complaint be denied on the futility grounds. It is our position that the failure to timely respond to Nationstar's motion constituted a waiver of your objection to it, and that this principle is not altered by your status as a *pro se* plaintiff. *See, e.g, Cobley v. Klinger,* 176 F.3d 488 (10th Cir. 1999) (unpublished) (holding that although *pro se* pleadings are to be construed liberally, a *pro se* party "nevertheless must follow the rules of procedure governing all litigants. Failure to oppose a motion to dismiss within the proper time period constitutes a waiver of objection by the party not complying and a confession of matters raised in his opponent's pleadings.") (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

Please feel free to contact me via email or at the number below if you would like to discuss these issues further, or if you would like any further explanation of our position on the motion for leave to amend you intend to file with the Court.

Thank you,

**James P. Eckels, Esq.**
Bloom Murr Accomazzo & Siler, PC
303-534-2277
jeckels@bmas.com

---

**From:** Martin Wirth [mailto:martin.wirth@specialtywrench.com]
**Sent:** Wednesday, March 26, 2014 11:54 AM
**To:** James Eckels
**Cc:** vaglica@vaglica.com; cgroen@cmsatty.com; pvaglica@cmsatty.com; hcphillips@hphclaw.com; ama@hphclaw.com; mla@hphclaw.com; vam@hphclaw.com; Kathryn Starnella; Jamie G. Siler; Mark Adams
**Subject:** Wirth v. Hickenlooper et al., 13-CV-03309-REB-KMT, Motion for Leave to Amend Complaint

Greetings,

   Pursuant to FRCP 15(a)(2) the Plaintiff, Wirth, is seeking to amend the complaint with your

permission or leave from the Court. To respect parties' time involved in the case, Plaintiff respectfully requests to confer via email exchange or phone. If you would prefer to confer by phone then please reply with:

1. Date and time of earliest convenience for telephone conference.
2. Telephone number and any access codes required for conference.

If you would prefer to confer via email exchange then the Plaintiff would like to consider your opinions and suggestions regarding the Complaint by posing the following questions:

1. What parts of Complaint would you like to see clarified for better understanding?
2. What changes would you suggest be made to the Complaint?
3. What objections do you have to amending the Complaint?
4. What other comments do you have regarding the Complaint?

Please, let me know your ideas on the matter by Friday, March 28.
            Sincerely,
            Martin Thomas Wirth