IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **13-CV-03309-REB-KMT**

MARTIN THOMAS WIRTH, Plaintiff,

v.

JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado,
JOHN SUTHERS, In his Official Capacity as Attorney General of Colorado,
STEPHEN A. GROOME, In his Official Capacity as 11th District Court Judge,
VICKI ARMSTRONG, In her Official Capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, In his Corporate and Individual Capacities,
THE CASTLE LAW GROUP, LLC,
Defendants.

**RESPONSE TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. Defendant, Nationstar Mortgage, LLC (Nationstar), through its attorneys sought to dismiss the Second Amended Complaint on a Motion [#39] filed on February 25, 2014 after the Fourth Amended Complaint [#38] had been previously filed on February 18th, 2014. The Fourth Amended Complaint was filed pursuant to Fed.Rule.Civ.Proc. 15(a)(1)(B) in reply to defendants' pre-response motions.

2. Nationstar seeks to invoke the Rooker-Feldman Doctrine to deny jurisdiction to

1

the Court. This doctrine refers to Rooker et al. v. Fidelity Trust Co. et al., 263 U.S. 413 (44 S.Ct. 149, 68 L.Ed. 362) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) hereinafter cited as Rooker and Feldman respectively.

3. Plaintiff has respectfully requested the Court to repeal specific Colorado Statutes in the complaint because they: 1. Deprive Colorado homeowning defendants equal protection and due process under the 5th and 14th Amendments, 2. Violate fundamental rules of evidence by shifting a burden onto the homeowning defendant to prove that non-existent evidence does not exist, 3. Create a nexus of state and private corporate power per CRS §38-38-100.3(20) that grants the power of "state action within the meaning of the 14th Amendment" to deprive homeowning defendants any semblance of equal protection vis a vis the private entities thus empowered, and 4. Criminalize homeowning defendants via C.R.S. §13-40-104(1).

Nixon v. Condon - 286 U.S. 73 (1932)

4. Nationstar's Motion to Dismiss the Second Amended Complaint [#39] may be miscontrued as having some validity only if the Complaint is decomposed in such a way as to ignore the gravamen of the Complaint.

## FACTS SUBJECT TO JUDICIAL NOTICE

5. In Rooker, the plaintiff sought to "have a judgment of a circuit court in Indiana, which was affirmed by the Supreme Court of the state, declared null and void, and to obtain other relief dependent on that outcome." The case originated when Rooker "brought a suit in a state court in Indiana against the trustee charging that

it had violated and repudiated the trust, demanding damages and an accounting, and praying that the trustee be removed and a receiver appointed to administer the trust. "

6. Rooker is irrelevant and bears no resemblance to present case. Rooker was a state court plaintiff in Indiana state courts and had failed to carry the burden of proof in the state courts. Rooker then took a complaint that had failed in the state courts to a United States Court. The Plaintiff, Wirth, is a civil defendant in the Colorado court system.

7. Wirth is directly challenging the Constitutionality and validity of pertinent Colorado Statutes that deprive him of his rights as a defendant in state courts whereas in Rooker, "It is conceded that there was no effort to question the validity of any treaty or law of, or authority exercised under, the United States."

Rooker et al. v. Fidelity Trust Co. et al., 263 U.S. 413 (44 S.Ct. 149, 68 L.Ed. 362)

8. In Feldman, the plaintiff, Feldman, was denied admission by the Committee on Admissions of the District of Columbia Bar, so he sought a similar waiver of the D.C. rule, sending a letter to the D.C. Court of Appeals that suggested that their absolute prohibition of lawyers who had not attended certain ABA-accredited law schools was a violation of the Sherman Antitrust Act, and of the Fourteenth Amendment.

9. Feldman is irrelevant to the present case and bears no significant resemblance to Wirth. Wirth is required to practice law pro se due to the fact that he cannot afford to hire an attorney and this is where the resemblance ends. Unlike Feldman, Wirth is not appealing any decision refusing admission to the Bar, Wirth is not appealing any judicial decision by a State Court of Appeals or State Supreme

Court, and Wirth is not asking the Court to evaluate facts through the prism of existing Colorado Statutes. The present case is not a facial challenge but a direct and detailed challenge to the Constitutionality and validity of the pertinent Colorado Statutes.

10. In the present case, the Request to Vacate the judgement in Colorado Case No. 13CV30104 logically emerges from the Constitutional challenge.  Pursuant to Fed.Rule.Civ.Proc. 5.1(2), notice has been duly served on the state attorney general as a defendant in the Complaint [#38 ¶4] but the Amended Complaint removes the state attorney general as a defendant.

