IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **13-CV-03309-REB-KMT**

MARTIN THOMAS WIRTH, Plaintiff,

v.

JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado,

JOHN SUTHERS, In his Official Capacity as Attorney General of Colorado,

STEPHEN A. GROOME, In his Official Capacity as 11th District Court Judge,

VICKI ARMSTRONG, In her Official Capacity as Public Trustee of Park County,

NATIONSTAR MORTGAGE, LLC,

LAWRENCE E. CASTLE, In his Corporate and Individual Capacities,

THE CASTLE LAW GROUP, LLC,

MARY HAGER, Individually,

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

KEVIN WHITE, Individually,

Defendants.

## REPLY TO RESPONSE TO SECOND MOTION FOR LEAVE TO FILE (FOURTH) AMENDED COMPLAINT PURSUANT TO F.R.C.P 15(A)(1)(B), 15(A)(2)

1. Justice requires that leave be granted to amend the Complaint in the case because the Defendants' illegal actions provide new evidence that was not available when the Complaint was originally filed.
2. Nationstar misconstrues Plaintiff's amendments as a waiver of his right to

1

    respond to Nationstar's Motion to Dismiss. Nationstar and its agents in the Castle Law Group (CLG) initiated a number of events that changed the conditions of the case. Ignoring these conditions would not serve justice. They emerge from attempts to get State courts to defy the authority of the US Court, which is to answer Constitutional questions and ultimately decide the matter at law. The defendants have already agreed that amending the complaint moots motions to dismiss based on their perceived deficiencies in the prior Complaint. The Plaintiff will not re-argue the irrelevancy of the abandoned Driskell case and its repetitive citation by Nationstar. Doc 59, ¶20 presents that argument.

3. The Claims set forth in the Amended Complaint are clear and easy to understand. Each Claim, taken together with the foregoing Statement of Facts, provides foundation to repeal a set of Statutes that incite fraud and wrongful takings of real property.

## NATIONSTAR IS A STATE ACTOR UNDER THE STATUTES

4. Nationstar has repeatedly denied being empowered as a State Actor under the Colorado Statutes. This is a flagrant misrepresentation because, as stated in the Complaint, CRS §38-38-100.3(10) and (20) list the State Actors, referring to them presumptuously as "Holder of evidence of debt" or as "qualified holder". Those listed therein may be holding nothing or they may have disqualified themselves for some other cause, but they are presumed by a statutory definition to be entitled to bring a case and to enjoy immediate judgment in their favor before any evidence may be presented or considered in the first place, especially that which would question their standing to bring a claim to court. These entities are then accorded State powers under CRS §38-38-101(6)(b), CRS §§38-38-101(1)(b)(II) and (c)(II), and CRS §38-39-102(3)(a)(I) to immediately foreclose and put

    property up for sale, a power not allowed to plaintiffs who must prove their cases in a judicial process. These statutes bypass Due Process as Colorado District Court judges are required to ignore homeowning defendants who notice the absence of any evidence to prove standing much less indebtedness. The Rule 120 procedure devolving from the Unconstitutional statutes is a sham masquerading as Due Process. As is done via CRS §38-39-102(3)(a)(I) with the Public Trustee, the conclusion is predetermined. This reduces Colorado District Courts into being mere functionaries whose sole role under the above mentioned statutes is to approve whatever the entities defined in CRS §38-38-100.3(10) and (20) claim. Therefore, all entities empowered by the definitions in CRS §38-38-100.3(10) and (20) are endowed with judicial powers while suffering none of the restraints. They are State Actors under every rational understanding of the term and the Colorado Statutes.

5. The fact that Nationstar continues to deny being a State Actor doubly proves that there is no cause to dismiss the Complaint and calls for granting the Motion for Leave to Amend. Nationstar has entered into answering and arguing with the Claims in the Complaint. It is also presenting an argument that is itself futile and nonsensical in so far as it denies the facts of the Colorado Statutes.

