**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al.*

Defendant.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

---

Defendant Nationstar Mortgage, LLC ("Nationstar"), through its attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully submits the following reply in support of its motion to dismiss the Amended Complaint (the "Motion to Dismiss" [Doc No. 39]):

**PROCEDURAL BACKGROUND**

1. Plaintiff filed his original complaint in this matter on December 9, 2013 (Doc.# 1) and an amended complaint on December 12, 2013 (Doc.# 5), which was accepted by the Court on December 23, 2013 (Doc.# 14) (the "Amended Complaint").

2. Nationstar filed a motion to dismiss the Amended Complaint on February 25, 2014 (the "Motion to Dismiss," Doc.# 39).

3. On March 14, 2014, the Court stayed discovery in this matter pending a ruling on CLG's and Nationstar's respective motions to dismiss (Doc.# 52.).

4. Pursuant to Local Rule 7.1(d), plaintiff's deadline to respond to the Motion to Dismiss was March 18, 2014. Allowing an additional 3 days pursuant to Rules 6(d)

and 5(b), plaintiff was required to respond to the Motion to Dismiss no later than March 21, 2014. Plaintiff did not file a response to the Motion to Dismiss by this deadline.

5. On March 24, 2014, plaintiff filed a motion for leave to amend his complaint (the "First MFL") (Doc.# 53). Plaintiff's First MFL was denied without prejudice on March 24, 2014, because plaintiff had failed to confer with defendants before filing his motion (Doc.# 55). On April 2, 2014, plaintiff filed a second motion for leave to amend his complaint (the "Second MFL") (Doc.# 56), seeking to file a proposed fourth amended complaint (the "Proposed Fourth AC") (Doc.# 56-1).

6. During Nationstar's conferral with plaintiff on March 28, 2014, undersigned counsel notified plaintiff that it did not appear he had timely responded to the Motion to Dismiss. *See* **Exhibit 1** attached hereto, p. 1. Plaintiff did not respond to Nationstar's conferral email. Nor did plaintiff seek leave from the Court to respond to the Motion to Dismiss out of time.

7. Nationstar filed its response to the Second MFL on April 23, 2014, again noting that a response to the Motion to Dismiss had not been filed. On May 5, 2014, plaintiff filed his response to Nationstar's Motion to Dismiss (the "Response").

## LEGAL ARGUMENT

### I. PLAINTIFF HAS WAIVED HIS RIGHT TO RESPOND.

Plaintiff's deadline to respond to Nationstar's Motion to Dismiss, including three additional days pursuant to Rules 6(d) and 5(b), was March 21, 2014. Plaintiff did not seek an extension of this deadline from Nationstar or the Court, and did not file a response to the Motion to Dismiss by that date. Nor, even after being alerted to this issue on March 28, 2014 (*see* Ex. 1) did plaintiff (1) confer with undersigned counsel or

(2) seek leave from the Court to file an out-of-time response to the Motion to Dismiss pursuant to Rule 6(b)(1)(B).  Instead, plaintiff filed his Response on May 5, 2014, forty-five days after his deadline had passed.  Plaintiff's Response was not accompanied by a motion for leave to file his brief out-of-time, and does otherwise address the untimeliness of his filing.[1]

Although *pro se* "pleadings must be construed liberally" *pro se* parties "must follow the rules of procedure governing all litigants."  See *Cobley v. Klinger*, 176 F.3d 488, 488 (10th Cir. 1999) (unpublished) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).  "Failure to oppose a motion to dismiss within the proper time period constitutes a waiver of objection by the party not complying and a confession of matters raised in his opponent's pleadings."  *Cobley*, 176 F.3d at 488; *accord Eaton v. Union Pacific Railroad Co.*, 2007 WL 1814659, *1 (N.D. Okla. 2007) (citing "*Perisk v.*

