IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **13-CV-03309-REB-KMT**

MARTIN THOMAS WIRTH, Plaintiff,

v.

JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado, et al

Defendants.

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
PURSUANT TO RULE 65(b)**

**EX PARTE COMMUNICATION AND REMOVAL OF A COUNTY COURT JUDGE**

1. Despite notice of the Complaint and Jurisdiction of this Court, FNMA brought a forcible entry and detainer procedure (FED) [Colorado Case No. 14C030068]. In that case, there was an ex parte communication. The result of this was an ex parte decision to replace the sitting Park County Court judge with another judge: the Honorable Arthur R. Smith. No explanation was offered as to why the County Court judge was removed from the case. The Plaintiff, Wirth, was not given an opportunity to ask about the process or reasoning behind the removal. No complaint against the presiding Park County Court Judge had come to the attention of the Plaintiff. As far as the Plaintiff knows, his integrity is unblemished.

## NO FORCE WAS GIVEN TO THE COLORADO STATUTES AS PROOF EVIDENCED IN THE RECORD WAS IGNORED

2. The Plaintiff's [Wirth] answer as a defendant in the FED noted that FNMA through its agents had misrepresented ownership interest in the Plaintiff's property [# 56-5] on January 7, 2014 by posting a Demand for Possession naming FNMA as having ownership interest in the Plaintiff's property. The foreclosure action was brought in the name of Nationstar, not FNMA, and no deed had been granted to either of these separate corporate entities on that date. This violated Colorado Revised Statute (CRS) §18-5-302(2) which states that "Any person who knowingly makes a false representation as to the existence of an ownership interest in land which he has as a seller or which his principal has, and which is relied upon, commits a class 6 felony."

3. The violation of CRS §18-5-302(2) was proven by the March 18, 2014 issuance of a Special Warranty Deed conveying the Plaintiff's property from Nationstar to FNMA [# 61-3]. If FNMA already had an ownership interest in the Plaintiff's property then the Rule 120 hearing [Colorado case 2013CV030104] was brought fraudulently in violation of CRS §18-5-302(2) or the Special Warranty Deed was issued in violation of CRS §18-5-302(1) which states that "Any person who, after once selling, bartering, or disposing of any land, or executing any bond or agreement for sale of any land, again sells, barters, or disposes of the same tract of land or any part thereof, or executes any bond or agreement to sell or barter or dispose of the same land or any part thereof, to any other person, with intent to defraud, commits selling land twice. Selling land twice is a class 5 felony."

4. The Special Warranty Deed was notarized in the State of Texas, making the issuance of the fraudulent documents [# 56-5, 61-3] an interstate crime. A Criminal Complaint has been filed with the United States District Attorney citing the evidence proving the fraud.

5. Neither Nationstar nor its agents in the Castle Law Group contested the propriety of the unlawful FNMA Demand for Possession. The Special Warranty Deed also proves the complicity of Nationstar and Castle Law Group as active participants in felony violation of CRS §18-5-302(2), which is a violation of CRS §18-2-201(1) that states, "A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime."

6. In People v. Hood, 878 P.2d 89 (Colo. App. 1994), the Colorado Court of Appeals ruled that pursuant to CRS §18-2-201 "the essence of the crime of conspiracy is the illegal agreement to commit a crime plus at least one overt act in furtherance of that agreement."

7. The felonious actions shown above were committed to retaliate against the Plaintiff for filing the Complaint and its Constitutional Question. The unlawful actions of Nationstar, FNMA, and other accomplices are designed to harm the Plaintiff by: 1. wrongfully depriving him of his home and place of business, 2. obtaining money through improper and fraudulent proceedings, 3. attempting to illegally cause distress and mental anguish to the Plaintiff as a distraction from prosecuting the Complaint, and 4. fabricating confusing documents to be relied upon in the Complaint.

8. In the final FED hearing before Judge Smith, Jamie Siler offered a defense of the felony exhibited by the January 7, 2014 Demand for Possession by calling it "premature". This is no defense. Misrepresenting ownership interest is not excused under the statute even though the offender may have enough money to purchase the property later from another party, and while that property is in litigation.

