IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **13-CV-03309-REB-KMT**

    MARTIN THOMAS WIRTH, Plaintiff,

v.

    JOHN HICKENLOOPER, In his Official Capacity as Governor of Colorado,
    NATIONSTAR MORTGAGE, LLC. (Nationstar),
    JAY BRAY, Chief Executive of Nationstar in his Corporate and Individual Capacities,
    FEDERAL NATIONAL MORTGAGE ASSOCIATION (FNMA),
    TIMOTHY J. MAYOPOULOS, Chief Executive of FNMA in his Corporate and Individual Capacities,
    STEPHEN A. GROOME, Judge - 11th District Court of Colorado
    ARTHUR R. SMITH, Senior Judge - Retired from Mesa County Court
    THE CASTLE LAW GROUP, LLC. (CLG),
    CYNTHIA LOWERY-GRABER, CLG Attorney,
    DEANNA WESTFALL, CLG Attorney,
    BRITNEY BEALL-EDER, CLG Attorney,
    CHRISTOPHER T. GROEN, CLG Attorney,
    LAWRENCE E. CASTLE, Chief Executive of CLG in his Corporate and Individual Capacities,
Defendants.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that the Plaintiff hereby moves the Court for leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d).

This Motion shall be based on this Notice, the Memorandum of Points and Authorities in Support, the Proposed Supplemental Complaint and evidence attached hereto, and any other material the Court shall deem just and proper.

Date: June 23nd, 2014           Martin Thomas Wirth

                                /S/ Martin Thomas Wirth

                                Plaintiff pro se

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

1. The Amended Complaint currently on file in this matter concerns Defendants' exploitations of Constitutional deficiencies in Title 38 Colorado Statutes that deprived the Plaintiff of his rights to Due Process and Equal Protection, and violate the fundamental rules of evidence. The Plaintiff now seeks leave to file a supplemental pleading to address the self-evident malfeasance of Defendants and their agents, which was committed to retaliate against the Plaintiff for raising a federal question and to usurp long-established United States Supreme Court

Doctrines.

## II. Statement of Facts

2. Plaintiff's Complaint was originally filed on December 9th, 2013. The filing was seven days after the Rule 120 hearing on December 2nd, 2013. Unknown to the Plaintiff at the time, the Rule 120 hearing was conducted in violation of CRS § 13-1-122 because the presiding judge, the Hon. Stephen A. Groome, was invested in securities related to the mortgage lending business.

3. On January 7th an illegal Demand for Possession was posted on the Plaintiff's property at 36 Iris Drive, Bailey, Colorado 80421 in the name of FNMA. The Rule 120 had been brought in the name of Nationstar, so the Plaintiff amended the Complaint to show that Nationstar was not the Real Party in Interest. The current Amended Complaint was filed on April 2, 2014 after the Plaintiff had been served another Demand for Possession on March 18, 2014.

4. In the subsequent forcible, entry, and detainer (FED) hearings conducted in May 2014, the Plaintiff notified the Park County Court that his property was now in contention under the jurisdiction of this United States Court. The regular seated Park County Court judge was conducting the hearings in a manner that was consistent with the law and seemed willing to respect the long-established Doctrine of Prior Exclusive Jurisdiction. During the FED conference of May 22nd, 2014, the Plaintiff learned that the Castle Law Group had been fired by FNMA and that the FED would be heard by a senior judge.

5. The senior judge, Hon. Arthur R. Smith, disallowed any further litigation in the FED, usurped two long-established Supreme Court Doctrines in equity, and

     summarily ruled against Wirth in a hearing on May 29th, 2014.

6. The Plaintiff subsequently discovered that retired judges in the State of Colorado are receiving payments from FNMA via their privatized pension funds. By hearing the case without informing Wirth of his pecuniary interest in mortgage-backed securities, the Hon. Arthur R. Smith violated CRS §13-1-122 and CRS §18-8-404. By ruling on the case, the Hon. Arthur R. Smith violated CRS §18-8-403.

### III. The Court Should Grant the Plaintiff Leave to File a Supplemental Complaint Alleging Facts not in Existence When the Amended Complaint was Filed

7. FRCP 15(d) permits the filing of a supplemental pleading that introduces a cause of action not alleged in the original or amended complaints based on facts not in existence when those pleadings were filed. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998). While supplemental pleadings can only be filed with the leave of the court and upon such terms as are just, they are favorted because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. Absent a clear showing of prejudice to the opposing party, supplemental pleadings are liberally allowed. See Keith v. Volpe, 858 F.2d 467,473 (9th Cir. 1988). A showing of prejudice against the Defendant's cannot be sustained, therefore the Court should grant Plaintiff's Motion for Leave to file a Supplemental Complaint.

8. No prejudice is put upon the Defendants by the filing of supplemental pleadings in this case. Defendants have yet to file any Answer to Plaintiff's Amended Complaint [#56-1], no scheduling order has been set in this case, and parties are not likely to enter trial phase within the next three weeks. Defendants will thus have plenty of additional time to prepare a defense to Plaintiff's newly raised

causes of action.

