IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

**ORDER**

    This matter is before the court on Plaintiff's "Second Motion for Leave to File Amended Complaint" (Doc. No. 56, filed April 2, 2014) and "Plaintiff's Notice of Motion and Motion for Leave to File a Supplemental Complaint" (Doc. No. 66, filed June 22, 2014).

    Though Plaintiff has filed a motion to substitute his complaint, it appears he wishes to significantly amend his complaint. The court is unable to determine whether Plaintiff intends for his proposed supplemental complaint to take the place of the current, operative complaint (Doc. No. 14) and also is unable to determine if he wishes to supplement the operative complaint or the

proposed amended complaint attached to his previously-filed motion to amend (Doc. No. 56). The court also notes that Plaintiff has failed to comply with D.C.COLO.LCivR 15.1(b).

Plaintiff previously amended his complaint (Doc. No. 14) and attempted to file another amended complaint that was stricken (*see* Doc. Nos. 38, 44). However, the plaintiff may not amend his complaint simply by filing piecemeal amendments and supplements. Rather, he must file the entire proposed amended complaint. The plaintiff may not incorporate by reference his original complaint. The amended complaint must stand alone; it must contain all of the plaintiff's claims. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Finally, the court notes that Plaintiff's proposed amended complaint and supplemental complaint fail to comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Therefore, it is **ORDERED** that Plaintiff's "Second Motion for Leave to File Amended Complaint" (Doc. No. 56) and "Plaintiff's Notice of Motion and Motion for Leave to File a Supplemental Complaint" (Doc. No. 66) are **DENIED** without prejudice. If Plaintiff wishes to amend his complaint, he may file a renewed motion to amend and attach a proposed amended complaint, in accordance with D.C.COLO.LCivR 15.1(b), and in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules of Practice.

Dated this 23rd day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge