IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

     Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the court on Plaintiff's "Emergency Motion for Temporary Restraining Order Pursuant to Rule 65(b)" (Doc. No. 62 [Mot.], filed June 2, 2014). Defendant Armstrong filed her response on June 2, 2014 (Doc. No. 79 [Resp.]), and Plaintiff filed his reply on June 3, 2014 (Doc. No. 65 [Reply]).

The court must construe the motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

This action arises from a public trustee foreclosure proceeding.  (*See* Doc. No. 14.)  In his complaint, Plaintiff seeks injunctive relief to prevent Park County from selling his property and evicting Plaintiff from his property, to stop all foreclosure proceedings and vacate the foreclosure judgment, and to repeal the Colorado foreclosure statutes.  (*See id.* at 40-41.)  In his present motion, Plaintiff seeks an order "[r]estraining the Park County Sheriff from entering and evicting the Plaintiff from his property and home."  (Mot., ¶ 19.)

A party seeking preliminary injunction must meet the following four conditions:

(1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must found his effort on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied.  *Schrier*, 427 F.3d at 1258.  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'"  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.  *Id.* (citation omitted).  The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to

2

prevent irreparable harm." *Id.* (citation omitted).  Therefore, to demonstrate irreparable harm,

Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be

irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Finally, an injunction is

only appropriate "to prevent existing or presently threatened injuries.  One will not be granted

against something merely feared as liable to occur at some indefinite time in the future."

*Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

      Plaintiff states if he is evicted from his home he will be "homeless and vulnerable to

assaults, thereby ending the lawful prosecution of this case."  (Mot., ¶ 18.)  However, Plaintiff

cannot establish that he will suffer irreparable harm absent a TRO because he does not allege that

he has a present right to remain in his home.  Eviction from property that one does not own does

not constitute irreparable harm.  *Allen v. United Props. & Constr., Inc.*, 07–cv–00214–LTB–

CBS, 2008 WL 4080035, at *18 (D. Colo. Sep. 3, 2008) (citing *Wendt v. Edward D. "Tito"*

*Smith*, 2003 WL 21750676, at *3 (C.D. Cal. 2003)).

      If even Plaintiff could demonstrate irreparable harm, Plaintiff has failed to demonstrate

that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause

the opposing party" and that "the injunction, if issued, would not be adverse to the public

interest." *Schrier*, 427 F.3d at 1258.  The court finds that the public interest is best served by

upholding the bright-line rule that Court interference is limited to only those extreme cases

where irreparable injury is clear.  The court finds that Plaintiff has failed to meet his burden in

relation to this factor.

      Finally, Plaintiff must show that he has a substantial likelihood of success on the merits

of his claims.  *Schrier*, 427 F.3d at 1258.  Plaintiff fails to specifically address whether he would

succeed on the merits of any of his underlying claims.  As such, Plaintiff has failed to set forth

sufficient proof, at this stage, that he is likely to succeed on the merits of the claims asserted in

his Complaint.  Moreover, pursuant to the *Rooker-Feldman* doctrine,[1] federal district courts are

precluded from conducting appellate type review of state court judgments, including those that

authorize and confirm the sale of property.  *See Beeler Props., LLC v. Lowe Enters. Residential*

*Investors*, LLC, No. 07–cv–00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (explaining

that the doctrine "applies in cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings and commenced and inviting

district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Mann v. Boatright*, 477 F.3d 1140, 1146 (10th

Cir. 2007) (stating same principle).

      Pursuant to Plaintiff's allegations in the complaint and attached to his reply (Doc. No. 65-

1), the Park County Court appears to have fully-adjudicated the parties' rights in connection with

the property at issue.  As such, this Court is precluded from reviewing or interfering with the

further sale or possession of the property or with the Park County Court's foreclosure-related

decisions.  Such interference would require this Court to substitute its judgment for those of the

state court on the issue of property rights.

      Accordingly, this court respectfully

      **RECOMMENDS** that Plaintiff's "Emergency Motion for Temporary Restraining Order

Pursuant to Rule 65(b)" (Doc. No. 62) be **DENIED**.

---

[1] The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See Vega v. Suthers, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule");  One Parcel of Real Property, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review);  International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived

their right to appeal the Magistrate Judge's ruling).  But see, Morales-Fernandez v. INS, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice

require review).

       Dated this 23rd day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge