IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
JOHN SUTHERS, in his official capacity as Attorney General of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
VICKI ARMSTRONG, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
LAWRENCE E. CASTLE, in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
MARY HAGER, individually, and
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff initiated this action by filing a *pro se* Complaint. (Doc. No. 1.) Plaintiff has twice amended his Complaint, and the current operative Complaint was filed on December 23, 2013. (Doc. No. 14.) The Court must construe the Complaint liberally because the plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff's Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  In fact, Plaintiff fails to set forth any claims at all.  Nearly his entire Complaint consists of citations to various legal authorities without identifying any act committed by any defendant.  Therefore, Plaintiff will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Plaintiff is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

**ORDERED** that Plaintiff file, **on or before August 30, 2014**, an Amended Complaint that complies with this Order. It is

**FURTHER ORDERED** that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint. It is

**FURTHER ORDERED** that if Plaintiff fails within the time allowed to file an Amended Complaint as directed, and that complies with this Order, this court will recommend that this action be dismissed without further notice. It is

**FURTHER ORDERED** that the defendants' motions to dismiss (Doc. Nos. 29 and 39) and for more definite statement (Doc. No. 31) are **DENIED** without prejudice as premature.

Dated this 1st day of August, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge