IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03309-REB-KMT

MARTIN T. WIRTH,

       Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
STEPHEN A. GROOME, in his official capacity as 11th District Court Judge,
ARTHUR R. SMITH, Senior Judge – Retired from Mesa County Court,
MICHELLE MILLER, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC,
JAY BRAY, Chief Executive of Nationstar, in his corporate and individual capacities,
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FNMA),
TIMOTHY J. MAYOPOULOS, Chief Executive of FNMA in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC,
CYNTHIA LOWERY-GRABER, CLG Attorney,
DEANNA WESTFALL, CLG Attorney,
BRITNEY BEALL-EDER, CLG Attorney,
CHRISTOPHER T. GROEN, CLG Attorney,
LAWRENCE E. CASTLE, Chief Executive of CLG in his corporate and individual capacities,
FRED WEGENER, individually and in his official capacities,
MARY HAGER, individually,

       Defendants.

---

**DEFENDANTS GOVERNOR JOHN HICKENLOOPER'S AND JUDGE STEPHEN A. GROOME'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

---

       This action arises from a public trustee foreclosure proceeding that was

conducted, pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38,

Article 38 of the Colorado Revised Statutes, in Park County District Court with

Defendant Judge Groome as the presiding judge. *See Nationstar Mortgage LLC v.*

*Wirth*, Case No. 2013cv30104 (Park County District Court). The underlying foreclosure proceedings concluded on December 3, 2013, with Judge Groome's finding that a reasonable probability of default exists and order authorizing the property's sale by public auction. On December 18, 2013, the property was sold at public auction. *See* Return of Sale dated January 16, 2014, Case No. 13cv30104 (Park County).[1]  On May 29, 2014, in a related forcible entry and detainer proceeding, *Federal Nat'l Mortgage Assoc. v. Wirth*, Case No. 2014C30068 (Park County), Judge Arthur R. Smith[2] entered a judgment for possession against Wirth, declaring FNMA the property's lawful owner, and, on June 2, 2014, Judge Smith issued a writ of restitution. *See* Judgment for Possession and Writ of Restitution, Case No. 14C30068 (Park County).

*Pro se* Plaintiff Martin Thomas Wirth initiated this action on December 9, 2013, over four months after the underlying foreclosure proceedings commenced. *See* Complaint, Doc. # 1. In the Fifth Amended Complaint (Doc. # 76) ("Complaint"), Mr. Wirth asserts multiple facial due process and equal protection challenges to Colorado's public trustee foreclosure proceedings (Claims 1-7; *see also* Claim 8). For the reasons

---

[1] Courts may "take judicial notice of judicial proceedings in other courts if they have a direct relation to the matters at issue."  *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009) (internal quotation marks and modification omitted); *Williams v. Slater*, 317 F. App'x 723, 725 n.2 (10th Cir. 2008) (stating, "federal courts, in appropriate circumstances, may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation and citation omitted).

[2] This motion is not being filed on behalf of Judge Smith, who was named a defendant on August 29, 2014, and upon whom process has not yet been served.

discussed below, Mr. Wirth's claims against Governor Hickenlooper and Judge Groome

should be dismissed in their entirety.

### OVERVIEW OF LEGAL FRAMEWORK FOR COLORADO'S PUBLIC TRUSTEE FORECLOSURES

Colorado's foreclosure mechanism is codified in Title 38, Article 38 of the

Colorado Revised Statutes. *See* COLO. REV. STAT. § 38-38-100.3, *et seq.* Two main

types of foreclosure proceedings exist in Colorado: (1) public trustee foreclosure under

Rule 120 of the Colorado Rules of Civil Procedure[3]; and (2) judicial foreclosure under

Rule 105 of the Colorado Rules of Civil Procedure. *See Beeler Props., LLC v. Lowe*

*Enters. Residential Investors, LLC*, No. 07-cv-00149, 2007 U.S. Dist. LEXIS 33434, at

*5-7 (D. Colo. May 7, 2007) (unpublished) (describing Colorado's foreclosure process

under Rule 120); *Vail/Arrowhead, Inc. v. Dist. Ct. for the Fifth Judicial Dist.*, 954 P.2d

608, 612 n.3 (Colo. 1998) (discussing mechanism for complete adjudication of parties'

rights under Rule 105).

