**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al,*

      Defendant.

---

**MOTION TO DISMISS FIFTH AMENDED COMPLAINT PURSUANT TO FED.  R.  CIV.
P.  12(b)(1) and 12(b)(6)**

---

Defendants Nationstar Mortgage, LLC ("Nationstar"), and Jay Bray ("Mr.  Bray"), (together, the "Nationstar Defendants"), through their attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully move to dismiss the fifth amended complaint filed by plaintiff Martin T.  Wirth ("Mr. Wirth")[1] as follows:

## INTRODUCTION

Mr. Wirth has filed numerous versions of his complaint in this matter, challenging the now completed foreclosure and eviction proceedings.  Despite several opportunities to amend, and despite clear instructions from this Court, Mr. Wirth's latest complaint nevertheless fails to set forth factual allegations showing he is entitled to relief.  The pleading fails for several reasons: (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the complaint still fails to satisfy the requirements of Fed. R. Civ. P. 8(a); and (3) the plaintiff has failed to state any valid claims upon which relief may be granted under Rule 12(b)(6).  Accordingly, plaintiff's Fifth Amended Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

## PROCEDURAL HISTORY

1.     Mr. Wirth filed his original complaint in this matter on December 9, 2013

---

[1] Undersigned counsel has conferred in good faith with plaintiff concerning his claims; however, pursuant to D.C.COLO. LCivR.7.1(b)(2), Nationstar has not specifically conferred with plaintiff concerning the disputed matters herein prior to filing this motion.

(Doc.# 1) and an amended complaint on December 12, 2013 (Doc.# 5), which was accepted by the Court on December 23, 2013 (Doc.# 14) (the "Amended Complaint").

2.      On December 12, 2013, Mr. Wirth filed an *ex parte* Emergency Motion for Temporary Restraining Order and Preliminary Injunction requesting a TRO or preliminary injunction to stay the Rule 120 Proceeding (Doc.# 7).

3.      On December 17, 2013, Mr. Wirth filed an *ex parte* supplement to his Motion, requesting that the Court enjoin the public trustee from selling the property the following morning, December 18, 2014 (Doc.# 12.).  No injunction was entered and the sale proceeded.

4.      On March 4, 2014, the Court ordered Nationstar and the other defendants to respond to Mr. Wirth's TRO Motion.  (Docket No. 41).  After defendants' responses were filed, the Court denied the TRO Motion as moot on March 11, 2014, because the actions from which Mr. Wirth was seeking relief—the Rule 120 Hearing and the Public Trustee Sale—had already been completed. (Docket No. 49).

5.      Defendant Castle Law Group, LLC ("CLG") moved to dismiss the Amended Complaint on January 29, 2014, pursuant to Rule 12(b)(6). (Doc.# 29.) Plaintiff then attempted to file a second amended complaint on February 18, 2014 (Doc.# 38), but it was stricken by the Court on March 5, 2014, because it was filed without the consent of the other parties in this case or leave from the Court (Doc.# 44.).

6.      Nationstar filed a motion to dismiss the Amended Complaint, on February 25, 2014 (the "First MTD," Doc.# 39). In addition to moving for the dismissal of Mr. Wirth's Amended Complaint, the First MTD also requested that the Court deny Mr. Wirth leave to further amend his complaint on the basis of futility (*See* Doc.# 39, pp. 13-15).

7.    On March 14, 2014, the Court stayed this matter pending a ruling on CLG's and Nationstar's respective motions to dismiss (Doc.# 52.).  Mr. Wirth did not file a timely response to Nationstar's First MTD.  Instead, on March 24, 2014, Mr. Wirth filed a motion for leave to amend his complaint (the "First MFL") (Doc.# 53).  Mr. Wirth's First MFL was denied without prejudice on March 24, 2014, because Mr. Wirth had failed to confer with defendants before filing his motion (Doc.# 55).

8.    On April 2, 2014, Mr. Wirth filed a second motion for leave to amend his complaint (the "Second MFL") (Doc.# 56), seeking to file a proposed fourth amended complaint (the "Proposed Fourth AC") (Doc.# 56-1).  Nationstar responded in opposition to plaintiff's Second MFL on May 5, 20114.

9.    On June 2, 2014, Mr. Wirth filed a second motion for temporary restraining order (the "Second TRO Motion") (Doc.# 62), requesting that the Court enjoin the Park County Sherriff from executing the writ of restitution entered by the state court in favor of Fannie Mae.

