# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRIC TOF COLORADO

Civil Action No. 13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

_____

### DEFENDANT FRED WEGENER'S MOTION TO DISMISS 5TH AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 12(b)(6)
_____

DEFENDANT FRED WEGENER ("Wegener"), by his attorneys Hayes, Phillips, Hoffmann & Carberry, P.C., pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) moves this Court for an order dismissing the claims against Wegener contained in plaintiff's Fifth Amended Complaint [#76] (the "Complaint") and, as cause therefore, shows the Court as follows:

## FACTS

Wegener is the Sheriff of Park County, Colorado.[1]  The references to Wegener in the Complaint are sparse and are contained entirely in the Tenth Claim for Relief.  They are as follows:

    90.    The Park County Sheriff's Department under the leadership of Fred Wegener broke into Wirth's home and assisted Mary Hagar in raiding, stealing, and destroying what remained of Wirth's possessions while he was recovering from a strained back.

---

[1] While the complaint implies this fact it does not seem to specifically recite it.  The Court, may, however take judicial notice that Wegener is the Park County Sheriff.

> 91. The Plaintiff strained his back while moving heavy equipment as an emergency was foisted on him by the unlawful actions of Smith. Hagar and her agents wantonly stole or destroyed Wirth's personal property while Wegener threatened Wirth with violence against his person should he remain in his home . . . .
>
> 92. Therefore, the Court should hold Wegener criminally liable for depriving Wirth of his rights under color of law pursuant to 18 USC § 242 . . . .

Complaint ¶¶ 90-92.

In actuality, the Park County Sheriff's Office was simply performing its statutory duty to execute a writ of restitution, but for purposes of this motion the facts recited in the Complaint must be accepted as true. **Brokers' Choice of America, Inc. v. NBC Universal, Inc.,** 757 F.3d 1125, 1136 (10th Cir. 2013).

## SUMMARY OF ARGUMENT

Plaintiff Wirth's claim against Wegener made pursuant to 18 U.S.C. § 242 should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) for the simple reason that 18 U.S.C. § 242 does not provide for a private right of action.

Additionally, dismissal of the claim against Wegener is required for the reasons set forth in the motions to dismiss filed by the other defendants in this case which, in the interest of economy, are incorporated herein by reference.

## ARGUMENT

**1. 18 U.S.C. § 242 does not provide for a private right of action.**

The law is well-settled in the Tenth Circuit and across the country that 18 U.S.C. § 242 does not provide for a private right of action. A recent iteration of this rule under facts

remarkably similar to those at hand is found in **Houck v. Gurich,** 515 Fed.Appx. 724 (10th Cir. 2013):

> Everett Houck lost his home to foreclosure and began a series of lawsuits against members of the Oklahoma judiciary involved in that process. . . .
>
> The district court dismissed Houck's complaint for failure to state a claim because 18 U.S.C. § 242 provides no private right of action. The district court is correct. As we noted in one of Houck's previous appeals, 18 U.S.C. § 242 does not create a private civil cause of action. *Houck v. Ball,* No. 12-6301, 2013 WL 541074, at *1 (10th Cir. Feb 14, 2013) (citing *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994); *See also Henry v. Albuquerque Police Dep't,* 49 Fed.Appx. 272, 273 (10th Cir. 2002) ("claims arising under 18 U.S.C. § 241 and 242 . . . do not provide for a private cause of action").
>
> We therefore AFFIRM the judgment of the district court.

515 Fed.Appx. at 724-25.

Precisely the same result is required here. Wirth's only claim against Wegener is made pursuant to 18 U.S.C. § 242. 18 U.S.C. § 242 does not create a private civil cause of action. Therefore, the Court lacks subject matter jurisdiction to entertain this claim and the claim fails to state a claim upon which relief can be granted. Dismissal is required.

**2.    Wegener incorporates the additional arguments for dismissal contained in the motions to dismiss filed by other defendants.**

Even putting aside the settled law that 18 U.S.C. § 242 does not create a private civil cause of action, Wirth's claim against Wegener lacks any conceivable merit and is properly dismissed for the reasons argued by the other Defendant's in this case including immunity and the application of the *Rooker-Feldman* doctrine which, in the interest of economy, are not repeated here but are instead, incorporated by this reference.

3

WHEREFORE, Defendant Wegener respectfully requests that the claim against him be dismissed with prejudice, that he be awarded his attorney fees incurred in bringing this motion, and for such other and further relief as the Court deems proper.

Respectfully submitted this 8th day of October, 2014.

**HAYES, PHILLIPS, HOFFMANN & CARBERRY, P.C.**

By: s/ *Herbert C. Phillips*
      Herbert C. Phillips

**ATTORNEYS FOR DEFENDANT FRED WEGENER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of June, 2014, a true and correct copy of the within **DEFENDANT FRED WEGENER'S MOTION TO DISMISS 5TH AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 12(b)(6)** was filed/served via CM/ECF, and/or U.S.P.S. First Class Mail, postage prepaid, and properly addressed as follows:

| | |
|---|---|
| Martin Thomas Wirth, Plaintiff<br>36 Iris Drive<br>Bailey, CO 80421 | Defendant Nationstar Mortgage, LLC<br>c/o James P. Eckels @ jeckels@bmas.com<br>c/o Jamie Grant Siler @ jsiler@bmas.com |
| Defendant the Castle Law Group, LLC<br>c/o Phillip A. Vaglica @ pvaglica@cmsatty.com | Defendant Lawrence E. Castle<br>c/o Phillip A. Vaglica @ pvaglica@cmsatty.com |

Defendants John Hickenlooper,
John Suthers, and
Judge Stephen A. Groome
**c/o John Suthers**
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203

/s/*Valerie A. Martinez*

4