# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.  2013-CV-03309-REB-KMT

MARTIN THOMAS WIRTH

      Plaintiff,

vs.

JOHN HICKENLOOPER, et. al,

      Defendants.

---

## DEFENDANT MARY HAGER'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT PURSUANT TO FED.R.CIV. 12(b)(1) and 12(b)(6)

---

COMES NOW, Defendant Mary Hager, by and through her attorneys, Shortridge, Fitzke & Hultquist, PC, pursuant to Fed.R.Civ.P 12(b)(1) and 12(b)(6), and respectfully moves the Court for an Order dismissing Plaintiff Martin Thomas Wirth's Fifth Amended Complaint [Doc. 76], and as grounds therefore, states as follows:

## INTRODUCTION

Plaintiff's Fifth Amended Complaint (hereafter, the "Complaint") does not contain any factual allegations describing Defendant Hager's role in the transactions underlying the claims against her.  By way of background, Defendant Hager is a licensed real estate broker[1] with RE/MAX Alliance who became involved with the property on behalf of the foreclosing lender's assignee, Defendant Federal National Mortgage Association.  The other Defendants have, in

---

[1] Defendant Hager requests that the Court take Judicial Notice of the record of the Colorado Department of Regulatory Agencies attached hereto as Exhibit A, which is Defendant Hager's license record as a real estate broker.

their respective motions to dismiss, adequately set forth the factual and procedural background of the case, and the standards of review applicable to motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Plaintiff's claims against Defendant Mary Hager should be dismissed pursuant to Fed.R.Civ.P  8(a), 12(b)(1), and 12(b)(6) because:  (1) the Complaint fails to properly plead or state any claims upon which relief may be granted as to Defendant Hager; and (2)  the Court does not have subject matter jurisdiction over the purported claim.

## PLAINTIFF'S CLAIM AGAINST DEFENDANT HAGER

Plaintiff's Complaint contains ten claims for relief against sixteen Defendants.  The only claim involving Defendant Hager is the Tenth Claim for Relief [Doc. 76, pp. 31-23], where the following allegations are made:

90.     The Park County Sheriff's Department under the leadership of Fred Wegener broke into Wirth's home and assisted Mary Hager in raiding, stealing, and destroying what remained of Wirth's possessions which he was recovering from a strained back.

91.     The Plaintiff strained his back while moving heavy equipment as an emergency was foisted upon him by the unlawful actions of Smith, Hager and her agents wantonly stole or destroyed Wirth's personal property while Wegener threatened Wirth with violence against his person should he remain in his home.  The property stolen or destroyed included a library of reference books, family photos, clothing, tools, a custom-built entertainment rack, and two motor vehicles.

92.     Therefore the Court should hold Fred Wegener criminally liable for depriving Wirth of his rights under the color of law pursuant to 18 USC §242 and Mary Hager criminally liable for aggravated robbery under CRS §18-4-302.

The only relief requested against Defendant Hager is that the Court hold her criminally liable for aggravated robbery.

## ARGUMENT

I.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE CLAIM AGAINST DEFENDANT HAGER**

The jurisdictional statement in Plaintiff's Complaint claims that this Court has subject matter jurisdiction over the claim against Defendant Hager under 28 U.S.C. §§1331, 1348, 1349, and 1361.  [Doc. 76, at p. 5].  As will be shown below, none of the cited statutes confer the Court with subject matter jurisdiction over the claim against Defendant Hager.

28 U.S.C. §1361 provides that the district courts have original jurisdiction in actions to compel officers, employees, or federal agencies to perform a legal duty.  The claim against Defendant Hager is not in the nature of mandamus, and there are no allegations in the Complaint that Defendant Hager is an officer, employee or agency of the United States.  Subject matter jurisdiction over the claim against Defendant Hager does not arise under 28 U.S.C. §1361.

Under 28 U.S.C. §1349, district courts have no subject matter jurisdiction over claims against federally-chartered corporations unless the United States owns more than fifty percent of the corporation's capital stock.  28 U.S.C. §1349 has no applicability to the claim against Defendant Hager, and it does not confer subject matter jurisdiction over the claim against Defendant Hager.  Indeed, there are no allegations in the Complaint which make this statutory section applicable to any of the claims for relief in the Complaint.

Similarly, 28 U.S.C. §1348 does not confer subject matter jurisdiction over the claim against Defendant Hager.  That section confers original jurisdiction of civil actions brought by the United States against national banking associations, in actions winding up the affairs of a national banking association, and in actions by national banking associations under Chapter 2 of

Title 12.   Plaintiff's Complaint here does not involve any of those situations, and no subject matter jurisdiction over the claim against Defendant Hager can be based on 28 U.S.C. §1348.

