**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al*,

Defendant.

---

**MOTION TO DISMISS FIFTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV.
P. 12(b)(1) and 12(b)(6)**

---

Defendants Federal National Mortgage Association ("Fannie Mae") and Timothy Mayopoulos ("Mr. Mayopoulos") (together, the "FNMA Defendants"), through their attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully move to dismiss the fifth amended complaint filed by plaintiff Martin T. Wirth ("Mr. Wirth")[1] as follows:

**<u>INTRODUCTION</u>**

Mr. Wirth has filed numerous versions of his complaint in this matter, challenging the now completed foreclosure and eviction proceedings. Despite several opportunities to amend, and despite clear instructions from this Court, Mr. Wirth's latest complaint still fails to set forth factual allegations showing he is entitled to relief. The pleading fails for several reasons: (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the complaint still fails to satisfy the requirements of Fed. R. Civ. P. 8(a); and (3) the plaintiff has failed to state any valid claims upon which relief may be granted under Rule 12(b)(6). Accordingly, plaintiff's Fifth Amended Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

---

[1] Undersigned counsel has conferred in good faith with plaintiff concerning his claims; however, pursuant to D.C.COLO. LCivR.7.1(b)(2), the Fannie Mae Defendants have not specifically conferred with plaintiff concerning the disputed matters herein prior to filing this motion.

## PROCEDURAL HISTORY

1.      Mr. Wirth filed his original complaint on December 9, 2013 (Doc.# 1) and an amended complaint on December 12, 2013 (Doc.# 5), which was accepted by the Court on December 23, 2013 (Doc.# 14) (the "Amended Complaint").

2.      On December 12, 2013, Mr. Wirth filed an *ex parte* Emergency Motion for Temporary Restraining Order and Preliminary Injunction requesting a TRO or preliminary injunction to stay the Rule 120 Proceeding (Doc.# 7).

3.      On December 17, 2013, Mr. Wirth filed an *ex parte* supplement to his Motion, requesting that the Court enjoin the public trustee from selling the property the following morning, December 18, 2014 (Doc.# 12.). No injunction was entered and the sale proceeded.

4.      On March 4, 2014, the Court ordered the defendants to respond to Mr. Wirth's TRO Motion. (Docket No. 41). After the other defendants' responses were filed, the Court denied the TRO Motion as moot on March 11, 2014, because the actions from which Mr. Wirth was seeking relief—the Rule 120 Hearing and the Public Trustee Sale—had already been completed. (Docket No. 49).

5.      Defendant Castle Law Group, LLC ("CLG") moved to dismiss the Amended Complaint on January 29, 2014, pursuant to Rule 12(b)(6). (Doc.# 29.) Plaintiff then attempted to file a second amended complaint on February 18, 2014 (Doc.# 38), but it was stricken by the Court on March 5, 2014, because it was filed without the consent of the other parties in this case or leave from the Court (Doc.# 44.).

6.      Nationstar Mortgage, LLC ("Nationstar") filed a motion to dismiss the Amended Complaint, on February 25, 2014 (the "First MTD," Doc.# 39). In addition to moving for the dismissal of Mr. Wirth's Amended Complaint, the First MTD also requested that the Court deny Mr. Wirth leave to further amend his complaint on the

basis of futility (*See* Doc.# 39, pp. 13-15).

7.      On March 14, 2014, the Court stayed this matter pending a ruling on CLG's and Nationstar's respective motions to dismiss (Doc.# 52.). Mr. Wirth did not file a timely response to Nationstar's First MTD. Instead, on March 24, 2014, Mr. Wirth filed a motion for leave to amend his complaint (the "First MFL") (Doc.# 53). Mr. Wirth's First MFL was denied without prejudice on March 24, 2014, because Mr. Wirth had failed to confer with defendants before filing his motion (Doc.# 55).

8.      On April 2, 2014, Mr. Wirth filed a second motion for leave to amend his complaint (the "Second MFL") (Doc.# 56), seeking to file a proposed fourth amended complaint (the "Proposed Fourth AC") (Doc.# 56-1). Nationstar responded in opposition to plaintiff's Second MFL on May 5, 20114.

