**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

Plaintiff,

v.

JOHN HICKENLOOPER, *et al*,

     Defendant.

---

### MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Defendants Nationstar Mortgage LLC ("Nationstar"), Jay Bray ("Mr. Bray"), Federal National Mortgage Association ("Fannie Mae"), and Timothy Mayopoulos ("Mr. Mayopoulos") (collectively, the "Lender Parties"), through their attorneys, Bloom Murr Accomazzo & Siler, PC, respectfully move to dismiss this action pursuant to Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1, based on plaintiff Martin T. Wirth's ("Mr. Wirth") failure to prosecute.

<u>Certificate of Conferral</u>: Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel for the Lender Parties certifies that he has attempted to confer with Mr. Wirth concerning this Motion and on October 14, 2014 left a voicemail message for Mr. Wirth using the telephone number for Mr. Wirth on record with the Court. As of the time of the filing of this Motion, Mr. Wirth has not responded to the undersigned's attempts to confer and has not indicated whether he opposes the relief requested herein.

### INTRODUCTION

In the 11 months in which this case has been pending, Mr. Wirth has filed numerous versions of his complaint, challenging now completed foreclosure and

eviction proceedings. Several defendants in this matter previously moved to dismiss Mr. Wirth's claims based on fundamental deficiencies in his pleadings. Despite several opportunities to amend, and despite clear instructions from this Court, Mr. Wirth has still failed to set forth factual allegations showing he is entitled to relief in his latest complaint (the "Fifth Amended Complaint"). Accordingly, various defendants have now moved to dismiss Mr. Wirth's Fifth Amended Complaint pursuant to Fed. R. Civ. P. 12(b). Mr. Wirth has not responded to any of these motions, and the deadline for responding to most of them has passed. Accordingly, the Lender Parties respectfully request that the Court dismiss this action with prejudice for failure to prosecute. Alternatively, the Lender Parties request that the Court issue an order requiring Mr. Wirth to show cause as to why he has not timely responded to defendants' respective motions to dismiss.

## PROCEDURAL HISTORY

1. Mr. Wirth filed his original complaint on December 9, 2013 (Doc. No. 1) and an amended complaint on December 12, 2013 (Doc. No. 5), which was accepted by the Court on December 23, 2013 (Doc. No. 14) (the "Amended Complaint").

2. On December 12, 2013, Mr. Wirth filed an *ex parte* Emergency Motion for Temporary Restraining Order and Preliminary Injunction requesting a TRO or preliminary injunction to stay the Rule 120 Proceeding (Doc. No. 7).

3. On December 17, 2013, Mr. Wirth filed an *ex parte* supplement to his Motion, requesting that the Court enjoin the public trustee from selling the property the following morning, December 18, 2014 (Doc. No. 12.). No injunction was entered and the sale proceeded.

4. On March 4, 2014, the Court ordered the defendants to respond to Mr. Wirth's TRO Motion. (Docket No. 41). After the other defendants' responses were filed, the Court denied the TRO Motion as moot on March 11, 2014, because the actions from which Mr. Wirth was seeking relief—the Rule 120 Hearing and the Public Trustee Sale—had already been completed. (Docket No. 49).

5. Defendants Lawrence E. Castle and the Castle Law Group LLC (together the "Castle Law Group") moved to dismiss the Amended Complaint on January 29, 2014, pursuant to Rule 12(b)(6) (Doc. No. 29). Plaintiff then attempted to file a second amended complaint on February 18, 2014 (Doc. No. 38), but it was stricken by the Court on March 5, 2014, because it was filed without the consent of the other parties in this case or leave from the Court (Doc. No. 44.).

6. Nationstar filed a motion to dismiss the Amended Complaint, on February 25, 2014 (Doc. No. 39). In addition to moving for the dismissal of Mr. Wirth's Amended Complaint, Nationstar's motion to dismiss also requested that the Court deny Mr. Wirth leave to further amend his complaint on the basis of futility (*See* Doc. No. 39, pp. 13-15).

