IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
STEPHEN A. GROOME, Judge - 11th District Court Judge,
ARTHUR R. SMITH, Senior Judge – Retired from Mesa County Court,
MICHELLE MILLER, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC, (Nationstar),
JAY BRAY, Chief Executive of Nationstar in his corporate and individual capacity,
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FNMA),
TIMOTHY MAYOPOULOS, Chief Executive of FNMA in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC, (CLG),
CYNTHIA LOWERY-GRABER, CLG Attorney,
DEANNA WESTFALL, CLG Attorney,
BRITNEY BEALL-EDER, CLG Attorney,
CHRISTOPHER T. GROEN, CLG Attorney,
LAWRENCE E. CASTLE, Chief Executive of CLG in his corporate and individual capacies,
FRED WEGENER, individually and in his official capacities, and
MARY HAGER, individually,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Defendants Nationstar Mortgage LLC, Jay Bray, Federal National Mortgage Association, and Timothy Mayopoulos's "Motion to Dismiss for Failure to Prosecute" (Doc. No. 104, filed November 18, 2014) is DENIED.

A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir.1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir . 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)). While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, *see, e.g.*, D .C. Kan. L. Civ. R. 7.4, the District of Colorado's Civil Local Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. See D.C.COLO.LCivR. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (the lack of a response alone is not enough for the court to grant a motion to dismiss); *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (same).

In their Motion, Defendants cite *Collier v. Artistic Enterprises, Inc.*, Civil Action No. 06-cv-01446-MEH-BNB, 2007 WL 987856, at \*2 (D. Colo. Mar. 30, 2007), in support of their argument that Plaintiff's case should be dismissed for his failure to respond to the pending motions to dismiss. However, in *Collier*, the magistrate judge noted that it had issued an order to show cause why the plaintiff's case should not be dismissed for her failure to respond to the defendant's motion to dismiss for lack of standing or to request an extension of time to file a response. *Id.* at \*1. The plaintiff failed to respond to the order to show cause. *Id.* The magistrate judge determined the plaintiff's failure to respond to the defendant's motion to dismiss <u>and</u> the order to show cause warranted dismissal of the action. *Id.* at \*2. Nevertheless, the magistrate judge also addressed the merits of the defendant's motion to dismiss for lack of standing and granted that motion in part. *Id.* at \*2-4.

Thus, this court will issue recommendations on the various defendants' motions to dismiss in due course, regardless of whether Plaintiff has filed responses to the motions.

Dated: November 18, 2014