11. In 2005 the Supreme Court revisited the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 hereinafter referred to as Exxon. The Court affirmed that the Rooker-Feldman doctrine was statutory (based on the certiorari jurisdiction statute, 28 U.S.C. § 1257), and not constitutional, holding that it applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

12. Exxon is irrelevant and bears no resemblance to Wirth. The Plaintiff, Wirth, did not enter into any joint venture, contract, or agreement with any of the defendants. Wirth is not appealing any judicial decision by a State Court of Appeals or State Supreme Court. No party to the dispute in Exxon was at risk of: 1. being deprived of any primary residence or place of business, or 2. being criminalized based on their continuing occupation of any primary residence or place of business.

C.R.S. §13-40-104(1).

13. The present case was assembled and filed as soon as possible on December 9th, 2013. The filing was seven days after the Rule 120 hearing on December 2nd, 2013 and six days after Order Authorizing Sale [#56-2]. Despite being served notice of pending litigation in this Court, the Park County Public Trustee posted a sale of Wirth's property to be scheduled on December 18th, 2013. As of December 18th, 2013 and into the first week of year 2014, the sale was marked "Pending" on the Public Trustee's web page.

14. A Demand for Possession in the name of Federal National Mortgage Association (hereinafter FNMA) was posted on the Wirth's property and dated January 7, 2014. This was signed and stamped by Cynthia Lowery-Graber, #34145 and undersigned by Castle Law Group attorneys Deanna Westfall #23449, Britney Beall-Eder #34935, and Christopher T. Groen #39976. Under any legal interpretation of events and law, Wirth was still the legal owner of his property on that date. This Demand for Possession violated CRS §18-5-302(2) which states,

> Any person who knowingly makes a false representation as to the existence of an ownership interest in land which he has as a seller or which his principal has, and which is relied upon, commits a class 6 felony.

15. The class 6 felony violation evident in Exhibit D [#56-5] is made all the more obvious by the fact that the day after the illegal Demand for Possession was posted, on January 8, 2014, the Public Trustee posted the Confirmation Deed in Exhibit B [#56-2] citing Nationstar, not FNMA, as the grantee. The Demand for Possession and the Confirmation Deed that contradict each other have both been relied upon as evidence in this Complaint and to lay claims upon the Plaintiff's

5

property.

16. On March 18, 2014, a Special Warranty Deed purportedly conveying Wirth's property from Nationstar to FNMA was notarized in the State of Texas. This document was transmitted to the Park County Clerk as shown in the attached Exhibit H. If FNMA was already the legal owner of the property as claimed in Exhibit D [#56-5] then Nationstar has violated CRS §18-5-302(1) which states,

> Any person who, after once selling, bartering, or disposing of any land, or executing any bond or agreement for sale of any land, again sells, barters, or disposes of the same tract of land or any part thereof, or executes any bond or agreement to sell or barter or dispose of the same land or any part thereof, to any other person, with intent to defraud, commits selling land twice. Selling land twice is a class 5 felony.

17. Nationstar and FNMA are entirely separate legal entities. Either one or both of the documents [Exhibit D #56-5, Exhibit H attached] produced by the attorneys of Castle Law Group [¶14, supra] at the behest of Nationstar and/or FNMA were false and intended to defraud both the Plaintiff and the Court in violation of 18 USC §514(a)(3) which states,

> (a) Whoever, with the intent to defraud—
>
>> (3) utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States,
>
> any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an

actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, <u>or an organization</u>, shall be guilty of a class B felony.

18. When Nationstar, FNMA, and the attorneys of Castle Law Group [¶14, supra] posted the illegal Demand for Possession [Exhibit D, #56-5] and subsequently filed the Special Warranty Deed [Exhibit H attached] they knowingly issued false instruments that would be relied upon by the Plaintiff in this United States Court in addition to the Park County Court in a Forcible Entry and Detainer [Colorado Case 14C030068]. In doing so, they violated 18 USC §495 which states,

> Whoever **falsely makes**, alters, forges, or counterfeits **any deed**, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, **or of enabling any other person**, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

> Whoever **utters or publishes as true any such false**, forged, altered, or counterfeited **writing, with intent to defraud the United States, knowing the same to be false**, altered, forged, or counterfeited; or

> Whoever transmits to, or presents at any office or officer of the United States, any such writing in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited—

> Shall be fined under this title or imprisoned not more than ten years, or both.

19. Even if the Court would find that Nationstar, FNMA, or the attorneys of the Castle Law Group are immune from prosecution under both 18 USC §514(a)(3) and 18 USC §495 [¶17-18, supra],  18 USC §1018 states,

    > Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both.