## THE SO-CALLED "MOVING TARGET" RESULTS FROM DEFENDANTS' CONTINUING ILLEGAL ACTIONS

6. Despite being served notice of this Complaint and the litigation emerging around it. Defendants have attempted to wrongfully deprive the Plaintiff of his home by posting an illegal Demand for Possession in the name of Federal National Mortgage Association on his property on January 7, 2014 [Exhibit D, #56-5] the day before the Confirmation Deed [Exhibit B, #56-3] was issued by the Public

Trustee to Nationstar. FNMA through its agents in the Castle Law Group are now attempting to get the County Court in Park County, Colorado to defy the authority of this Court to decide the matter at law [Park County Court, Case No. 14C030068]. These unlawful acts are already detailed in the Response to Motion to Dismiss the Second Amended Complaint [#59, ¶¶14-19] .

7. In Minter v. Primer Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) the plaintiff was making the complaint 'a moving target' to 'to salvage a lost case by untimely suggestion of new theories of recovery,'. The Complaint in this case was amended on motions for a more definite statement and because certain Defendants continue to pursue illegal actions against the Plaintiff. Defendants' illegal actions provide additional evidence to support Claims in the Complaint as well as supplementation. The theory of this Complaint has remained constant since the beginning, to wit: that the Colorado Statutes are Unconstitutional and, by being so, they incite fraud.

8. Nationstar offers a frivolous argument in its non-enumerated paragraphs on p.14 [#58] by claiming that the reserve paragraphs in the Complaint show that the Plaintiff intends to amend it indefinitely. The additional paragraphs for Defendants were added to anticipate the possibility that the Defendants may incite new accomplices to participate in the wrongful taking of the Plaintiff's property and to retaliate against the Plaintiff for bringing a lawful Complaint. The extra paragraphs were added as a convenience, so the subsequent paragraphs that remain unchanged would not have to be renumbered when additional Defendants come forward. Contrary to what Nationstar wrongly assumes, the purpose is to maintain consistent enumeration of paragraphs so that the Court may move forward towards repealing the Unconstitutional Statutes. Nationstar and its agents apparently have no respect for such Court-ordered conventions as their

paragraphs are inconsistently enumerated. This makes referring to a specific paragraph in their papers as inconvenient as possible and, by doing so, wastes the time of both the Plaintiff and the Court.

## STIPULATION

9. On January 29, 2014, the Plaintiff received an email from James Eckels, counsel for Nationstar, requesting stipulation for more time. The Plaintiff did not oppose the stipulation and the Defendants agreed to reciprocate the courtesy. The Plaintiff anticipated that the Defendants would be citing numerous cases requiring research and consideration. Nationstar now seems to believe that the stipulation for more time should only apply to Nationstar as may be seen on p.14 of Doc. 58. Nationstar's dishonest revision of the short history of this case is inappropriate.

## CONCLUSION

10. Nationstar's Response to the Second Motion for Leave to Amend the Complaint is clearly intended to dodge any questions regarding their malfeasance and to avoid the more important Constitutional Question over a statutory framework that incites fraud and as well as other cruel and criminal abuses of Colorado homeowners.

11. Nationstar's frivolous interpretation of the Plaintiff's use of reserve paragraphs invites examination of their own deficiencies in formatting papers.

12. Therefore, the Plaintiff respectfully requests that:
    i. the Second Motion for Leave to Amend the Complaint be granted,
    ii. Defendants' motions where they have refused to consistently enumerate paragraphs be stricken and Defendants be ordered to enumerate all paragraphs in their papers.

Dated this 14th day of May, 2014.

          Respectfully submitted,
          <u>S/ Martin Thomas Wirth</u>
          Plaintiff pro se
          36 Iris Drive
          Bailey, Colorado 80421
          martin.wirth@specialtywrench.com

**CM/ECF CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of May, 2014, the foregoing Reply to Motion to Dismiss was filed and served electronically via CM/ECF, upon the following:

| | |
|---|---|
| Kathryn Anne Teresa Starnella | James P. Eckels |
| Colorado Attorney General's Office | Jamie G. Siler |
| Ralph L. Carr Colorado Judicial Center | Bloom, Murr, Accomazzo & Siler |
| 1300 Broadway | 410 17th Street, Suite 2400 |
| Denver, Colorado 80203 | Denver, Colorado 80202 |

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC
675 Main Street
P.O.Box 1046
Fairplay, Colorado 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street, Suite 2100
Denver, Colorado 80202

<u>S/Martin Thomas Wirth</u>
Plaintiff pro se