---

[1] In his reply in support of his Second MFL, plaintiff asserted that he and undersigned counsel reached a "stipulation" pursuant to which Nationstar was given additional time to file its response to his Amended Complaint and "Defendants agreed to reciprocate the courtesy."  See Reply In Support of Second MFL, p. 5, ¶ 9.  In truth, Nationstar conferred with plaintiff concerning a 21-day extension pursuant to Local Rule 6.1(a), *see* attached **Exhibit 2,** but it did not agree in advance to an extension of plaintiff's deadline to respond to the Motion to Dismiss.  Certainly Nationstar's counsel would have, and will still, extend reasonable scheduling courtesies.  But this is not what happened.  When Nationstar first asked for an extension, Plaintiff responded to the conferral email by stating he would be willing to consider the extension if Nationstar agreed: (1) to pay him $100,000 for each action it takes relating to the eviction of plaintiff from the Property, and (2) provide him with an extension of "two weeks per page" to respond to any pleadings and documents filed by defendants in this matter. *See id.*  Undersigned counsel informed plaintiff that these conditions were unreasonable and not in good faith, and thus were not accepted.  *See id.*  Undersigned counsel indicated that Nationstar intended to file a motion for extension of time, as opposed a stipulation, and attempted to confer with plaintiff as to whether he would oppose the motion.  *See id.*  No response was received to this conferral attempt, so undersigned counsel called plaintiff on January 31, 2014.  *See id.*  The result of this call was that plaintiff agreed to stipulate to a 21-day extension of Nationstar's deadline to respond to the Amended Complaint, without the previously demanded conditions. *See id.* Plaintiff then asked whether the same courtesy would be extended to him if needed, and undersigned counsel informed plaintiff that if he required additional time to file particular pleadings or briefs, he could let undersigned counsel know, and Nationstar would likely be amenable to such a request.  At no time did Plaintiff request, and thus nor did undersigned counsel agree to extend plaintiff's deadline to respond to the Motion to Dismiss. Any implications to the contrary by plaintiff are particularly implausible, given that Nationstar advised plaintiff that he had failed to file a response to the Motion to Dismiss only one week after his deadline had passed, and plaintiff did not respond to this conferral email, and did not file his Response to the Motion to Dismiss until thirty-eight days afterward.

*Manpower, Inc.,* 2003 WL 23098617 (10th Cir. 2003); *cf. Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190 (10th Cir.2002); *Fields v. Corrections Corp. of America*, 2006 WL 991100 at *1 (10th Cir. April 17, 2006).

Plaintiff's failure to timely respond to Nationstar's Motion to Dismiss constituted a waiver of his right to respond to the same or to object to the requested relief sought thereby. *See Cobley*, 176 F.3d at 488; *Eaton,* 2007 WL 1814659 at *1. Thus, the arguments raised in plaintiff's Response have been waived and should be disregarded. *See id.* In light of the foregoing, Nationstar respectfully requests that the Court enter an order granting Nationstar's Motion to Dismiss. *See id.*; *see also, e.g., Jackson v. ASA Holdings*, 751 F.Supp.2d 91, 101 (Dist. D.C. 2010).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(1) and 12(b)(6).

Even if the Court considers plaintiff's Response, plaintiff's claims still fail as a matter of law, and should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

### A. The Amended Complaint Should be Dismissed Pursuant to Rule 12(b)(1).

Nationstar's Motion to Dismiss explained that dismissal of plaintiff's Amended Complaint is necessary under the *Rooker-Feldman* doctrine. Plaintiff's untimely arguments to the contrary are misplaced. First, plaintiff acknowledges that the *Rooker-Feldman* doctrine "precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Grove v. Delaney,* 2012 WL 3131829, *2 (D. Colo. 2012) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Yet, instead of showing that doctrine is

4

not applicable here, plaintiff's response instead attempts to create false distinctions between the specific underlying facts in *Rooker, Feldman*, *Grove, and Exxon* and those here.  As explained in detail in the Motion to Dismiss, the *Rooker-Feldman* doctrine goes beyond the facts of that particular case, and has been applied by this Court in circumstances virtually identical to those here.  *See Driskell*, 2013 WL 4944187, *9 (D. Colo. 2012).  As in *Driskell*, the state Rule 120 Court here entered its Order Authorizing Sale prior to the initiation of this lawsuit, and the foreclosure proceeding has now been fully concluded and closed (Doc.# 39-3 & 45-2; 39-4 & 45-3; 39-5 & 45-4).  Further, the purpose of and the relief sought by plaintiff's Amended Complaint is to undo the now completed foreclosure.  (*See* Amended Complaint ¶¶ 72 & 73).