## THE DOCTRINE OF CLEAN HANDS

9. In the FED case, the self-evidently felonious conduct of the Defendants are "immediately and necessarily related to the equity that the Plaintiff [FNMA] seeks in the litigation" per General Development Corp v. Binstein, 743 F.Supp. at 1134; see also Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933).

10. There is a long history of precedent that supported dismissal of the FED case brought by FNMA. In Deweese v. Reinhard, 165 U.S. 386, 390 (1897), the Supreme Court stated that "Upon his own showing, the plaintiff's conduct demands condemnation, rather than commendation."

11. The United States Supreme Court then ruled that "A court of equity acts only when and as conscience commands; and if the conduct of the plaintiff be offensive to the dictates of natural justice, then whatever may be the rights he possesses, and whatever use he may make of them in a court of law, he will be held remediless in a court of equity."

12. In Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933) the plaintiff in that case contended that "the maxim does not apply unless the wrongful conduct is directly connected with and material to the matter in litigation, and that, where more than one cause is joined in a bill and plaintiff is shown to have come with unclean hands in respect of only one of them, the others will not be dismissed."

13. United States Supreme Court disagreed stating "'that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.'

Pomeroy, Equity Jurisprudence (4th Ed.) § 397"

## THE DOCTRINE OF PRIOR EXCLUSIVE JURISDICTION

14. Along with the Constitutional Question, the property in contention is now in the jurisdiction of the US Court. Opening another case to take the Plaintiff's property is a clear and egregious violation of a long-established Doctrine of the United States Supreme Court. The Doctrine of Prior Exclusive Jurisdiction holds that, "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Marshall v. Marshall, 547 U.S. 293, 311 (2006)

15. In Penn General Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195-196 (1935) the Supreme Court of the United States ruled that "To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, see Peck v. Jenness, 7 How. 612, 625; Taylor v. Carryl, 20 How. 583, 595; Freeman v. Howe, 24 How. 450, 459; Buck v. Colbath, supra, 341; Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., supra, 61, and to protect the judicial processes of the court first assuming jurisdiction, Wabash R. Co. v. Adelbert College, supra, 54; Palmer v. Texas, 212 U.S. 118, 129, 130, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."

## CONCLUSION

16. The Park County Court Judge in the FED was removed in an ex parte action. No explanation was offered to the Plaintiff, Wirth, for the removal. There was no bias whatsoever on the part of the original judge. On the contrary, he immediately ruled against the Plaintiff's request for a jury trial in the FED.

17. The replacement judge was clearly biased by a corrupting influence and came determined to do the following:

   1. ignore the felonious conduct of FNMA,

   2. ignore the evidence that proved the felony,

   3. refuse to give any force to the pertinent statutes, and

   4. usurp the Doctrines established by the United States Supreme Court.

18. Evicting the Plaintiff from his home and place of business usurps prior jurisdiction and is clearly an action designed: 1. to retaliate against the Plaintiff for asking a federal question, 2. to corrupt the judicial process, and 3. to leave the Plaintiff homeless and vulnerable to assaults, thereby ending the lawful prosecution of this case.

19. Therefore, the Plaintiff respectfully requests that the Court issue an Order Restraining the Park County Sheriff from entering and evicting the Plaintiff from his property and home.

Respectfully requested this 2nd day of June 2014.

S/Martin Thomas Wirth
Martin Thomas Wirth, Plaintiff pro se       303-816-1054
36 Iris Drive                               martin.wirth@specialtywrench.com
Bailey, Colorado 80421

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of June, 2014, the foregoing Reply to Motion to Dismiss was filed and served electronically via CM/ECF, upon the following:

| | |
|---|---|
| Kathryn Anne Teresa Starnella | James P. Eckels |
| Colorado Attorney General's Office | Jamie G. Siler |
| Ralph L. Carr Colorado Judicial Center | Bloom, Murr, Accomazzo & Siler, PC |
| 1300 Broadway | 410 17th Street, Suite 2400 |
| Denver, Colorado 80203 | Denver, Colorado 80202 |

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC
675 Main Street
P.O. Box 1046
Fairplay, Colorado 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street, Suite 2100
Denver, Colorado 80202

                                                <u>S/Martin Thomas Wirth</u>
                                                Plaintiff pro se