9. Plaintiff has conferred with the Defendants on the issue of filing the supplemental complaint. Defendants are likely to object. One objection stated that the Rooker-Feldman Doctrine applies. This objection has already been refuted in the Response to the Motion to Dismiss the Second Amended Complaint [#59, ¶¶3-24] by showing the felonious conduct of FNMA and Nationstar in evidence as proven and self-contradictory misrepresentations produced since the Complaint was originally filed. The facts presented in the Supplemental Complaints did not exist prior to the unlawful forcible entry and detainer proceedings conducted at the behest of FNMA in April and May of 2014.

10. The Supplemental Complaint and the Court records themselves show that FNMA through its agents in the Castle Law Firm committed one or more self-evident felonies that were entered into the Court records. The Doctrine of Clean Hands would normally bar FNMA from seeking further illegal and unjust rulings in any court of equity regarding the Plaintiff's property. Moreover, the Doctrine of Prior Exclusive Jurisdiction would also bar the Park County Court from considering a case where the same property was also being contested in another court, namely in this United States Court in the District of Colorado.

11. The foreclosure proceeding of the Rule 120 was conducted in a Colorado State District Court [Case No. 13CV30104] and wrongfully heard and adjudicated in favor of Nationstar. The FED was conducted in the Park County Court in a separate case [Case No. 14C030068] and was wrongfully heard and adjudicated in favor of FNMA. These two separate cases in two separate courts show that the jurisdictional issues raised by the Defendants are patently nonsensical. One

>  State court relinquished jurisdiction to another in separate cases with a gap of time between the adjucation of December 2nd, 2013 and the Park County Court then hearing a separate case in April and May of 2013. When the Plaintiff brought the federal question regarding his property on December 9th, 2013, no court was exercising jurisdiction at that time. But this US Court was still proceeding with the present case when the FED was unlawfully brought by FNMA to retaliate against the Plaintiff for raising a Constitutional question and for exposing the malfeasance of FNMA and its agents [#59] to the scrutiny of criminal statutes.

12. Colorado State courts are neither impartial nor inclined towards following the law in any case involving mortgage lenders. The Supplemental Complaint states: 1. malfeasance shown in the Court records themselves, and 2. racketeering activities used to influence the Colorado judiciary in the furtherance of that malfeasance.

13. The Colorado Statutes must be subjected to strict Constitutional scrutiny. The Unconstitutional Colorado foreclosure statutes incite widespread fraud and bribery, going so far as to induce Colorado judges to ignore crimes and criminal law, to flaut laws governing judicial conduct, and to usurp long-established Doctrines of the United States Supreme Court.

14. The Supplemental Complaint is based on facts that may be publicly discovered and that, when exposed to the light of the law, reveal a widespread system of racketeering that has used its financial influence to taint the entire Colorado judiciary with a corrupting influence.

## CONCLUSION

Whereas (1) the Plaintiff's obligations as a citizen require him to introduce new allegations of fact that have materialized subsequent to the filings of the Amended Complaints, and (2) no prejudice against the Defendants will result, the Court should grant Plaintiff's Motion for Leave to File the Supplemental Complaint.

Respectfully submitted this 22nd day of June 2014.

> MARTIN THOMAS WIRTH
>
> Plaintiff pro se
>
> s/Martin Thomas Wirth
>
> Email: martin.wirth@specialtywrench.com

## CERTIFICATE OF SERVICE

       I hereby certify that on June 18th, 2014, I served a true and complete copy of the foregoing Motion for Leave To File a Supplemental Complaint Pursuant To Fed.Rule.Civ.Proc. 15(d) upon each Defendants or counsel of record via CM/ECF, as listed below:

| Party | Counsel of Record | Service Method |
| --- | --- | --- |
| John Hickenlooper<br>Stephen A. Groome | Kathryn A. Starnella<br><kathryn.starnella@state.co.us> | CM/ECF |
| Michelle Miller | Lee Phillips<br><hcp@hphclaw.com> | CM/ECF |
| Nationstar Mortgage, LLC<br>Jay Bray, CEO | Jamie G. Siler<br><jsiler@bmas.com><br>James P. Eckels<br><jeckels@bmas.com> | CM/ECF |
| Lawrence E. Castle<br>The Castle Law Group, LLC | Christopher T. Groen<br><cgroen@cmsatty.com> | CM/ECF |
| Cynthia Lowery-Graber<br>Deanna Westfall<br>Britney Beall-Eder<br>Christopher T. Groen | <cgroen@cmsatty.com> | CM/ECF |
| FNMA<br>Timothy J. Mayopoulos, CEO | Jamie G. Siler<br><jsiler@bmas.com><br>James P. Eckels<br><jeckels@bmas.com> | CM/ECF |

                                                      <u>s/ Martin Thomas Wirth</u>