A lender may pursue a public trustee foreclosure when the underlying security

instrument grants the public trustee a power of sale at the lender's direction. *See Beeler*

*Props.*, 2007 U.S. Dist. LEXIS 33434, at *5-6.; *see also Travelers Ins. Co. v. Wellman*,

721 P.2d 685 (Colo. 1986) (discussing public trustee foreclosure proceedings).[4]  If,

---

[3] Rule 120 is incorporated by reference into the Colorado Revised Statutes. *See* COLO. REV. STAT. § 38-38-105(2)(a), (3).

[4] If, however, the deed of trust grants the property to a *private*, rather than public, trustee, the deed "shall be deemed and taken to be a mortgage for all purposes and foreclosed only as mortgages are foreclosed in and through the courts [*i.e.*, in accordance with Rule 105]"  COLO. REV. STAT. § 38-39-101.

3

however, the borrower defaults on a security instrument that contains no mention of a public trustee-conducted sale, the lender must pursue a judicial, rather than public trustee, foreclosure under Rule 105. *See*, *e.g.*, *Hicks v. Joondeph*, 205 P.3d 432, 433 (Colo. App. 2008) (conducting appellate review of Rule 105 judicial foreclosure involving deeds of trust that did not contain grants to a public trustee). Another judge in this District has previously examined and described the scope and nature of Rule 120 proceedings. *See May v. U.S. Bank*, *N.A.*, No. 13-cv-01621, 2013 U.S. Dist. LEXIS 118073, at *15-21 (D. Colo. Aug. 20, 2013) (unpublished) (Brimmer, J.).

### STANDARDS OF REVIEW

Courts treat a motion to dismiss based on Eleventh Amendment immunity as a motion to dismiss a complaint for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. P. 12(b)(1). *Meyers v. Colo. Dep't of Human Servs.*, 62 Fed. App'x 831, 832 (10th Cir. 2003) (unpublished).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court's function is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

**I.     Any claims against the Governor are barred under the Eleventh Amendment.**

The Eleventh Amendment "does not bar a suit against state officials in their official capacities if it seeks prospective relief for the *officials' ongoing violation of federal law.*" *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001) (emphasis added). The state officer, however, "must have some connection with the enforcement of the act, or else [the plaintiff] is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex Parte Young*, 209 U.S. 123, 157 (1908). The state official "must have a particular duty to 'enforce' the statute in question and demonstrated willingness to exercise that duty." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007). The necessary connection "must be fairly direct; a generalized duty to enforce state law . . . will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

In the instant case, Mr. Wirth has simply named the Governor as a defendant in this lawsuit, but has not asserted any allegations against him. *See* Doc. # 76, at ¶ 2. Moreover, the Governor has no implementation or enforcement authority under Colorado's mortgage foreclosure laws. *See* COLO. REV. STAT. § 38-37-100.3, *et seq.*. As such, any injunctive relief against the Governor would have no practical effect given that he has no enforcement power. Therefore, the claims against the Governor should be dismissed. *See American Tradition Institute v. Colorado*, 876 F. Supp. 2d 1222, 1238-39 (D. Colo. 2012)

**II.     Mr. Wirth's request to have this Court undo the state court's judgment is barred by the *Rooker-Feldman* doctrine.**

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered *before* the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quotations omitted) (emphasis added); *DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 F. App'x 139, 146 n.5 (10th Cir. 2008). *Rooker-Feldman* bars attempts to completely undo the foreclosure and eviction proceedings, which were final before the lawsuit's commencement. *See Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012) (barring action seeking to completely undo the concluded Rule 120 foreclosure and eviction proceedings); *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1063 (D. Colo. 2013) (Mix, Mag.) (recommending application of *Rooker-Feldman* doctrine to claim for injunctive relief to undo completed foreclosure and eviction proceedings), *approved and adopted by* 971 F. Supp. 2d 1050, 1054-55 (D. Colo. 2013) (Blackburn, J.).