10.    Magistrate Judge Kathleen M. Tafoya recommended that the Second TRO Motion be denied on June 23, 2014, stating that the *Rooker-Feldman* doctrine precludes federal district courts "from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property" (the "Recommendation re Second TRO Motion) (Doc.# 69) (citing *Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07–cv–00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007)).  The Recommendation stated:

> the Park County Court appears to have fully-adjudicated the
> parties' rights in connection with the property at issue …. this
> Court is precluded from reviewing or interfering with the

further sale or possession of the property or with the Park County Court's foreclosure-related decisions. Such interference would require this Court to substitute its judgment for those of the state court on the issue of property rights.

11.     Judge Blackburn approved and adopted the Recommendation re Second TRO Motion on August 13, 2014 (the Order Denying Second TRO Motion") (Doc.# 75), holding:

> I find no error, much less plain error, in the magistrate judge's recommended disposition. Even if all the usual requirements warranting the extraordinary remedy of a temporary restraining order were satisfied in this case – which they are not – the entry of such an order clearly is precluded by the **Rooker-Feldman** doctrine, as detailed in the recommendation.

12.     On August 1, 2014, the Court entered an order, determining that plaintiff's Amended Complaint did "not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure," because it "fail[ed] to set forth a short and plain statement of his claims showing that he is entitled to relief" and "[i]n fact, . . . fail[ed] to set forth any claims at all" (the "Order to File Amended Complaint") (Doc.# 73).

13.     The Court's Order to File Amended Complaint required that plaintiff file an amended complaint that complied with the Court's order, and indicated that the Court would recommend that the action be dismissed without further notice if plaintiff failed to timely file an amended complaint in compliance with the order. *Id.*

14.     Mr. Wirth timely filed an amended complaint (the "Fifth Amended Complaint," Doc. # 76) on August 29, 2014.  However, as discussed below, the Fifth Amended Complaint still fails to set forth a short and plain statement of his claims showing that he is entitled to relief, and fails to cure the deficiencies of the prior versions of his complaint, including those relating to the subject matter jurisdiction of this Court under the *Rooker-Feldman* doctrine.

## FACTS ALLEGED IN THE COMPLAINT

15.     In addition to his previous allegations challenging the constitutionality of Colorado's foreclosure process, plaintiff's fifth amended complaint now contains additional allegations concerning the unlawful detainer action and completed eviction of plaintiff from the subject property.

16.     Ostensibly, Mr. Wirth supports his contention that the state court foreclosure action was unlawful with the following factual allegations:

a. The state court judge presiding over the foreclosure action, as a senior Colorado state court judge, participates in Colorado Public Employees Retirement Association, which invests in Fannie Mae (*see* Fifth Amended Complaint (FAC) ¶ 7);

b. There was no special indorsement of the subject promissory note from the original lender Countrywide to Nationstar, only a blank indorsement (*see* FAC ¶¶ 29-30).

17.     As to plaintiff's contention that the state court eviction proceedings were unlawful, the Fifth Amended Complaint includes the following allegations:

a. Counsel for Federal National Mortgage Association ("Fannie Mae") served a demand for possession on Mr. Wirth on behalf prior to the date that the conveyance of the property from Nationstar to Fannie Mae was memorialized by way of special warranty deed (*see* FAC ¶¶ 9-11);

b. A second demand for possession was served on Mr. Wirth on the date the special warranty was executed (the "Second Demand for Possession") (*see* FAC ¶ 12);

c. Mr. Wirth filed an answer to the FED complaint, contending that the court lacked jurisdiction and that Fannie Mae had "unclean hands" because of the two demands for possession that had been served on him (*see* FAC ¶ 19);

    d.  The FED court required the parties to brief the issue of whether the court had jurisdiction (*see* FAC ¶ 19);

    e.  A senior judge, who was formerly a Mesa County Court Judge, presided over the FED trial instead of the county court judge originally assigned to the case (*see* FAC ¶¶ 21-23).

    f.  The senior judge who presided over the FED trial, as a senior Colorado state court judge, participates in Colorado Public Employees Retirement Association, which invests in Fannie Mae (*see* FAC ¶¶ 66-71);

    g.  The court gave plaintiff 48 hours to move his personal effects (*see* FAC ¶ 25);

18.    As to the sheriff's execution of the Writ of Restitution, the Fifth Amended Complaint alleges:

    a.  "Police routinely murder citizens and are rarely held accountable.  The plaintiff's home was thereby under threat of armed assault."  (*see* FAC ¶ 25);

    b.  Mr. Wirth was recovering from a back injury when the Park County Sheriff's department "stole or destroyed his remaining personal effects including family photos, reference books, a custom-made desk, art, and two vehicles" (*see* FAC ¶ 26).