That leaves the question of whether there is subject matter jurisdiction over the claim against Defendant Hager under  28 U.S.C. §1331, which confers original jurisdiction in the district courts in cases arising under the Constitution, laws, or treaties of the United States.  Rule 8(a)(1) requires that Plaintiff's Complaint contain a short and plain statement of the grounds for the exercise of the Court's jurisdiction.  Plaintiff's Complaint contains no factual allegations which would support a finding of federal question jurisdiction as to the claims against Defendant Hager.  The Complaint should be dismissed for lack of subject matter jurisdiction because of the failure to allege factual matters which support the claimed basis for federal jurisdiction

 Plaintiff's requested relief against Defendant Hager is that the Court hold her "criminally liable" for violating a Colorado criminal statute.  Plaintiff's claim is based upon a violation of a state statute, not a law of the United States.  The claim does not even purport to be based upon any federal matter which would support subject matter jurisdiction under 28 U.S.C. §1331. The claim also fails because the making of criminal charges, and the finding of guilt, under state statutes are matters which are not in the realm of the federal judiciary.

The essence of Plaintiff's claims against all of the Defendants in this case is that the foreclosure proceeding brought by Defendant Nationstar, and the eviction proceeding following the foreclosure sale, were unlawful.  Plaintiff acknowledges throughout his Complaint that the foreclosure proceeding and eviction were based upon state court judgments.  The *Rooker-Feldman* doctrine precludes the Court from exercising subject matter jurisdiction in this case because Plaintiff's claims challenge state judicial processes and state court judgments. *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).   In addition to barring those of Plaintiff's claims that directly seek review of the state court proceedings, the *Rooker-Feldman* doctrine also bars the exercise of federal question jurisdiction as to claims which are "inextricably intertwined" with a state court judgment.   *Id*, at 282.   Plaintiff's claim against Defendant Hager is based upon the physical removal of Plaintiff's belongings during the state court-ordered eviction.   The claim is inextricably intertwined with the judgment in the state court forcible entry and detainer action, and its assertion is barred under the *Rooker-Feldman* doctrine.

Plaintiff has failed to establish any basis for federal subject matter jurisdiction over the claim against Defendant Mary Hager, and the Court should enter an Order dismissing that claim.

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANT HAGER

Plaintiff's Fifth Amended Complaint contains ten claims for relief against sixteen Defendants.   The only claim involving Defendant Hager is the Tenth Claim for Relief, where the following allegations are made:

90.    The Park County Sheriff's Department under the leadership of Fred Wegener broke into Wirth's home and assisted Mary Hager in raiding, stealing, and destroying what remained of Wirth's possessions which he was recovering from a strained back.

91.    The Plaintiff strained his back while moving heavy equipment as an emergency was foisted upon him by the unlawful actions of Smith, Hager and her agents wantonly stole or destroyed Wirth's personal property while Wegener threatened Wirth with violence against his person should he remain in his home.   The property stolen or destroyed included a library of reference books, family photos, clothing, tools, a custom-built entertainment rack, and two motor vehicles.

92.     Therefore the Court should hold Fred Wegener criminally liable for depriving Wirth of his rights under the color of law pursuant to 18 USC §242 and Mary Hager criminally liable for aggravated robbery under CRS §18-4-302.

To withstand a motion to dismiss, Plaintiff must allege sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 663, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007).  The facts alleged by Plaintiff are that Defendant Hager wrongfully removed Plaintiff's personal property from the home in the course of the eviction.  The relief requested against Defendant Hager is that the Court hold her criminally liable for aggravated robbery under the Colorado Criminal Code. Plaintiff's claim against Defendant Hager fails the plausibility test for several reasons.

First, there is no private right of action for a purported violation of C.R.S. §18-4-302.  As Governor Hickenlooper and Judge Groome pointed out in their Motion to Dismiss [Doc. 85, p. 13]:

> "A court does not infer a private right of action based on a [statutory] violation unless [it] discerns a clear legislative intent to create such a cause of action.  *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 923 (Colo. 1997).  "[W]hen a statute provides for criminal punishment…the intent of the legislature is presumed to be that such punishment [is] in lieu of all other remedies."  *Gammill v. United States*, 727 F.2d 950, 952-953 (10th Cir, 1984)(noting Colorado courts' "extreme caution [] in recognizing private rights of action "implied" by criminal statutes")  Thus, criminal statutes cannot be enforced in a civil action.  See *Orcutt v. Libel*, 381 F.App'x 866, 868-869 (10th Cir, 2010)(affirming dismissal of private citizens' claims against defendants for criminal law violations in a civil case arising from foreclosure proceedings).