9.      On June 2, 2014, Mr. Wirth filed a second motion for temporary restraining order (the "Second TRO Motion") (Doc.# 62), requesting that the Court enjoin the Park County Sherriff from executing the writ of restitution entered by the state court in favor of Fannie Mae.

10.     Magistrate Judge Kathleen M. Tafoya recommended that the Second TRO Motion be denied on June 23, 2014, stating that the *Rooker-Feldman* doctrine precludes federal district courts "from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property" (the "Recommendation re Second TRO Motion) (Doc.# 69) (citing *Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07–cv–00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007)). The Recommendation stated:

> the Park County Court appears to have fully-adjudicated the parties' rights in connection with the property at issue …. this Court is precluded from reviewing or interfering with the further sale or possession of the property or with the Park County Court's foreclosure-related decisions. Such interference would require this Court to substitute its

judgment for those of the state court on the issue of property
rights.

11.     Judge Blackburn approved and adopted the Recommendation re Second

TRO Motion on August 13, 2014 (the Order Denying Second TRO Motion") (Doc.# 75),

holding:

> I find no error, much less plain error, in the magistrate
> judge's recommended disposition. Even if all the usual
> requirements warranting the extraordinary remedy of a
> temporary restraining order were satisfied in this case –
> which they are not – the entry of such an order clearly is
> precluded by the **Rooker-Feldman** doctrine, as detailed in
> the recommendation.

12.     On August 1, 2014, the Court entered an order, determining that plaintiff's

Amended Complaint did "not comply with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure," because it "fail[ed] to set forth a short and plain

statement of his claims showing that he is entitled to relief" and "[i]n fact, . . . fail[ed] to

set forth any claims at all" (the "Order to File Amended Complaint") (Doc.# 73).

13.     The Court's Order to File Amended Complaint required that plaintiff file an

amended complaint that complied with the Court's order, and indicated that the Court

would recommend that the action be dismissed without further notice if plaintiff failed to

timely file an amended complaint in compliance with the order. *Id.*

14.     Mr. Wirth timely filed an amended complaint (the "Fifth Amended

Complaint," Doc. # 76) on August 29, 2014. However, as discussed below, the Fifth

Amended Complaint still fails to set forth a short and plain statement of his claims

showing that he is entitled to relief, and fails to cure the deficiencies of the prior versions

of his complaint, including those relating to the subject matter jurisdiction of this Court

under the *Rooker-Feldman* doctrine.

15.     On September 15, 2014, defendants John Hickenlooper and Stephen A.

Groome (the "State Defendants") filed their Motion to Dismiss (the "State Defendants'

MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due October 9, 2014. Mr. Wirth has not filed a response to the State Defendants' MTD.

16.     On September 19, 2014, CLG filed its Motion to Dismiss (the "CLG MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due October 13, 2014. Mr. Wirth did not timely respond to the CLG MTD and has not filed a response to date.

17.     On October 6, 2014 Nationstar and Nationstar's Chief Executive Officer, Jay Bray (together, the "Nationstar Defendants") filed a Motion to Dismiss the Fifth Amended Complaint (the "Nationstar MTD," Doc No.90). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due October 30, 2014. Mr. Wirth did not respond to the Nationstar MTD by October 30, 2014, and has not filed a response to date.

18.     On October 8, 2014, Fred Weneger (the "Sheriff") filed his Motion to Dismiss (the "Sheriff's MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due November 3, 2014. Mr. Wirth did not timely respond to the Sheriff's MTD, and to date has still not filed a response.

19.     On October 16, 2014, Mary Hager (the "Public Trustee") filed her Motion to Dismiss (the "Public Trustee's MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due November 10, 2014. Mr. Wirth did not respond to the Public Trustee's MTD by November 10, 2014, and has not filed a response to date.

20.     On or about October 21, 2014, the FNMA Defendants were served with the Fifth Amended Complaint. Pursuant to F.R.C.P. 15(a)(3) and F.R.C.P. 12(a)(1)(A)(i), their deadline to respond to the Fifth Amended Complaint is November 12, 2014.