7. On March 14, 2014, the Court stayed this matter pending a ruling on the Castle Law Group's and Nationstar's respective motions to dismiss (Doc. No. 52.). Mr. Wirth did not file a timely response to Nationstar's or the Castle Law Group's motions to dismiss. Instead, on March 24, 2014, Mr. Wirth filed a motion for leave to amend his complaint (the "First MFL") (Doc. No. 53). Mr. Wirth's First MFL was denied without

3

prejudice on March 24, 2014, because Mr. Wirth had failed to confer with defendants before filing his motion (Doc. No. 55).

8. On April 2, 2014, Mr. Wirth filed a second motion for leave to amend his complaint (the "Second MFL") (Doc. No. 56), seeking to file a proposed fourth amended complaint (the "Proposed Fourth AC") (Doc. No. 56-1).

9. Nationstar responded in opposition to plaintiff's Second MFL on April 23, 2014 (the "Response to Second MFL") (Doc. No. 58). In its Response to Second MFL, Nationstar requested that the Court enter an order granting Nationstar's motion to dismiss because Mr. Wirth had failed to timely respond to the motion to dismiss and had not sought leave of the Court to file a late response due to excusable neglect, despite the fact that undersigned counsel had previously notified Mr. Wirth of these issues. (Doc. No. 58, pp. 7-8).

10. On May 5, 2015, Mr. Wirth filed an untimely response to Nationstar's February 25, 2014 motion to dismiss without seeking leave of the Court (Doc. No. 59).

11. Nationstar filed a reply in support of its motion to dismiss on May 19, 2014 (Doc. No. 61). In its reply brief, Nationstar noted that:

> Plaintiff's deadline to respond to Nationstar's Motion to Dismiss, including three additional days pursuant to Rules 6(d) and 5(b), was March 21, 2014. Plaintiff did not seek an extension of this deadline from Nationstar or the Court, and did not file a response to the Motion to Dismiss by that date. Nor, even after being alerted to this issue on March 28, 2014 (*see* Ex. 1) did plaintiff (1) confer with undersigned counsel or (2) seek leave from the Court to file an out-of-time response to the Motion to Dismiss pursuant to Rule 6(b)(1)(B). Instead, plaintiff filed his Response on May 5, 2014, forty-five days after his deadline had passed. Plaintiff's Response was not accompanied by a motion for

4

> leave to file his brief out-of-time, and does otherwise address
> the untimeliness of his filing.

(Doc. No. 61, pp. 2-4).

12.  On June 2, 2014, Mr. Wirth filed a second motion for temporary restraining order (the "Second TRO Motion") (Doc. No. 62), requesting that the Court enjoin the Park County Sherriff from executing the writ of restitution entered by the state court in favor of Fannie Mae.

13.  Magistrate Judge Kathleen M. Tafoya recommended that the Second TRO Motion be denied on June 23, 2014 (the "Recommendation re Second TRO Motion) (Doc. No. 69) (citing *Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07–cv–00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007)).  Judge Blackburn approved and adopted the Recommendation re Second TRO Motion on August 13, 2014 (the Order Denying Second TRO Motion") (Doc. No. 75).

14.  On August 1, 2014, the Court entered an order, determining that plaintiff's Amended Complaint did "not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure," because it "fail[ed] to set forth a short and plain statement of his claims showing that he is entitled to relief" and "[i]n fact, . . . fail[ed] to set forth any claims at all" (the "Order to File Amended Complaint") (Doc. No. 73).

15.  The Court's Order to File Amended Complaint required that plaintiff file an amended complaint that complied with the Court's order, and indicated that the Court would recommend that the action be dismissed without further notice if plaintiff failed to timely file an amended complaint in compliance with the order.  *Id.*

16. Pursuant to the Court's August 1, 2014 order, the defendants' motions to dismiss were denied without prejudice as premature.