### FURTHER ARGUMENT REGARDING IRRELEVANT CITATIONS BY NATIONSTAR

20. Contrary to the argument in the Defendant's Motion to Dismiss [#39], Driskell v. Thompson, No. 12-CV-03107-REB-KLM, 2013 WL 4944187, *7 (D. Colo. 2013) is irrelevant. Driskell did not respond to defendant's motion to dismiss which was based on defenses under Rule 12(b)(5 and 6) and mentioned the Rooker-Feldman Doctrine. In that case, the Magistrate Judge recommended the defendant's motion by default and it was granted. The case, 12-CV-03107-REB-KLM, has no relevant fact or tested argument to shed light on any issues in the present Complaint [#56-1] much less "proceeding under nearly identical circumstances to those here" [#39 p.4].

21. Contrary to the argument in the Defendant's Motion to Dismiss [#39 p.4], Grove v. Delaney No. 12-CV-01539-BNB, 2012 WL 3131829 (D. Colo. 2012) is irrelevant. Grove complained of brutal treatment during a forced eviction. No mention is made of any particular Constitutional deficiencies in the statutes leading up to the

forced eviction of Grove.

22. Defendant's Motion to Dismiss [#39, pp. 7-9] understandably wants to avoid the fact that the Complaint [#56] clearly shows how C.R.S. §38-38-100.3(20) explicitly lists the state actors that may proceed under C.R.S. §38-39-102(3)(a)(1) to order a Public Trustee to release any Deed of Trust without producing original evidence of debt as described in the Third Claim in the Complaint [#56-1 ¶¶71-77]. For purposes of the Colorado Statutes under C.R.S. §38-38-100.3(20), Nationstar is either (i) "An entity created or sponsored by the federal or state government that originates, insures, guarantees, or purchases loans or a person acting on behalf of such an entity to enforce an evidence of debt or the deed of trust securing an evidence of debt; or" (j) "Any entity listed in paragraphs (a) to (i) of this subsection (20) acting in the capacity of agent, nominee except as otherwise specified in subsection (10) of this section, or trustee for another person."

23. Nationstar argues in the Motion to Dismiss [#39 pp.9-12] that the Plaintiff has shown no Due Process violation. Defendant uses three pages to irrelevantly cite procedures that the Complaint does not question. Constitutionally deficient procedures devolve from CRS §38-38-101(6) as cited in the Plaintiff's Statement of Facts and First Claim [#56 ¶¶17-19, 21, 69] where the Plaintiff clearly states that the statute "forces the defendant to prove that nonexistent evidence does not exist", a logically impossible burden.

24. Defendant argues in the Motion to Dismiss [#39 pp.12-13] that the Plaintiff has shown no Equal Protection violation. As described in the Plaintiff's First, Second, and Third Claims [#56 ¶¶60-77], unlike others bringing lawsuits under Colorado statutes, foreclosing entities are not required to prove that they are the real party

in interest. Instead, they exploit a statutory framework that enables presumptions to be admitted in lieu of evidence, and they are treated as state actors allowed to proceed without the ordinary burdens of proof required by other plaintiffs seeking relief in Colorado state courts. This is a clear violation of the Equal Protection Clause of the 14th Amendment.

25. Plaintiff's Exhibits C and D [#56-4 and #56-5] show that the Defendant, Nationstar, was not the Real Party in Interest. They also show that Nationstar's own counsel in the Castle Law Group could not even state in the legal documents they were issuing whether one entity or another was claiming ownership. Because of the illogical negative burden of proof foisted on the Plaintiff, and the summary nature of the Rule 120 hearing, the Plaintiff was denied access to pertinent evidence. The Plaintiff did not have the means to bring this evidence back from the future "where a party knew or should have known of the facts justifying amendment when the original pleading was filed" [#39 p.14] and exhibit that future evidence in the opening Complaint.

26. The Plaintiff was served with a Motion to Dismiss [#29] for Failure to State a Claim pursuant to Fed.Rule.Civ.Proc.12(b)(6) filed on January 29th, 2014, and two Motions for a More Definite Statement [#31 and #34] each pursuant to Fed.Rule.Civ.Proc.12(e) filed on January 31st and February 3rd, 2014, respectively. The Defendant's argument that the Plaintiff was not allowed to amend the Complaint [#39 pp.13-15] is unlawful because Fed.Rule.Civ.Proc. 15(a)(1)(B) plainly states that the Plaintiff may amend the pleading within 21-days. This was certainly done in filing the Amended Complaint [#38] on February 18, 2014.