Plaintiff makes no effort to distinguish *Driskell* from the case here.  Nor does his Response provide any analysis of Nationstar's other arguments as to why the *Rooker-Feldman* doctrine bars plaintiff's claims, *e.g.*, Nationstar's argument that such claims are barred because they are "inextricably intertwined" with the state court judgment. (*See* Motion to Dismiss, pp. 5-6.)  For these reasons, and for those stated in the Motion to Dismiss, plaintiff's claims in this case are barred by the *Rooker-Feldman* doctrine and should be dismissed.

### B. The Amended Complaint Fails to State a Claim Under the Fourteenth Amendment or 42 U.S.C. § 1983 Because Nationstar is not a "State Actor" and its Foreclosure Was Not a "State Action.

Nationstar's Motion to Dismiss explained that all of plaintiff's claims require him to set forth specific factual allegations showing that the wrongs he complains of were "committed by a state actor."  *See* Motion to Dismiss, 7-9.  The Motion to Dismiss

5

further explained that plaintiff has not alleged facts to support a finding that Nationstar was a "state actor," and that no such allegations were plausible in this case. *Id.*

Plaintiff's Response fails to identify any facts alleged in his Amended Complaint[2] that would show that Nationstar is a "state actor" for purposes of his assertion that Nationstar's foreclosure violated his Due Process and Equal Protection rights. Instead, the Response suggests that his Amended Complaint contains references to Colorado's foreclosure statutes. References to these statutes fail to establish that plaintiff's Amended Complaint is not subject to dismissal under Rule 12(b)(6).

Contrary to plaintiff's suggestions, C.R.S. § 38-38-100.3(20) does not define "state actors" for purposes of Due Process or Equal Protection claims under 42 U.S.C. § 1983. Instead, it merely provides a list of entities, both public and private (including private banks) that may be a "qualified holder" under Colorado's foreclosure statutes (*i.e.,* a lender who may initiate foreclosure by providing to the public trustee a copy of the note and a certification signed by the attorney for such holder). *See* C.R.S. § 38-38-101(6)(b); *McDaniel v. Denver Lending Group, Inc.*, 2009 WL 1873581, *17 (D. Colo. 2009).

Nothing in these statutes establishes that Nationstar, a private company, is a "state actor" for purposes of plaintiff's § 1983 claim. Moreover, to the extent plaintiff's arguments imply that Nationstar is a "state actor" because it serviced plaintiff's mortgage loan on behalf of the owner/investor of the loan, Federal National Mortgage Association ("Fannie Mae" or "FNMA"), such arguments are misplaced. Among other

---

[2] Throughout his Response, plaintiff fails to reference the operative complaint for purposes of the Motion to Dismiss (the Amended Complaint, Doc.#14), but instead references the allegations contained in his proposed "Fourth Amended Complaint" (Doc.# 56), which has been opposed and has not been accepted by the Court.

6

reasons, the circuit courts that have considered the issue have held that Fannie Mae is not a "state actor" for purposes of Due Process claims. *See American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 75 F.3d 1401, 1408-09 (9th Cir. 1996) (citing *Northrip v. Federal National Mortgage Ass'n*, 527 F.2d 23, 30-32 (6th Cir.1975) (concluding that "FNMA[']s . . . actions should not be considered those of the state," reasoning that it is federally chartered and regulated but its stock is traded on New York Stock Exchange and only 5 of 15 directors were appointed by the President) and *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 359 (5th Cir.1977) (relying on *Northrip* and holding that FNMA's activities did not qualify as governmental action)). For these reasons, and for the reasons set forth in the Motion to Dismiss, even if the Court had subject matter jurisdiction over plaintiff's claims, they would each still be subject to dismissal because Nationstar is not a "state actor."  Accordingly, the Court should dismiss plaintiff's claims in their entirety.