Mr. Wirth commenced this action on December 9, 2013, just six days after Judge Groome authorized the sale of Mr. Wirth's property by public auction. Mr. Wirth expressly asks this Court to "[v]oid the sale of the Plaintiff's property and order that [Plaintiff] be granted quiet title to his property and home"; and (2) alleges that his rights to due process and equal protection under the law were violated during the Rule 120 foreclosure proceedings. Doc. # 76, at 34; *id.* at ¶¶ 28-30. In essence, Mr. Wirth asks this Court to "engage in the conduct explicitly prohibited by the *Rooker-Feldman*

6

doctrine, *i.e.*, review and rejection of a state court decision in federal court." *Driskell*, 971 F. Supp. 2d at 1063; *see also id.* at 1064-65 (applying doctrine to due process claim because a "review of [the] due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgments"); *see also La Force v. Wells Fargo Bank, N.A.*, No. 10-cv-00302, 2011 U.S. Dist. LEXIS 153676, at *22 (D. Colo. Aug. 10, 2011) (unpublished) (noting that *Rooker-Feldman* precludes federal claims that are inextricably intertwined with issues reached by the state court where a ruling on the federal claim would effectively reverse the state court's action or decision) (Hegarty, Mag.), *approved and adopted by* 2012 U.S. Dist. LEXIS 25817, at *1-3 (D. Colo. Feb. 29, 2012) (unpublished) (Blackburn, J.). Accordingly, Mr. Wirth's injunctive relief and as-applied constitutional claims should be dismissed.

### III.   Colorado's Rule 120 foreclosure proceedings provide borrowers with adequate due process.

At a minimum, due process requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 856 (10th Cir. 1993). "Due process requires that there be an opportunity to present every available defense; but it *need not* be before the entry of judgment." *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932) (emphasis added). "Absent specific statutory language to the contrary, courts generally infer that a hearing includes the right to present evidence, cross-examine adverse witnesses and contest adverse findings." *Jones v. Wildgen*, 320 F. Supp. 2d 1116, 1128 (D. Kan. 2004).

Mr. Wirth's complains that: (1) public trustee foreclosure proceedings are summary in nature and largely limited to the issues of default; (2) foreclosing entities are not required to present the original evidence of debt; (3) mortgagors are forced to bring a separate lawsuit(s) to adjudicate fully their claims and defenses, to enjoin the public auction sale, and to obtain appropriate damages and attorneys' fees; and (4) all presiding judges, including Judge Groome, have inherent conflicts-of-interest. In each respect, however, Mr. Wirth's due process challenge fails.

### A. The limited scope of inquiry does not preclude challenges to the foreclosing entity's presumed real-party-in-interest status.

Mr. Wirth wrongly intimates that Rule 120 proceedings' limited scope of inquiry precludes him from challenging the foreclosing party's presumed real-party-in-interest status. The Colorado Supreme Court has held that, in the interest of due process, a district court presiding over a Rule 120 proceeding must consider a mortgagor's defenses concerning the real party in interest, waiver, and estoppel; otherwise, an order might result in the property's sale to a party without a legitimate claim. *See Goodwin v. Dist. Ct. in and for the Sixteenth Judicial Dist.*, 779 P.2d 837, 840-44 (Colo. 1989) (discussing evolving scope of Rule 120 proceedings); *see also Moreland v. Marwich, Ltd.*, 665 P.2d 613, 618 (Colo. 1983) (reasoning that Rule 120's purpose is "to test whether, considering *all relevant evidence*, there is a reasonable probability that a

default exists.") (emphasis added). Once a mortgagor has raised a "real party in interest" defense, the burden shifts to the foreclosing entity. *Goodwin*, 779 P.2d at 843.[5]

Additionally, a possessory action is not unconstitutional merely because it is a summary proceeding. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 601-20 (1974) (upholding the constitutionality of Louisiana's summary replevin procedure); *see also Ramsey v. Citibank, N.A.*, No. 10-cv-02653, 2011 U.S. Dist. LEXIS 110957, at *6, *10-13 (D. Colo. Sept. 28, 2011) (unpublished) (Daniel, J.) (adopting magistrate judge's recommendation to dismiss due process claim).