## FACTS SUBJECT TO JUDICIAL NOTICE

The Nationstar Defendants respectfully request that the Court take judicial notice of the following facts in considering their motion to dismiss pursuant to Rule 12(b):[2]

---

[2] "When considering a Rule 12(b)(1) motion … the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment."  *Hoodenpyle v. Deutsche Nat. Bank Holding Trus*t, No. CIVA 08CV01031PABCBS, 2009 WL 564278 (D. Colo.2009) (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).  "Where a party challenges the facts upon which subject matter jurisdiction depends, a district court is not required to presume the truthfulness of the complaint's 'factual allegations … [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Id.*

In evaluating a Rule 12(b)(6) motion to dismiss, the court may consider exhibits attached to the complaint, and documents or exhibits that are referenced in or central to the complaint.  *See Indus. Constr. Corp. v. U.S. Bureau of Recl.*, 15 F.3d 963, 964-65 (10th Cir. 1994).  Additionally, the Court may take judicial

19.     In the Rule 120 Proceeding, Nationstar's attorneys filed a verified motion for order authorizing sale on July 26, 2013 (the "Motion for OAS"), attaching a copy of a promissory note (the "Note") now referenced in paragraph 69 of the Complaint, and the recorded deed of trust securing the same.  *See* **Exhibit 1** attached hereto, the Motion for OAS and attachments, p. 18, 21.  The Note contains a blank indorsement from the original lender Countrywide Home Loans, Inc.  *See id.* at p. 19.

20.     The Motion for OAS also attached a notice of hearing (the "Notice of Hearing"), *see* Ex. 1, p. 14, and certificate of posting and mailing (the "Certificate of Mailing"), showing service on plaintiff by mail.  *See* Ex. 1, pp.  8-9.

21.     An affidavit of posting for notice of hearing (*see* "Affidavit of Posting," attached as **Exhibit 2**) was filed with the Rule 120 Court on August 14, 2013, certifying that a copy of the Notice of Hearing was also provided directly to plaintiff.

22.     The court in the Rule 120 Proceeding (the "Rule 120 Court") entered an order authorizing sale on December 3, 2013 (*see* "Order Authorizing Sale," attached as **Exhibit 3)**.

23.     A return of sale was filed in the Rule 120 Proceeding on January 16, 2014 (*see* "Return of Sale," attached as **Exhibit 4**), stating that the property had been sold to Nationstar at public auction on December 18, 2013.

24.     An order approving sale was entered by the Rule 120 Court on January 22, 2014 (*see* "Order Approving Sale," attached as **Exhibit 5**).

25.     On April 9, 2014, Fannie Mae filed a complaint for unlawful detainer (*see* "FED Complaint," attached as composite **Exhibit 6** along with the summons, exhibits, and affidavit of service), in Park County Court, Colorado, Case No. 2012c30068 (the

---

notice of facts that are a matter of public record (like court orders and recorded documents) without converting a motion to dismiss into a summary judgment motion.  See *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004); *see also* Fed.R.Evid. 201 and *Roueche v. US.,* No. 09-cv-00048-WDM-BNB, 2010 WL 3170758, at *3 (D.Colo. Aug. 10, 2010)) (under Rule 201, a court may take judicial notice "of its own files and records, as well as facts which are a matter of public record").

"FED Action").  The Second Demand for Possession was attached to the FED complaint as Exhibit C.  *See id.*, p.13.  The FED Complaint, summons, and exhibits were served on Mr. Wirth on April 10, 2014.  *See id.*, p. 17.

26.     After an evidentiary hearing, judgment for possession was entered in favor of Fannie Mae and against Mr.  Wirth on May 29, 2014 (*see* "Judgment for Possession" attached as **Exhibit 7**).

27.     A writ of restitution was issued on June 2, 2014 (*see* "Writ of Restitution" attached as **Exhibit 8**).

28.     On June 16, 2014, plaintiff filed a motion for new trial in the FED Action, contending that the County Court judge who presided over the FED trial was biased and again arguing that the Court lacked jurisdiction over the FED Action (*see* "Motion for New Trial," attached as **Exhibit 9**).  The County Court denied plaintiff's Motion for New Trial on June 18, 2014 (*see* "Order Denying New Trial, attached as **Exhibit 10**).  Mr. Wirth did not appeal any of the orders or judgments entered in the FED Action.