C.R.S. §18-4-302 contains no reference to any private right of action based upon its violation, and there is no indication of any legislative intent to create a private right of action. The statute provides for criminal punishment.  C.R.S. §18-4-302(3) and (4).  No private right of action exists upon which Plaintiff can base a civil claim against Defendant Hager for its alleged violation.   Moreover, Plaintiff has no standing to request any criminal sanctions against

Defendant Hager.   Private citizens have no standing to prosecute civil actions.   *Winslow v. Romer*, 759 F. Supp. 670, 673 (D.Colo. 1991)

Second, even if there were a private right of action, Plaintiff utterly fails to plead any facts which support the claim that Defendant Hager committed any aggravated robbery.  A claim based upon C.R.S. §18-4-302 would require that plausible facts be alleged that Defendant Hager robbed Plaintiff and:

(1) Was armed with a deadly weapon with intent, if resisted, to kill, maim, or wound Plaintiff; or

(2) Knowingly wounded or struck Plaintiff with a deadly weapon or by the use of force, threats, or intimidation with a deadly weapon knowingly put Plaintiff in reasonable fear of death or bodily injury; or

(3) Had present a confederate, aiding or abetting the perpetration of the robbery, armed with a deadly weapon, with the intent, either on the part of the defendant or confederate, if resistance is offered, to kill, maim, or wound the person robbed or any other person, or by the use of force, threats, or intimidation puts the person robbed or any other person in reasonable fear of death or bodily injury; or

(4) Possessed an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or represents verbally or otherwise that he is then and there so armed.

C.R.S. §18-4-302(1)(a-d)

Plaintiff's Complaint contains no allegations upon which a facially plausible claim could be made that Defendant Hager engaged in any conduct violative of the aggravated robbery statute.

Plaintiff's Complaint fails to state a claim for relief against Defendant Mary Hager, and it should be dismissed.

**III.    DEFENDANT    HAGER    INCORPORATES    THE    ADDITIONAL ARGUMENTS FOR DISMISSAL CONTAINED IN THE MOTIONS TO DISMISS OF THE OTHER DEFENDANTS**

Defendant Hager incorporates herein the additional arguments for dismissal contained in the Motions to Dismiss filed by the other Defendants in this case.

WHEREFORE, Defendant Mary Hager respectfully prays that the Court enter an Order dismissing the claim against her with prejudice, and for such other relief as the Court deems proper.

Dated this 16th day of October, 2014.

Respectfully submitted,

**SHORTRIDGE, FITZKE & HULTQUIST, P.C.**


*/s/ R. Scott Fitzke*
R. Scott Fitzke, #35293
Shortridge, Fitzke & Hultquist, PC
4 Inverness Court East, Suite 100
Englewood, CO  80112
Phone:  303.694.2000
Fax:  303.694.2020
Email:  sfitzke@sfhlaw.net
*Attorneys for Mary Hager*

## <u>CERTIFICATE OF MAILING</u>

I hereby certify that on this 16th day of October, 2014, a true and correct copy of **DEFENDANT MARY HAGER'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT PURSUANT TO FED.R.CIV. 12(b)(1) and 12(b)(6)** was sent via CM/ECF, or U.S. Mail, postage prepaid, and properly addressed as follows:

Martin Thomas Wirth
36 Iris Drive
Bailey, CO  80421
Plaintiff, *pro se*

Christopher T. Groen, Esq.
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street, Suite 2100
Denver, CO  80202
*Attorneys for Defendants The Castle Law Group, Lowery-Graber, Westfall, Beall-Elder, Groen, and Castle*

Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann, & Carberry
675 Main Street
P.O. Box 1046
Fairplay, CO  80440
*Attorneys for Defendant Fred Wegener*

James P. Eckels, Esq.
Jamie G. Siler, Esq.
Bloom, Murr, Accomazzo, & Siler, PC
410 17th Street, Suite 2400
Denver, CO  80202
*Attorneys for Defendants Nationstar Mortgage and Jay Bray*

Katheryn Anne Teresa Starnella, Esq.
Colorado Attorney General
Ralph C. Carr Colorado Judicial Center
1300 Broadway
Denver, CO  80203
*Attorneys for Defendants Gov. John Hickenlooper and Judge Stephen A. Groome*

_s/ Rachel A. McDonald_
Rachel A. McDonald, Legal Assistant
Shortridge, Fitzke & Hultquist, PC
4 Inverness Court East, Suite 100
Englewood, CO  80112
Phone:  303.694.2000
Email:  rmcdonald@sfhlaw.net

*The duly authorized original signed pleading is on file and available for inspection at the offices of Shortridge, Fitzke & Hultquist, P.C.*

G:\WP\CLIENTS\ReMax Alliance\Wirth\Pleadings\Motion to Dismiss 5th Amended Complaint.docx