## STATEMENT OF THE FACTS

In the interests of brevity and limiting the volume of documents and pleadings

5

before this Court, the FNMA Defendants respectfully incorporate by reference as if fully stated herein the statement of the facts, including the "Facts Alleged in Plaintiff's Complaint" section and "Facts Subject to Judicial Notice" section, of the Nationstar MTD [Doc. No. 90], as well as the exhibits thereto [Doc. Nos. 90-1 through 90-10].

## LEGAL ARGUMENT

### I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).

The FNMA Defendants respectfully incorporate by reference the arguments asserted in the Nationstar MTD with respect to their argument that Mr. Wirth's Fifth Amended Complaint should be dismissed pursuant to Rule 12(b)(1). *See* Nationstar MTD, pp. 8-11. As explained in greater detail in that motion, the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over plaintiff's claims, which concern completed state court foreclosure and eviction proceedings.

The Rule 120 Court entered its Order Authorizing Sale prior to the initiation of this lawsuit, and the foreclosure proceeding has now been fully concluded and closed. *See* Nationtar MTD Exs. 3, 4, & 5. Likewise, the FED Action is now concluded and became final when plaintiff did not appeal the judgment or orders entered therein. Further, the purpose of and relief sought by plaintiff's Fifth Amended Complaint is to undo the completed foreclosure and eviction proceedings. Plaintiff, for example, requests that the Court "[v]oid the sale of the Plaintiff's property and order that Wirth be granted quiet title to his property and home." FAC, p. 34. Thus, plaintiff's claims either seek direct, appellate-like review of the state court judgment, or are "inextricably intertwined" with the state court orders authorizing the foreclosure and eviction, in that they seek to disrupt or undo those state court judgments. *See Grove v. Delaney,* No. 12-CV-01539-BNB, 2012 WL 3131829, *2. (D. Colo. 2012); *see also District of*

6

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)); *Driskell v. Thompson*, No. 12-CV-03107-REB-KLM, 2013 WL 4944187, *7 (D. Colo. 2013).

Accordingly, the *Rooker-Feldman* doctrine precludes the Court's subject matter jurisdiction over plaintiff's claims, and plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).

## II.   Plaintiff's Fifth Amended Complaint Still Fails to Comply with Rule 8(a)

The FNMA Defendants likewise incorporate by reference the arguments in the Nationstar MTD explaining that the Fifth Amended Complaint should be dismissed based on Mr. Wirth's failure to comply with Rule 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief") and this Court's Order to File Amended Complaint (stating that "[p]rolix, vague, or unintelligible pleadings violate the requirements of Rule 8.")  *See* Nationstar MTD, pp. 11-12. As explained in Nationstar's MTD, despite the Court's clear instructions, Mr. Wirth's Fifth Amended Complaint fails to comply with these requirements. *See* Nationstar MTD, p. 12. Among other things, it remains impossible to determine what types of claims Mr. Wirth is asserting, let alone what claims he is asserting against any particular defendant. Thus, because Mr. Wirth has now repeatedly failed to set forth a short and plain statement of his claims showing that he is entitled to relief, and because allowing Mr. Wirth to continue to file successive, defective complaints would further prejudice and harm the Fannie Mae Defendants, the Fannie Mae Defendants respectfully request that this matter be dismissed in its entirety. *See, e.g.*, *Johnson v. Keeling*, 75 Fed. R. Serv. 3d 1268 (D. Colo. 2010); *Bremer v. Ass'n of Flight AttendantsCWA*, 2014 WL 4063143, *5 (D. Colo. 2014).

### III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Even if the Court had subject matter jurisdiction, plaintiff's claims still fail under Rule 12(b)(6). A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *See Hall v. Bellmon,* 935 F.2d 1106, 1009 (10th Cir. 1991). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)). As set forth below, the complaint fails to state a claim upon which relief may be granted, and thus plaintiff's claims should be dismissed

### A.   The Complaint Fails to State a Claim Under the Fourteenth Amendment or 42 U.S.C. § 1983.

Plaintiff's claims are premised on the assertion that Nationstar's foreclosure and Fannie Mae's eviction violated his Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution. *See, e.g.,* Complaint ¶ 13. However, "[a] violation of either the Fourteenth Amendment or § 1983 requires wrongs committed by a state actor." *Wasko v. Silverberg*, 103 Fed. Appx. 332, 334 (10th Cir. 2004) (unpublished). It is "axiomatic" that the "provisions of the Fourteenth Amendment proscribe state action only and do not reach acts of private persons unless they are acting 'under color of state law.'" *Browns v. Mitchell*, 409 F.2d 593, 594 (10th Cir. 1969).