17. Mr. Wirth filed his most recent amended complaint (the "Fifth Amended Complaint" (Doc. # 76) on August 29, 2014.

18. On September 15, 2014, defendants John Hickenlooper and Stephen A. Groome (the "State Defendants") filed their Motion to Dismiss (the "State Defendants' MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response to the State Defendants' MTD was due October 9, 2014. Mr. Wirth has not filed a response to the State Defendants' MTD.

19. On September 19, 2014, defendants Britney Beall-Eder, Lawrence E. Castle, Christopher T. Groen, Cynthia Lowery-Graber, The Castle Law Group LLC, and Deanna Westfall moved to dismiss the Fifth Amended Complaint (collectively, the "CLG Defendants") (the "CLG MTD") (Doc. No. 87). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response to the CLG MTD was due October 13, 2014. Mr. Wirth did not timely respond to the CLG MTD and to date has not filed a response.

20. On October 6, 2014 Nationstar and Nationstar's Chief Executive Officer, Jay Bray (together, the "Nationstar Defendants") filed a Motion to Dismiss the Fifth Amended Complaint (the "Nationstar MTD," Doc No.90). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due October 30, 2014. Mr. Wirth did not respond to the Nationstar MTD by October 30, 2014, and has not filed a response to date.

21. On October 8, 2014, Fred Weneger (the "Sheriff") filed his Motion to Dismiss (the "Sheriff's MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due November 3, 2014. Mr. Wirth did not timely respond to the Sheriff's MTD, and to date has still not filed a response.

22. On October 16, 2014, Mary Hager ("Ms. Hager") filed her Motion to Dismiss (the "Hager MTD"). Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), a response was due November 10, 2014. Mr. Wirth did not respond to the Hager MTD by November 10, 2014, and has not filed a response to date.

23. On December 31, 2014, defendant Michelle Miller filed a motion to dismiss the Fifth Amended Complaint (the "Miller MTD").

24. Defendants Fannie Mae and Mr. Mayopoulos (together, the "FNMA Defendants") were served with the Fifth Amended Complaint on or about October 21, 2014, and filed a motion to dismiss the Fifth Amended Complaint on November 12, 2014.

## LEGAL ARGUMENT

### I. Plaintiff's Complaint Should Be Dismissed for Failure to Prosecute Pursuant to Rule 41(b).

Pursuant to Fed. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Among other things, a "plaintiff fails to prosecute" when he or she fails to timely respond to a motion to dismiss. *See, e.g., Collier v. Artistic Enterprises, Inc.*, No. CIV.A.06CV01446MEHBN, 2007 WL 987856, at *2 (D. Colo. Mar. 30, 2007) ("Plaintiff has failed to prosecute this case with due diligence by her failure to respond to

7

the Defendant's Motion to Dismiss or to properly request an extension of time to respond, if she was unable to timely do so.").

A plaintiff's *pro se* status does not relieve him of the obligation to file a response to a motion to dismiss within the time limits provided under the Rules; rather, in this regard, "the Court must apply the same standard to counsel licensed to practice law and to a pro se party." *See Malbacias v. Grp. Voyagers, Inc.*, No. 08-CV-02409-MSK-CBS, 2009 WL 3698530, at *2 (D. Colo. Nov. 3, 2009) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994)).

Here, Mr. Wirth has a history of failing to respond, or to timely respond, to motions to dismiss filed by defendants in this case. For example, Mr. Wirth never filed a response to the first motion to dismiss filed by the Castle Law Group. Further, Mr. Wirth did not timely respond to Nationstar's first motion to dismiss (or seek leave from the Court to file a response out-of-time response based on excusable neglect), even after Nationstar specifically brought these issues to his attention. Instead, only after Nationstar had alerted the Court to these issues in its response to Mr. Wirth's Second MFL did he respond to Nationstar's motion to dismiss. This response, however, was filed 45 days after the response deadline had passed, without leave of the Court.