27. Having considered Defendants' Motions for a More Definite Statement together

with facts discovered after the original filing, the Plaintiff has amended the Complaint. The Defendant, Nationstar, now seeks to improperly revise the history of this case by demanding that the Court ignore the discoveries in the Plaintiff's Exhibits and to retroactively and illegally prohibit the Plaintiff from amending the Complaint in response to defendants' motions and to the substantial evidence put forth by the defendants themselves showing felonious conduct enabled and aided by the Unconstitutional statutes cited in the Complaint.

28. The Amended Complaint contains two independent Claims supported by factual allegations and four dependent Claims that refer to the two independent Claims.

29. The Defendant's Motion to Dismiss [#39] merely seeks to avoid consideration of the Plaintiff's valid and factually supported Claims [#56 ¶¶60-94] by proceeding unlawfully to summary judgment. The Defendant, Nationstar, seeks to avoid judicial notice and accountability for his felonious conduct [¶17-19, supra]. In Lomas v. Red Storm Entertainment, No. 5:01-CV-237-BO(2) (E.D.N.C. 2001) the United States Court of Appeals for the 4th Circuit concluded, "the parties should be accorded an opportunity to conduct any relevant discovery, and they should be permitted to present to the court any materials pertinent to the issue."

30. The Plaintiff's Fourth Claim [#56 ¶¶ 78-81] describes how the Colorado Statutes ultimately criminalize homeowning defendants and wrongfully deprive them of real property before the matter at law is concluded. FNMA is added as a defendant to the Amended Complaint [#56-1]. In Colorado Case No. 14C030068, FNMA is seeking to have the Plaintiff evicted from his home using fraudulent certifications and claims.  That the Colorado statutes require strict Constitutional scrutiny should no longer be a question. Fraud is now masquerading as Due Process [¶¶14-19, supra] to do irreparable harm, not only to the Plaintiff but, to all

real property owners in the state of Colorado whose real property is encumbered by a Deed of Trust.

31. The Defendant's Motion to Dismiss has failed to show that the Complaint [#56-1] is futile in any way. Taken as a whole, Nationstar's arguments and citations are irrelevant and frivolous.

32. The long established system of dual federal and state jurisdiction does not divest federal courts of jurisdiction on the basis that a case could have been presented in a state court.

33. Title 28 USC § 1331 states,

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

34. Title 28 USC § 1343(a)(3) states,

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

35. The evidence shows probable cause to further investigate fraudulent claims and deeds in violation of United States Code under Title 18 and, in this, the Court certainly has jurisdiction.

## CONCLUSION

36. The Court has original jurisdiction over the matter at law presented in the Plaintiff's Complaint [#56-1]. The Rooker-Feldman Doctrine was designed to prevent state court plaintiffs who lost in state courts from abusing federal courts to undermine state jurisprudence, not to prevent any state court defendant whose rights have been violated from bringing Complaints with Constitutional questions to a United States Court. Rooker-Feldman is irrelevant to this case. The Defendant, Nationstar, apparently seeks a summary judgment by unlawfully contradicting Fed.Rule.Civ.Proc. 15(a)(1)(B) and by frivolously citing a series of irrelevant cases that have no bearing on the Complaint.

37. The Complaint clearly states six Claims upon which relief may be granted. The Complaint is likely to require further supplementation in light of Defendants' continuing production of self-contradictory and fraudulent documents now in evidence.

38. THEREFORE, the Plaintiff requests that this Court deny the Defendant's Motion to Dismiss.

Dated this 5th day of May, 2014.

                                        Respectfully submitted,
                                        Martin Thomas Wirth, Plaintiff pro se

                                        <u>S/Martin Thomas Wirth</u>
                                        36 Iris Drive
                                        Bailey, Colorado 80421
                                        Phone: 303-816-1054
                                        Email: martin.wirth@specialtywrench.com

**CM/ECF CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of February, 2014, the foregoing Reply to Motion to Dismiss was filed and served electronically via CM/ECF, upon the following:

| | |
|---|---|
| Kathryn Anne Teresa Starnella | James P. Eckels |
| Colorado Attorney General's Office | Jamie G. Siler |
| Ralph L. Carr Colorado Judicial Center | Bloom, Murr, Accomazzo & Siler |
| 1300 Broadway | 410 17th Street, Suite 2400 |
| Denver, Colorado 80203 | Denver, Colorado 80202 |

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC
675 Main Street
P.O. Box 1046
Fairplay, Colorado 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street, Suite 2100
Denver, Colorado 80202

<u>S/Martin Thomas Wirth</u>
Plaintiff pro se