**C. Plaintiff Has Failed to Establish Due Process or Equal Protection Violation.**

Finally, nothing in plaintiff's Response shows that plaintiff has stated claims for violations of his Due Process and Equal Protection rights. Indeed, plaintiff's Response fails to address the key arguments made in Nationstar's Motion to Dismiss.

**1. No Due Process Violation.**

As to plaintiff's Due Process claims, nothing in plaintiff's Response points to any allegations in the Amended Complaint that could plausibly show plaintiff was deprived of notice and opportunity for a hearing in connection with the C.R.C.P. 120 hearing.  To the contrary, plaintiff's Amended Complaint admits that plaintiff received notice and an opportunity to be heard and that plaintiff in fact cross-examined Nationstar's witness at

the Rule 120 hearing. *See* Amended Complaint, ¶ 69. Plaintiff likewise fails to address any of the other arguments raised in the Motion to Dismiss, establishing that plaintiff's Amended Compliant fails to state Due Process claim as a matter of law.

Instead, plaintiff now argues that certain documents attached to his proposed Fourth Amended Complaint (which complaint has not been accepted by this Court) show that Nationstar was not the real party in interest in the Rule 120 Proceeding.[3] Specifically, plaintiff takes issue with the fact that Fannie Mae's prior counsel allegedly prepared two demands for possession of the Property—one before Fannie Mae's Special Warranty Deed was executed from its loan servicer, Nationstar (*see* Doc.# 56-4), and a second one on the day the Special Warranty Deed was executed (See Doc.# 56-5). Plaintiff argues that he was "denied access to [this supposedly] pertinent evidence" because of the "illogical negative burden . . . on the plaintiff" and the "summary nature of the Rule 120 hearing."[4] Plaintiff's arguments are implausible.

First, plaintiff's contention that his Due Process rights were violated because he was denied access to the foregoing documentary evidence is illogical. The Rule 120

---

[3] Plaintiff also appears to contend that these documents show that Nationstar, Fannie Mae, and the Castle Law Group violated various state and federal criminal statutes. These arguments are misplaced for several reasons. First, these allegations were not pled in plaintiff's Amended Complaint (or in his proposed Fourth Amended Complaint), and plaintiff may not amend his complaint through arguments made in response to a motion to dismiss. *See Ziegler v. Moore*, 2005 WL 1356486, *4 (W.D.Okla. 2005) (collecting cases). Next, there is no indication, from either the statutes themselves or any case law interpreting them, that any of these criminal statutes were intended to confer a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 289, 121 S.Ct. 1511, 1521 (2001). Finally, for the reasons stated herein (*i.e.,* that Nationstar was the servicer of plaintiff's mortgage loan for Fannie Mae and transferred the Property to the Fannie Mae after it purchased the same at the Public Trustee Sale), plaintiff's contentions that there was criminal conduct on the part of defendants is not plausible. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)).

[4] Contrary to plaintiff's contention that the "summary nature of the Rule 120 hearing" violated his Due Process rights, and as explained in detail in Nationstar's Motion to Dismiss, Colorado's Rule 120 process has been upheld as providing adequate due process. *See, e.g., Ramsey v. Citibank, N.A.*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918, *4 (D. Colo. 2011) *aff'd*, 475 Fed. Appx. 711 (10th Cir. 2012) (unpublished); *Driskell*, 2013 WL 4944187 at * 14); *see also In re Roberts*, 367 B.R. 677, 687 (Bankr. D. Colo. 2007).