Finally, no due process violations arise from an entity's commencement of foreclosure proceedings based on its mere possession of a mortgage note, which was indorsed in blank. *See Mbaku v. Bank of America*, No. 12-cv-00190, 2014 U.S. Dist. LEXIS 115813, at *13-20 (D. Colo. Aug. 20, 2014) (unpublished) (noting that mere possession – even wrongful possession – of an indorsed-in-blank instrument confers standing to commence foreclosure proceedings).

### B.   Relegating defenses and claims for damages and fees to a collateral action does not violate due process.

Next, Mr. Wirth complains that he must raise his claims and defenses in a separate lawsuit. However, the need to file a collateral action for a full adjudication of a mortgagor's claims and defenses does not violate due process. *See Lindsey v. Normet*,

---

[5] In this constitutional attack, Mr. Wirth conflates the administrative, pre-hearing component of public trustee foreclosures with the due process available in a Rule 120 hearing. Per *Goodwin*, documents tendered and accepted by the public trustee during the administrative portion are subject to challenge in the Rule 120 hearing.

405 U.S. 56, 67 (1972) (holding that a possessory action may be segregated from another action concerning valid legal or equitable defenses or counterclaims arising from the same factual situation); *see also Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 609 (1974) (noting the paucity of judicial precedent requiring a final judicial determination of possession before a buyer's temporary deprivation of the property); *Bianchi v. Morales*, 262 U.S. 170, 171 (1923) (finding no due process violation where Puerto Rico's summary mortgage proceedings precluded equitable defenses in the same proceedings); *Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1017 (Colo. 1998) (concluding that the Rule 120 court must first resolve the question of default before an aggrieved party may seek injunctive relief in any court of competent jurisdiction).

Colorado's public-trustee foreclosure proceedings are bifurcated, yet adequately protect the mortgagors' interests. First, the foreclosing entity must obtain a court order authorizing a public-trustee sale under Rule 120; and second, the mortgagor must bring a separate action to enjoin the foreclosure or assert claims or defenses that fall outside the scope of Rule 120 proceedings. Although mortgagors in Colorado may lose possession of their property in the summary proceeding, they are free to initiate a separate proceeding to block foreclosure and to adjudicate all their claims and defenses.[6]

---

[6] Moreover, foreclosing entities must indemnify and defend the mortgagor against economic loss and costs and attorneys' fees "in the event that the original evidence of debt is presented for payment[.]"  COLO. REV. STAT. § 38-38-101(2); *see also May v. U.S. Bank, N.A.*, No. 13-cv-01621, 2013 U.S. Dist. LEXIS 118073, at *29-30 (D. Colo. Aug. 20, 2013) (unpublished) (reasoning that indemnification provisions negated

10

### C.   Mr. Wirth fails to meet his heavy burden of establishing judicial bias or conflicts of interest.

Mr. Wirth bears a heavy burden to establish judicial bias. *See Smith v. Argent Mortg. Co., LLC*, 331 F. App'x 549, 554 n.4 (10th Cir. 2009). When evaluating a judicial bias-based due process claim, a court must consider whether "under a realistic appraisal of psychological tendencies of human weakness, the interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Caperton v. A.T. Massy Coal Co.*, 556 U.S. 868, 883-84 (2009) (quotations and citation omitted).