## LEGAL ARGUMENT

### I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).

A threshold issue that must be decided before any other issues may be addressed is whether the Court has subject matter jurisdiction over plaintiff's claims. *See Driskell v. Thompson*, No.  12-CV-03107-REB-KLM, 2013 WL 4944187, *7 (D.Colo. 2013).   In this case, such jurisdiction is lacking under the *Rooker-Feldman* doctrine. "The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."   *Grove v. Delaney*, No.  12-CV-01539-BNB, 2012 WL 3131829 (D. Colo.  2012) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).   The doctrine

"precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus.  Corp.*, 544 U.S. 280, 284 (2005); *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")).

In *Driskell*, 2013 WL 4944187 at *9, this Court held that the *Rooker-Feldman* doctrine precluded the Court's subject matter jurisdiction over review of a state court Rule 120 proceeding under similar circumstances to those here.  In that case, the Rule 120 court had entered an order authorizing sale before plaintiff's complaint, and the foreclosure then became final by the time the bank filed its motion to dismiss.  *Id.*  The Court confirmed that subject matter jurisdiction was precluded by *Rooker-Feldman* for two reasons: "first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for injunctive relief, *i.e.,* an order that would completely undo the foreclosure proceeding."  *Id.*  This Court concluded that it was "without jurisdiction to enter an injunction that would undue the foreclosure sale."  This Court also concluded that in the event the plaintiff was attempting "to state a claim alleging a violation of his due process rights . . .  such claim would challenge the judicial process engaged in by the state courts."  *Id.*

Likewise, challenges to already completed eviction proceedings are also barred by the *Rooker-Feldman* doctrine. *See Dillard v. Bank of New York*, 2011 WL 2728925 (D. Colo. May 9, 2011) *report and recommendation adopted*, 09-CV-03008-WYD-BNB, 2011 WL 2714118 (D. Colo. July 13, 2011) *aff'd,* 476 F. App'x 690 (10th Cir. 2012) (holding that the plaintiff's challenge to an eviction hearing was barred under *Rooker–*

*Feldman* because the state court had already entered its judgment for possession and issued a writ of restitution, and its ruling on the issue of possession had become final).

Further, the *Rooker–Feldman* doctrine "bars not only cases seeking direct review of state court judgments; it also bars cases that are 'inextricably intertwined' with a prior state court judgment." *Grove,* 2012 WL 3131829 at *2 (citing *Feldman*, 460 U.S. at 482, n.16). To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks.'" *Id.* (quoting *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147–48 (10th Cir. 2004)). Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment.'" *Id.* (quoting *Crutchfield*, 389 F.3d. at 1148).  In *Grove,* 2012 WL 3131829 at *2, the plaintiff's constitutional claims challenging state foreclosure proceedings were held to be barred under *Rooker-Feldman*, finding that these claims were inextricably intertwined with the state court order authorizing the foreclosure because success on the claims would require the district court to review and reject state court's judgment.

Here, as in the foregoing cases, the Court is without subject matter jurisdiction over plaintiff's claims concerning the now completed state court foreclosure and eviction proceedings.  The Rule 120 Court here entered its Order Authorizing Sale prior to the initiation of this lawsuit, and the foreclosure proceeding has now been fully concluded and closed.  *See* Exs. 3, 4, & 5.  Likewise, the FED Action is now concluded and became final when plaintiff did not appeal the judgment or orders entered therein.  Further, the purpose of and relief sought by plaintiff's Fifth Amended Complaint is to undo the completed foreclosure and eviction proceedings.  For example, plaintiff requests that the Court "[v]oid the sale of the Plaintiff's property and order that Wirth be granted quiet title to his property and home."  FAC, p. 34.  Thus, plaintiff's claims either seek direct, appellate-like review of the state court judgment, or are "inextricably

intertwined" with the state court orders authorizing the foreclosure and eviction, in that they seek to disrupt or undo those state court judgments.   *See Grove,* 2012 WL 3131829 at *2.  For the foregoing reasons, the *Rooker-Feldman* doctrine precludes the Court's subject matter jurisdiction over plaintiff's claims, and plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).