Here, plaintiff's claims fail because he has not adequately alleged that Fannie Mae is a "state actor" or that its foreclosure action or the FED Action were acts done "under the color of state law." *See Schroder v. Volcker*, 646 F.Supp. 132, 135 (D. Colo. 1986), *aff'd* 864 F.2d 97 (10th Cir. 1988). In *Schroder,* the court held that in order to

8

establish that a foreclosure constituted state action, plaintiff would have had to "allege that the defendants were state actors or that the foreclosure laws of the state of Colorado permitted state officials to sell the plaintiffs' property without first giving notice to the plaintiffs and the opportunity for the plaintiffs to contest the seizure and sale of their property." *Id.* Plaintiff here has not properly alleged such facts.

Although plaintiff's Fifth Amended Complaint includes an allegation that the Fannie Mae Defendants are "state actors" (*see* FAC ¶ 79), this allegation is conclusory and unsupported by any additional factual allegations, and thus need not be accepted as true for purposes of this Motion. *See Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003). Nor would such an allegation be plausible even if had been made, because "[i]t is well-settled that Fannie Mae is not a state actor for purposes of establishing the necessary state action." *Parra v. Federal Nat'l Mortg. Ass'n*, 2013 WL 5638824, at *3 (C.D.Cal. Oct. 16, 2013) (collecting cases and holding that the "plaintiff could not maintain a 42 U.S.C. § 1983 claim for violation of due process rights against Fannie Mae because it is not a "state actor."). Additionally, plaintiff's allegations and the relevant public records show that neither the foreclosure nor the eviction were done *ex parte* and that plaintiff was given notice and an opportunity to contest both the sale of the property and his eviction from the same. *See, e.g.*, FAC ¶¶ 7, 19, 21-23; Nationstar MTD Exs. 1-10.

Finally, it is well-settled that a private actor does not transform itself into a state actor by invoking the jurisdiction of a state court to resolve a legal dispute. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). And courts in this Circuit have routinely held that the "[p]rivate use of statutory power of sale foreclosure procedures is not 'state action.'" *See, e.g., Pagel v. Bank United of Texas FSB*, 2:00CV776-C, 2001 WL 753799 (D. Utah 2001) *adopted*, 2:00-CV-776C, 2001 WL 710186 (D.Utah 2001). Likewise, use of

a court-ordered sheriff's eviction is not state action and does not transform a private party into a state actor. *See, e.g., Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242 (D. Kan. 1998) *aff'd*, 153 F.3d 726 (10th Cir. 1998). Accordingly, plaintiff's Fourteenth Amendment claims should be dismissed pursuant to Rule 12(b)(6).

## B. Plaintiff Lacks Standing to Assert Claims for Alleged Criminal Acts:

Plaintiff also now requests in numerous sections of his Fifth Amended Complaint, that various defendants be held "criminally liable" for alleged violations of a number of criminal statutes. This is improper, as "[c]ourts universally endorse the principle that private citizens cannot prosecute criminal actions." *People of State of Colorado v. Ogburn*, No. 07-CR-00023-WYD, 2007 WL 389230 (D. Colo. Feb. 1, 2007); *see also* Winslow v. Romer, 759 F.Supp. 670, 673 (D.Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings").