Presently, Mr. Wirth has failed to timely respond to five motions to dismiss his Fifth Amended Complaint. Pursuant to D.C.COLO.LCivR 7.1(d) and F.R.C.P. 6(d), the respective deadlines by which Mr. Wirth was required to respond to these motions under to dismiss were as follows:

> 1. Mr. Wirth's response to the State Defendants' MTD was due approximately **40** days ago, on October 9, 2014;

8

2. Mr. Wirth's response to the CLG MTD was due approximately **36** days ago, on October 13, 2014;

3. Mr. Wirth's response to the Nationstar MTD was due approximately **19** days ago, on October 30, 2014;

4. Mr. Wirth's response to the Sheriff's MTD was due approximately **15** days ago, on November 3, 2014; and

5. Mr. Wirth's response to the Hager MTD was due approximately **8** days ago, on November 10, 2014.

In light of the foregoing, the Lender Parties respectfully request that the Court dismiss this action pursuant to Rule 41(b) and the authorities set forth above based on Mr. Wirth's failure to prosecute.

The Lender Parties further request that such dismissal be with prejudice. Rule 41(b) provides that, "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." In this case, there is no just reason for the Court to diverge from this default rule, particularly when Mr. Wirth has been given multiple opportunities to correct the deficiencies in his various complaints and to respond to the arguments raised in the defendants' respective motions to dismiss, but has failed to do so.

## II. Alternatively, Mr. Wirth Should be Required to Show Cause Why He Has Failed to Timely Respond to Defendants' Respective Motions to Dismiss.

In the event the Court were not inclined to dismiss this action as requested above, the Lender Parties alternatively request that the Court enter an order requiring Mr. Wirth to show cause why he has failed to respond to the defendants' respective motions to dismiss. Additionally, in the event Mr. Wirth fails to respond to the Court's

9

show cause order or fails to provide a reasonable explanation for why he failed to respond to these motions, the Lender Parties respectfully request that the Court promptly dismiss this action.  *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show case order, a district judge ... may enter an order of dismissal with or without prejudice."); *see also, e.g., Kalkhorst v. Hardware Specialty Co.*, No. 14-CV-00309-RBJ, 2014 WL 2118288, at *1 (D. Colo. May 21, 2014) (dismissing a *pro se* plaintiff's action after he (1) failed to respond to the defendant's motion to dismiss for failure to state a claim and then (2) failed to provide a reasonable explanation of why he did not respond to the motion to dismiss in response an order to show cause entered by the court).

As permitted by Local Rule 41.1, the Lender Parties further request that any such dismissal be with prejudice given that Mr. Wirth has been provided with multiple opportunities to correct the deficiencies in his pleadings and/or to respond to the arguments raised in the defendants' various motions to dismiss, but has failed to do so.

WHEREFORE, the Lender Parties respectfully request that this Court dismiss the Fifth Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 41(b), or alternatively, enter an order requiring Mr. Wirth to show cause why his failure to timely respond to the respective motions to dismiss filed by the State Defendants, the CLG Defendants, the Lender Parties, the Sheriff, and Ms. Hager was excusable.

Dated this 18th day of November, 2014.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC

*s/ James P. Eckels*
Jamie G. Siler, Colorado Bar No.: 31284
James P. Eckels, Colorado Bar No.: 40858
410 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 534-2277
jsiler@bmas.com
jeckels@bmas.com

*Attorneys for Defendants Federal National Mortgage Association, Timothy Mayopoulos, Nationstar Mortgage LLC, and Jay Bray*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of November, 2014, the foregoing **MOTION TO DISMISS FOR FAILURE TO PROSECUTE** was filed and served electronically via CM/ECF, upon the following:

Kathryn Anne Teresa Starnella
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC-Fairplay
675 Main Street
P.O. Box 1046
Fairplay, CO 80440

R. Scott Fitzke
Shortridge, Fitzke & Hultquist, PC
4 Inverness Court East, Suite 100
Englewood, CO 80112

Martin Thomas Wirth
36 Iris Drive
Bailey, CO 80421
*Pro Se*

Christopher T. Groen
Phillip A. Vaglica
The Castle Law Group, LLC
1125 17th Street
Suite 2100
Denver, CO 80202

*s/Mark S. Adams*
Mark S. Adams, paralegal

11