Hearing was held on December 2, 2013, and the Public Trustee's Sale occurred on December 18, 2013. The documents he claims he was improperly denied access to were not created until January 6-7, 2014 (Doc.# 56-4, pp. 1-2), and March 18, 2014 (Doc.#56-8), respectively. Next, plaintiff's allegations fail to plausibly show that Nationstar was not entitled to enforce the Note at the Rule 120 Hearing. In order to establish that Nationstar was not the proper party to foreclose on the Property, plaintiff would have had to set forth plausible facts showing that Nationstar was not the holder of the Note or otherwise not entitled to enforce the same. Here, however, there are no allegations that Nationstar was not in possession of the Note, or that the Note was not endorsed to the bearer of the Note.[5] To the contrary, plaintiff has sought to introduce a copy of the Note in this case (Doc.# 56-6), which shows that the Note introduced at the Rule 120 Hearing was in fact endorsed in blank by the originating lender, and contains no subsequent endorsements). Accordingly, plaintiff's arguments concerning the demands for possession after Nationstar foreclosed on the Property and purchased it at the Public Trustee Sale, are irrelevant to the issue of whether Nationstar was previously entitled to enforce the Note. Lastly, regardless of whether a demand for possession was issued by Fannie Mae's prior counsel before the Special Warranty Deed from Nationstar to Fannie Mae, the Special Warranty Deed itself shows that the Property was conveyed from Nationstar to Fannie Mae after Nationstar purchased the Property at the

---

[5] "In Colorado, non-judicial foreclosure based upon a violation of a deed of trust provision can be accomplished by 'a holder of an evidence of debt." Colo.Rev.Stat. § 38–38–101(1). The 'holder of an evidence of debt" includes a 'person entitled to enforce an evidence of debt" and presumptively includes "[t]he person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank.' Id. § 38–38–100.3(10)(c); see also id. § 4–1–201(20). As the commercial code makes clear, a person entitled to enforce an instrument may be a holder, and need not be an owner, of the instrument. Id. § 4–3–301." *McDonald v. OneWest Bank*, F.S.B., 680 F.3d 1264, 1266 (10th Cir. 2012).

foreclosure sale.[6] Both the March 18, 2014 Special Warranty Deed and the March 18, 2014 demand for possession were filed as exhibits to Fannie Mae's complaint in unlawful detainer in the FED Action.

### 2. No Equal Protection Violation

Plaintiff's Response fails to address the arguments raised in Nationstar's Motion to Dismiss with regard to plaintiff's Equal Protection claims.  Specifically, plaintiff has still not pointed to any factual allegations that would plausibly show, and has failed to even argue, that if there was a distinction between one group of citizens over another, such classification is "wholly irrelevant to the achievement of the State's objective," as required to state an Equal Protection claim.  *See* Motion to Dismiss, p. 12 (citing *Lindsey v. Normet*, 405 U.S. 56, 70 (1972); *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)).  Accordingly, these arguments should be deemed confessed, and plaintiff's Equal Protection claims should be dismissed.  *See, e.g., Guardian Title Agency, LLC v. Matrix Capital Bank*, 141 F.Supp.2d 1277, 1283 (D.Colo. 2001) ("Plaintiff failed to respond to Defendant's justifiable reliance argument in its written response to the Motion to Dismiss; I treat this failure to respond as a confession to the Motion."); *Brown v. K-MAC Enterprises*, 897 F.Supp.2d 1098, 1109 (N.D.Okla. 2012)*. Billey v. Jones*, 2012 WL 3595126, *2 (W.D.Okla. 2012).

---

[6] A copy of the Special Warranty Deed is attached hereto as **Exhibit 3**.  The Special Warranty Deed may be considered without converting Nationstar's Motion to Dismiss into a motion for summary judgment because it is a public record that was recorded with the Park Count Clerk and Recorder on March 24, 2014, at Reception No. 705714, and was filed with the Park County Court in the forcible entry and unlawful detainer action, Case No. 2014C30068 (the "FED Action").  *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 (10th Cir. 2004); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)); *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001).

Dated this 19th day of May, 2014.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC

*s/ James P. Eckels*
Jamie G. Siler, Colorado Bar No.: 31284
James P. Eckels, Colorado Bar No.: 40858
410 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 534-2277
jsiler@bmas.com
jeckels@bmas.com
*Attorneys for Nationstar Mortgage LLC*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of May, 2014, the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/Mark S. Adams*
Mark S. Adams, paralegal

11