Mr. Wirth's allegations are the antithesis of the situation presented in *Caperton*, where an attorney-of-record contributed $3 million to unseat the judicial incumbent and replace him with the presiding judge. *Id.* at 884. Mr. Wirth's bare allegations of bias simply rest on certain state retirement fund investments in mortgage-backed securities, which, by Mr. Wirth's allegations, are minimal. *See* Complaint, Doc. # 76, at ¶ 6 (alleging PERA 401(k) and DC Plan's investment percentages in mortgage-backed securities). Moreover, Mr. Wirth *assumes* that all judges, including Judge Groome, have elected to participate in the DC or 401(k) plans and, even then, have chosen to invest in mortgage-backed security funds.[7]  The allegations fail to render plausible an objective

---

assertions of irreparable harm for an alleged due process violation arising from a Rule 120 foreclosure proceeding). Therefore, the bifurcated nature of Colorado's public-trustee foreclosure proceedings is not facially unconstitutional.

[7] Unlike PERA's true pension plan, also known as the defined benefit (DB) plan, in which financial professionals invest the state employee's contributions, state employees direct their investments in an array of fund options in the state's defined contribution

and reasonable perception of a significant and disproportionate influence on judicial

decision-making.

### IV. Judge Groome is entitled to absolute immunity from Mr. Wirth's claims against him.

It is well established that judges have absolute immunity for acts taken in their

judicial capacity. *Rivers v. Hartmann*, 499 F. App'x 786, 789 (10th Cir. 2012). "A judge

will not be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356

(1978). Likewise, a litigant's disagreement with a judge's decision does not deprive the

judge of immunity. *Id.* at 363. Assuming *arguendo* that Mr. Wirth has stated a valid due

process claim premised on judicial partiality, such claim must be dismissed because

Judge Groome is entitled to absolute immunity.

### V. No private right of action exists to criminally prosecute official oppression and first degree official misconduct.

Mr. Wirth lacks standing to criminally prosecute Judge Groome for official

oppression and first degree official misconduct under Colo. Rev. Stat. §§ 18-8-403 and

18-8-404, respectively.

---

(DC) and traditional 401(k) plans. *See* PERA Choice brochure, at 1-3 (comparing DB and DC plans), available at https://www.copera.org/pdf/5/5-112a.pdf (last visited on September 14, 2014). Additionally, unlike the DB plan, which serves as the default retirement plan, state employees must elect to participate in the DC or 401(k) plans. *See id.* at 2 (noting that failure to select a plan within 60 days of the hire date will result in the new employee's automatic enrollment in the PERA DB Plan); *id.* at 3 (stating that the DC Plan is similar to a typical 401(k) plan).

A court does "not infer a private right of action based on a [statutory] violation unless [it] discern[s] a clear legislative intent to create such a cause of action." *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 923 (Colo. 1997). "[W]hen a statute provides for criminal punishment . . . the intent of the legislature is presumed to be that such punishment in lieu of all other remedies." *Gammill v. United States*, 727 F.2d 950, 952-53 (10th Cir. 1984) (noting Colorado courts' "extreme[ ] caution in recognizing private rights of action 'implied' by criminal statutes"). Thus, criminal statutes cannot be enforced in a civil action. *See Orcutt v. Libel*, 381 F. App'x 866, 868-69 (10th Cir. 2010) (affirming dismissal of private citizens' claims against defendants for criminal law violations in a civil case arising from foreclosure proceedings).

In the instant case, the at-issue statutory provisions do not clearly create a private right of action. Moreover, both statutes expressly identify offenses as class 2 misdemeanors, which require punishment of "imprisonment for not more than one year in the county jail, or a fine of not more than one thousand dollars, or both such imprisonment and fine." *See* COLO. REV. STAT. §§ 18-8-403(2); 18-8-404(2); § 18-1.3-505(1). Because the General Assembly has made explicit the form of punishment that shall apply in lieu of all other remedies, Mr. Wirth's criminal statute-based claims against Judge Groome should be dismissed.