## II.   Plaintiff's Fifth Amended Complaint Still Fails to Comply with Rule 8(a)

Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  As stated in the Court's Order to File Amended Complaint:

> The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Here, despite the Court's clear instructions to amend his complaint in conformity with the foregoing principles, Mr. Wirth's Fifth Amended Complaint fails to comply with Rule 8.  It remains impossible to determine what types of claims Mr. Wirth is asserting, let alone what claims he is asserting against any particular defendant.   Instead of clarifying and condensing his allegations, Mr. Wirth adds additional parties and a new set of protracted allegations and conclusions loosely challenging various aspects of the eviction action.

Because Mr. Wirth has now repeatedly failed to set forth a short and plain statement of his claims showing that he is entitled to relief, the Nationstar Defendants respectfully request that this matter be dismissed in its entirety.   *See, e.g.*, *Johnson v. Keeling*, 75 Fed. R. Serv. 3d 1268 (D. Colo. 2010) ("Magistrate Judge Boland also

repeatedly reminded [plaintiff] that he must comply with the pleading requirements of Rule 8.  Despite these specific instructions, [plaintiff] has failed to file an amended complaint that provides a short and plain statement of his claims showing that he is entitled to relief as required by Rule 8.  Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8). To allow Mr. Wirth to continue to file successive complaints that do not comply with the Court's orders or the Federal Rules of Civil Procedure, would unjustly require the Nationstar Defendants (and the other defendants) to continue to incur substantial costs responding to plaintiff's deficient pleadings. *See Bremer v. Ass'n of Flight AttendantsCWA*, 2014 WL 4063143, *5 (D. Colo. 2014) ("Allowing the case to proceed when Plaintiff has repeatedly failed to file a complaint that complies with Rule 8 … would required Defendant to expend further unnecessary time and expense to defend against this action.").

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Even if the Court had subject matter jurisdiction, plaintiff's claims still fail under Rule 12(b)(6).  A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *See Hall v. Bellmon,* 935 F.2d 1106, 1009 (10th Cir. 1991).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)).  As set forth below, the complaint fails to state a claim upon which relief may be granted, and thus plaintiff's claims should be dismissed

### A. <u>The Complaint Fails to State a Claim Under the Fourteenth Amendment or</u>

**42 U.S.C. § 1983.**

Plaintiff's claims are premised on the assertion that Nationstar's foreclosure and eviction violated his Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution.  *See, e.g.,* Complaint ¶ 13.  However, "[a] violation of either the Fourteenth Amendment or § 1983 requires wrongs committed by a state actor." *Wasko v. Silverberg*, 103 Fed. Appx. 332, 334 (10th Cir. 2004) (unpublished).   It is "axiomatic" that the "provisions of the Fourteenth Amendment proscribe state action only and do not reach acts of private persons unless they are acting 'under color of state law.'" *Browns v. Mitchell*, 409 F.2d 593, 594 (10th Cir. 1969).

Here, plaintiff's claims fail because he has not adequately alleged that Nationstar is a "state actor" or that its foreclosure action or the FED Action were acts done "under the color of state law."  *See Schroder v. Volcker*, 646 F.Supp.  132, 135 (D.Colo. 1986), *aff'd* 864 F.2d 97 (10th Cir. 1988).  In *Schroder,* the court held that in order to establish that a foreclosure constituted state action, plaintiff would have had to "allege that the defendants were state actors or that the foreclosure laws of the state of Colorado permitted state officials to sell the plaintiffs' property without first giving notice to the plaintiffs and the opportunity for the plaintiffs to contest the seizure and sale of their property."  *Id.*  Plaintiff here has not properly alleged such facts.

Although plaintiff's Fifth Amended Complaint includes an allegation that the Nationstar Defendants are "state actors," this allegation is conclusory and unsupported by any additional factual allegations, and thus need not be accepted as true for purposes of this Motion.  *See Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003).  Moreover, even the limited facts contained in plaintiff's Fifth Amended Complaint show that Nationstar is a private corporation, not a state actor, *see* FAC ¶¶ 7-8, 78. Likewise plaintiff's allegations and the relevant public records show that neither the foreclosure nor the eviction were done *ex parte* and that plaintiff was given notice and

an opportunity to contest both the sale of the property and his eviction from the same.