## C. Plaintiff Has Failed to State a Claim for Relief Against Defendant Timothy Mayopoulos.

Plaintiff vaguely asserts that defendant Timothy Mayopoulos, the Chief Executive Officer of Fannie Mae, engaged in some wrongdoing or misrepresented certain ownership interests and should be criminally liable for bribery of a public official and for conspiring with Colorado state court judges. *See* FAC p. 27, ¶¶ 78, 80; p. 28, and 30, ¶ 88-5; p. 31, ¶ 89-3. In addition to plaintiff's lack of standing (discussed above), plaintiff's Fifth Amended Complaint does not contain sufficient factual allegations to state a claim for relief against Mr. Mayopoulos that is "plausible on its face." See *Iqbal*, 129 S.Ct. at 1949. Rather, plaintiff's "claims" against Mr. Mayopoulos appear to be based solely on Mr. Mayopoulos's status as a corporate officer of Fannie Mae. This is improper, and cannot form the basis of a valid claim. *See Ball v. Dillard*, 2000 WL 33710848, *2 (D. Utah May 26, 2000) ("In general, a CEO cannot be held liable based solely on his status

10

with a corporation.") (citing, *e.g., Tulsa Litho Co. v. Tile and Decorative Surfaces Magazine Publ'g, Inc.*, 69 F.3d 1041, 1043 (10th Cir.1995). In *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958), the court held that:

> Merely being an officer or agent of a corporation does not render one personally liable for a tortuous act of the corporation. Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation.

Relying on *Labato*, the court in *Ball* dismissed a defendant company's C.E.O. on the basis that there was "no allegation that [he] personally participated in any of the events alleged to have occurred, and [that] there [was] no indication that [he] personally directed any of the [company's] employees in any of the actions alleged to have occurred." *Ball*, 2000 WL 33710848 at *2.

Here, as in the *Ball*, the Fifth Amended Complaint contains no plausible factual allegations that Mr. Mayopoulos personally participated in any of the events alleged to have occurred or that he personally directed any of Nationstar's employees in any of the actions alleged to have occurred. Accordingly, Mr. Wirth's claims against Mr. Mayopoulos fail as a matter of law and should be dismissed.

## D. Plaintiff Has Failed to Establish Due Process or Equal Protection Violation.

Finally, plaintiff has failed to establish any Due Process or Equal Protection violation.

### 1. No Due Process Violation.

"[A]s a general rule, due process requires that a person be given notice and an opportunity for a hearing before being deprived of a property interest." *U.S. v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994). Here, the facts in the Fifth Amended Complaint, and public records show that plaintiff was given

both notice and an opportunity for a hearing prior to the Rule 120 Court entering its Order Authorizing Sale and prior to the entry of the Judgment for Possession in the FED Action. *See, e.g.*, FAC ¶¶ 7, 19, 21-23; Nationstar MTD Exs. 1-10. Indeed, as evidenced in these documents and allegations, Mr. Wirth attended and contested both the Rule 120 hearing and the FED trial. Accordingly, plaintiff has failed to establish that the Rule 120 Court violated his Due Process rights. *See, e.g., Ramsey v. Citibank, N.A.*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918 (D. Colo. 2011) *aff'd*, 475 Fed. Appx. 711 (10th Cir. 2012) (unpublished).

Further, plaintiff cannot establish that Colorado's foreclosure statutes (and related eviction statute) facially operate to deny borrowers due process, because "[a] plaintiff can only succeed on a facial challenge to a statute by 'establish[ing] that no set of circumstances exists under which the Act would be valid . . . , [meaning] that the law is unconstitutional in all of its applications.'" *Baker v. State*, No. 13-CV-01334-PAB-KLM, 2014 WL 624342 (D. Colo. 2014) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)). "When determining whether a law is facially invalid, courts must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Id.* (quoting *Wash. State Grange,* 552 U.S. at 450).

Here, plaintiff has not and cannot establish that there are no circumstances in which Colorado's foreclosure and eviction statutes would be valid. Indeed, these statutes have previously been held to provide borrowers with adequate due process by federal courts in this Circuit. *See, e.g., Ramsey,* 2011 WL 4485918 at *4 (cited in *Driskell*, 2013 WL 4944187 at * 14); *see also In re Roberts,* 367 B.R. 677, 687 (Bankr. D. Colo. 2007) (holding that Colorado's "state law foreclosure process afforded the Debtor with due process rights and notice of the pending sale"). Additionally, since