## VI.   Rule 120 proceedings do not violate Mr. Wirth's right to equal protection under the law.

Mr. Wirth vaguely alleges that Colorado's foreclosure statutes "are designed to deprive homeowning [sic] defendants their rights under the . . . Equal Protection clause[

] of the 14th Amendment."  Complaint, Doc. # 76, at ¶ 26; *see also id.* at ¶ 42

(complaining about qualified holder's ability to commence summary public trustee

foreclosure proceedings, in which "defendant homeowners are converted into plaintiffs

in a single matter of law and deprived of Equal Protection").

Mere inequality in the laws, however, does not create a *prima facie* equal

protection violation. *See McGowan v. Maryland*, 366 U.S. 420, 425 (1961) (stating, "the

Fourteenth Amendment permits the States a wide scope of discretion in enacting laws

which affect some groups of citizens differently from others."). In economic matters such

as foreclosures, courts "owe an extraordinary deference to state objectives" and must

"uphold any classification based upon a state of facts that reasonably can be conceived

to constitute a distinction, or difference in state policy[.]"  *Dieffenbach v. Attorney*

*General of Vermont*, 604 F.2d 187, 195 (2d Cir. 1979) (quotations omitted).

Colorado's public trustee foreclosure proceedings apply uniformly to all

mortgagors whose deeds of trust – which the mortgagors' signed – contain a public

trustee's power of sale by public auction, regardless of the individual mortgagor's race,

wealth, gender, or other protected classification. If, however, the deed of trust does not

contain a public trustee's power of sale by public auction, then the mortgagor would be

subjected to a judicial foreclosure proceeding under Rule 105.

Additionally, Colorado's public trustee foreclosure process affords efficiency in a

judicially supervised proceeding while providing certain safeguards. Following a public

trustee foreclosure, sale by public auction cannot occur without a court's finding that "a

14

reasonable probability" of default "or other circumstance" has occurred.[8]  C.R.C.P.

120(d); COLO. REV. STAT. § 38-38-105(2)(a) (requiring "an order authorizing sale from a

court of competent jurisdiction to issue the same pursuant to rule 120 or other rule of

the Colorado rules of civil procedure."); *see also id.* at § 38-38-105(2)(b) (requiring

postponement of sale by public auction unless the public trustee receives a copy of the

court order); *id.* at § 38-38-105(3) (identifying pre-hearing procedures).

For these reasons, Colorado's dual-track system of public-trustee versus judicial

foreclosures does not promote invidious discrimination; rather, it serves the legitimate

purpose of providing a speedy and efficient resolution of possessory disputes between

mortgagors and lenders.

Respectfully submitted this 15th day of September, 2014.

JOHN W. SUTHERS
Attorney General


s/Kathryn A. Starnella
KATHRYN A. STARNELLA*
Assistant Attorney General
Public Officials Unit
State Services Section
Attorneys for Defendants Governor John
   Hickenlooper and Judge Stephen A. Groome

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor

---

[8] This safeguard is akin to Oregon's statutory prohibition of forcible evictions without a judicial determination that the tenant is not legally entitled to possession. *See Lindsey*, 405 U.S. at 72.

Denver, Colorado  80203
Telephone:  720-508-6176
FAX:  720-508-6041
E-Mail:  kathryn.starnella@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I served a true and complete copy of the foregoing Motion to Dismiss upon the *pro se* plaintiff via U.S. Mail and counsel of record for the defendants via CM/ECF, as listed below:

| Party | Counsel of Record | Mailing or Email Address | Service Method |
|---|---|---|---|
| Plaintiff Martin Thomas Wirth | *Pro Se* | Martin Thomas Wirth 36 Iris Drive Bailey, Colorado 80421 | U.S. Mail |
| Defendant Nationstar Mortgage LLC | James P. Eckels Jamie Grant Siler | jeckels@bmas.com jsiler@bmas.com | CM/ECF |
| Defendants The Castle Law Group LLC, Lawrence E. Castle, Britney Beall-Eder, Cynthia Lowery-Graber, Deanna Westfall, Christopher T. Groen, | Phillip A. Vaglica | pvaglica@cmsatty.com | CM/ECF |

*s/ Kathryn Starnella*

16