Further, it is well-settled that a private actor does not transform itself into a state actor by invoking the jurisdiction of a state court to resolve a legal dispute. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). And courts in this Circuit have routinely held that the "[p]rivate use of statutory power of sale foreclosure procedures is not 'state action.'" *See, e.g., Pagel v. Bank United of Texas FSB*, 2:00CV776-C, 2001 WL 753799 (D. Utah 2001) *adopted*, 2:00-CV-776C, 2001 WL 710186 (D.Utah 2001). Likewise, use of a court-ordered sheriff's eviction is not state action and does not transform a private party into a state actor. *See, e.g., Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242 (D. Kan. 1998) *aff'd*, 153 F.3d 726 (10th Cir. 1998). Accordingly, plaintiff's claims for under the Fourteenth Amendment should be dismissed pursuant to Rule 12(b)(6).

**B.** **Plaintiff Lacks Standing to Assert Claims for Alleged Criminal Acts:**

Plaintiff also now requests in numerous sections of his Fifth Amended Complaint, that various defendants be held "criminally liable" for alleged violations of a number of criminal statutes. This is improper, as "[c]ourts universally endorse the principle that private citizens cannot prosecute criminal actions." *People of State of Colorado v. Ogburn*, No. 07-CR-00023-WYD, 2007 WL 389230 (D. Colo. Feb. 1, 2007); *see also* Winslow v. Romer, 759 F.Supp. 670, 673 (D.Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings").

**C.** **Plaintiff Has Failed to State a Claim for Relief Against Defendant Jay Bray.**

Plaintiff vaguely asserts that defendant Jay Bray, the Chief Executive Officer of Nationstar, engaged in some wrongdoing or misrepresented certain ownership interests and should be criminally liable for bribery of a public official and for conspiring with Colorado state court judges. *See* FAC p. 27, ¶¶ 78, 80; p. 28, and 30, ¶ 88-5; p. 31, ¶ 89-3. In addition to plaintiff's lack of standing (discussed above), plaintiff's Fifth Amended Complaint does not contain sufficient factual allegations to state a claim to

relief against Mr. Bray that is "plausible on its face."  See *Iqbal*, 129 S.Ct. at 1949. Rather, plaintiff's "claims" against Mr. Bray appear to be impermissibly based solely on Mr. Bray's status as a corporate officer of Nationstar. See *Ball v. Dillard*, 2000 WL 33710848, *2 (D. Utah May 26, 2000) ("In general, a CEO cannot be held liable based solely on his status with a corporation.") (citing, *e.g., Tulsa Litho Co. v. Tile and Decorative Surfaces Magazine Publ'g, Inc.*, 69 F.3d 1041, 1043 (10th Cir.1995); *see also Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958). Rather, "[s]pecific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation." *Id.* Here, the Fifth Amended Complaint contains no plausible factual allegations indicating that Mr. Bray "personally participated in any of the events alleged to have occurred," or that he "personally directed any … employees in any of the actions alleged to have occurred," and thus it should be dismissed as to Mr. Bray.  *See Dillard*, 2000 WL 33710848 at *2.

   D. **Plaintiff Has Failed to Establish Due Process or Equal Protection Violation**.

   Finally, plaintiff has failed to establish any due process or equal protection violation.[3]

   **WHEREFORE**, the Nationstar Defendants respectfully request that this Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b), deny plaintiff further leave to amend the complaint, and award the Nationstar Defendants their reasonable attorney's fees in defending this action.

---

[3] Due to the page limitations in the Court's Practice Standards, Nationstar respectfully incorporates by reference its First MTD, which includes a detailed explanation of the reasons why plaintiff has failed to establish any valid claims for equal protection or due process violations.  *See* First MTD, pp 9-13.  These arguments apply equally in the context of plaintiff's Fifth Amended Complaint, which should be dismissed for failure to state a claim for relief under Rule 12(b)(6).

Dated this 6th day of October, 2014.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC

 s/ James P.  Eckels
Jamie G.  Siler, Colorado Bar No.: 31284
James P.  Eckels, Colorado Bar No.: 40858
410 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 534-2277
jsiler@bmas.com
jeckels@bmas.com
*Attorneys for Defendants Nationstar Mortgage
LLC and Jay Bray*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of October, 2014, the foregoing **MOTION TO DISMISS FIFTH AMENDED COMPLAINT PURSUANT TO FED.  R.  CIV. P.   12(b)(1) and 12(b)(6)** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Herbert C.  Phillips
Hayes,  Phillips,  Hoffmann  &  Carberry,  PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/Mark S. Adams*
Mark S. Adams, paralegal