1976, the Colorado Supreme Court has interpreted and revised Rule 120 to ensure that borrowers are provided with sufficient notice and an opportunity to be heard. *Plymouth Capital Co., Inc. v. Dist. Ct. of Elbert County*, 955 P.2d 1014, 1017 (Colo. 1998); *see also Goodwin v. Dist. Ct. In and For Sixteenth Jud. Dist.*, 779 P.2d 837, 840 (Colo. 1989) (stating that "the scope of [Rule 120] has been extended by case law to provide due process protections with respect to the taking and public sale of a real property interest of a debtor under a deed of trust"). Further, the fact that a borrower may need to file a collateral action in order to fully adjudicate his or her claims and defenses does not violate due process. *See Lindsey v. Normet*, 405 U.S. 56, 67 (1972). Accordingly, Mr. Wirth has failed to state a claim for relief for violation of his Due Process rights.

### 2. No Equal Protection Violation.

Finally, Mr. Wirth vaguely contends in his Fifth Amended Complaint that his Equal Protection rights were also violated. Mr. Wirth, however, provides no supporting factual allegations concerning this contention, let alone allegations that would plausibly support an Equal Protection claim. "[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently from others." *McGowan v. Maryland*, 366 U.S. 420, 425 (1961). Different treatment "will offend the equal protection safeguard only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective, or if the objective itself is beyond the State's power to achieve." L*indsey v. Normet*, 405 U.S. 56, 70 (1972) (internal quotation and citation omitted). "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowa*n, 366 U.S. at 426. As to economic matters in particular, courts "owe an extraordinary deference to state objectives" and must "uphold any classification based 'upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in

13

state policy.'" *Dieffenbach v. Attorney General of Vermont*, 604 F.2d 187, 195 (2d Cir. 1979) (quoting Allied Stores v. Bowers, 358 U.S. 522, 530 (1959)).

Here, even if Mr. Wirth's Fifth Amended Complaint had plausibly identified any meaningful distinction between one group of citizens over another (which it did not), the Fifth Amended Complaint still fails to allege that such classification is "wholly irrelevant to the achievement of the State's objective." *See Lindsey v. Normet*, 405 U.S. 56, 70 (1972); *McGowan v. Maryland*, 366 U.S. 420, 425 (1961). Nor could plaintiff plausibly allege such facts, as the differences created Colorado's foreclosure scheme, including Rule 120 proceedings, were designed to achieve significant objectives of the State. *See Plymouth Capital Co., Inc. v. Dist. Ct. of Elbert County*, 955 P.2d 1014, 1015 (Colo. 1998) ("The hearing contemplated by Rule 120 operates as an integral part of our streamlined, non-judicial foreclosure system. Colorado's procedure for foreclosure by public trustee has been in force and effect since 1894 . . . Through creation of a public trustee's office, the General Assembly sought to ensure the protection of debtors while maintaining a speedy, efficient procedure for creditors . . . Hence, our statutes now strike a balance between efficiency and protection of debtors' rights, without the need for extensive judicial supervision.") (internal quotations omitted); *Dean v. JP Morgan Chase Bank Nat. Ass'n*, No. 10-CV-00539-PAB-MJW, 2011 WL 782727 (D. Colo. 2011) ("[F]oreclosure proceedings pursuant to Colorado Rule of Civil Procedure 120 . . . involve important state interests."). Accordingly, plaintiff fails to state a claim for relief under the Equal Protection clause of the Fourteenth Amendment.

WHEREFORE, the Fannie Mae Defendants respectfully request that this Court dismiss the Fifth Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b), deny plaintiff further leave to amend the complaint, and award the Fannie Mae Defendants their reasonable attorney's fees in defending this action.

14

Dated this 12th day of November, 2014.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC


*s/ James P. Eckels*
Jamie G. Siler, Colorado Bar No.: 31284
James P. Eckels, Colorado Bar No.: 40858
410 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 534-2277
jsiler@bmas.com
jeckels@bmas.com
*Attorneys for Defendants Federal National Mortgage Association, Timothy Mayopoulos, Nationstar Mortgage, LLC, and Jay Bray*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of November, 2014, the foregoing **MOTION TO DISMISS FIFTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202


*s/Mark S. Adams*
Mark S. Adams, paralegal

15