**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

JOHN M. MBAKU; LUVIBIDILA
JOLIE LUMUENEMO,

    Plaintiffs - Appellants,

v.

BANK OF AMERICA, NATIONAL
ASSOCIATION, as successor by merger
to BAC Home Loans Servicing, LP, f/k/a
Countrywide Home Loans Servicing LP,

    Defendant - Appellee.

-------------------------------------------------

CYNTHIA H. COFFMAN, in her official
capacity as COLORADO ATTORNEY
GENERAL,

    Intervenor.

No. 14-1379
(D.C. No. 1:12-CV-00190-PAB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Exhibit 1**

In this foreclosure case, John M. Mbaku and Luvibidila J. Lumuenemo appeal pro se from district court orders that culminated in the dismissal of their amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

In 2008, Taylor, Bean & Whitaker Mortgage Corporation (TBW) loaned Plaintiffs $166,885 to refinance their Denver, Colorado condominium. The loan was evidenced by a promissory note and secured by a deed of trust. The beneficiary of the trust deed was Mortgage Electronic Registration Systems, Inc. (MERS), and the trustee was the Arapahoe County public trustee.

In August 2010, BAC Home Loans Servicing, L.P. (BAC) sought to foreclose on the condominium, stating that it held Plaintiffs' promissory note and Plaintiffs had defaulted on the payments. To initiate the foreclosure, BAC recorded a "Notice of Election and Demand for Sale by Public Trustee" in the Arapahoe County Recorder's Office. R. at 35. Plaintiffs sought bankruptcy protection, and they were discharged in April 2011.

Thereafter, MERS assigned the deed of trust and promissory note to BAC, which merged into Bank of America. In October 2011, Bank of America filed a motion in Colorado state court seeking an order authorizing the sale of Plaintiffs' condo pursuant to Rule 120 of the Colorado Rules of Civil Procedure. The court held a hearing, at which Bank of America produced Plaintiffs' promissory note. On the

final page, the note was endorsed in blank by "Erla Carter-Shaw" for TBW. R. at 59. At the conclusion of the hearing, the court authorized the sale.

One week before the scheduled sale, however, Plaintiffs sued Bank of America in federal district court, advancing numerous federal and state claims. Bank of America moved to dismiss. The district court granted the motion and dismissed all enumerated claims. But the court found that the complaint contained a non-enumerated due process claim, which the bank had not addressed. Consequently, the case continued.

In May 2013, Plaintiffs moved to file an amended complaint. In their proposed pleading they attempted to re-plead some of their dismissed claims and to add several new claims. The district court granted Plaintiffs' motion in part and denied it in part, allowing them to amend the complaint to include due process and equal protection claims, as well as a claim under the Colorado Fair Debt Collection Practices Act (CFDCPA), Colo. Rev. Stat. §§ 12-14-101 to - 137. Bank of America then moved to dismiss the amended complaint.

A magistrate judge recommended that the motion be granted as to all claims except for the CFDCPA claim. Both parties filed objections, but due to an oversight, Bank of America's objections were not served on Plaintiffs. After Plaintiffs brought the matter to the court's attention, Bank of America suggested, and the district court agreed, that Plaintiffs be given the full period mandated by Fed. R. Civ. P. 72(b)(2) for filing a response to the bank's objections.

- 3 -

Exhibit 1

After considering the parties' filings, the district court concluded that the amended complaint failed to state a claim for relief, and it dismissed the complaint in its entirety.

## Discussion

### *I. Standards of Review*

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014) (internal quotation marks omitted). "Factual allegations must be enough to raise the right to relief above the speculative level." *Id.* (internal quotation marks omitted). When a district court denies leave to amend a complaint because the proposed amendment would not withstand a Rule 12(b)(6) motion, we review that denial de novo. *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015).

Because Plaintiffs are pro se litigants, we construe their filings liberally, but we do not construct arguments or otherwise advocate on their behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).[1]

### II. Motion to Strike

Plaintiffs first argue the district court erred by not striking Bank of America's objections to the magistrate judge's recommendation. "We review the denial of a motion to strike for abuse of discretion." *Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1129 (10th Cir. 2011).

Plaintiffs identify no authority, and we have found none, requiring dismissal where a party timely files its objections but through inadvertence fails to serve the opposing party. Moreover, Plaintiffs do not identify any prejudice as a result of Bank of America's service oversight.

### III. Due Process

The Fourteenth Amendment's due process clause provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend XIV, § 1. "Under the Due Process Clause's requirements, procedural due process ensures the state will not deprive a party of property without

---

[1] Bank of America asks that we strike Plaintiffs' opening brief or apply waiver to issues that are inadequately briefed or improperly raised. As the bank notes, Plaintiffs' arguments are often rambling or incoherent or both. Nevertheless, we decline to strike the opening brief. But we will not excuse Plaintiffs' "obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang*, 525 F.3d at 927 n.1.

- 5 -

Exhibit 1
5 of 18

engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason." *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011) (internal quotation marks omitted).

Plaintiffs' amended complaint includes two due process claims. First, they mount a challenge to Colorado's public-trustee foreclosure process. On appeal, that challenge involves only the facial validity of Colorado's laws. Second, Plaintiffs claim that Bank of America violated their due process rights by pursuing foreclosure.

**A.     Facial Challenge to Colorado's Public-Trustee Foreclosure Process**

"[A] litigant cannot prevail in a facial challenge to a regulation or statute unless he at least can show that it is invalid in the vast majority of its applications." *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1256 (10th Cir. 2008) (internal quotation marks omitted). Before proceeding to Plaintiffs' facial due process arguments, we pause to set forth the framework for Rule 120 foreclosures.

> Foreclosure of a deed of trust by public trustee's sale under the applicable statutes is activated by a power of sale in the deed of trust. The creditor, or owner of the evidence of debt secured by the deed of trust, must obtain an order authorizing the public trustee to conduct the sale. Rule 120 governs the very specialized civil proceeding in which an interested person may file a verified motion in court seeking the order authorizing sale under the power of sale contained in the recorded instrument.

*Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1015 (Colo. 1998) (citations omitted).

Once a motion is filed, if an interested party, such as the mortgagor, files a response, the court must hold a hearing and determine whether there is a reasonable

- 6 -

**Exhibit 1**

6 of 18

probability "of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale." Colo. R. Civ. P. 120(d). In assessing whether a reasonable probability of default exists, "[i]t is . . . incumbent upon the Rule 120 court to consider any evidence the Debtors present on the issue of whether a default has occurred." *Plymouth Capital Co.*, 955 P.2d at 1017. Additionally, if the mortgagor asserts a "real party in interest" defense—i.e., that the party seeking to sell the property "has no legitimate claim to the property at all"—"the burden should devolve upon the party seeking the order of sale to show that he or she is indeed the real party in interest." *Goodwin v. Dist. Ct.*, 779 P.2d 837, 843 (Colo. 1989). Although the grant or denial of the motion is not appealable, *see* Colo. R. Civ. P. 120(d), "parties aggrieved by the Rule 120 court's decision may seek injunctive or other relief in a court of competent jurisdiction," *Plymouth Capital Co.*, 955 P.2d at 1017.

Plaintiffs argue that a Rule 120 proceeding violates due process because the court can find a creditor to be the real party in interest based on mere possession of a indorsed-in-blank promissory note, without any proof as to how the note was acquired. Plaintiffs assert "that the notion that a thief (or other person in wrongful possession) may sever the property rights of a United States citizen . . . is simply untenable." Aplt. Opening Br. at 13. Plaintiffs' position is not well taken.

Colorado foreclosure law provides that "[t]he person in possession of a negotiable instrument evidencing a debt, which has been . . . indorsed in blank," is

- 7 -

**Exhibit 1**

7 of 18

presumptively entitled to foreclose on the debt. Colo. Rev. Stat. § 38-38-100.3(10)(c); *see, e.g.*, *In re Miller*, 666 F.3d 1255, 1264 (10th Cir. 2012) (noting that possession of bearer paper, such as an indorsed-in-blank promissory note, is critical to its enforcement). Although a person who does not own the instrument or who wrongfully possesses the instrument "may be . . . entitled to enforce the instrument," *id.* § 4-3-301, a mortgagor has a defense to payment, and derivatively, foreclosure, "if the person seeking enforcement of the instrument does not have rights of a holder in due course and the [mortgagor] proves that the instrument is a lost or stolen instrument," *id.* § 4-3-305(c).

Rule 120 provides a mechanism for a mortgagor to assert such a defense by "permit[ing] the [mortgagor] to dispute the moving party's entitlement to the order [authorizing sale]." *Goodwin*, 779 P.2d at 843. The rule therefore satisfies Plaintiffs' due process concern. *See Jones v. Flowers*, 547 U.S. 220, 223 (2006) (observing that due process requires "notice and opportunity for hearing *appropriate to the nature of the case*" (emphasis added) (internal quotation marks omitted)).

Plaintiffs also claim Rule 120 proceedings violate due process because foreclosure can be initiated in violation of the best evidence rule using copies of the relevant documents. *See* Colo. Rev. Stat. § 38-38-101(1)(b)(II) (certified copy of the evidence of debt); *id.* (c)(II) (certified copy of the deed of trust); Colo. R. Civ. P. 120(a) (requiring that the Rule 120 motion "be accompanied by a copy of the instrument containing the power of sale"). But Plaintiffs have not identified, and we

- 8 -

**Exhibit 1**

8 of 18

have not found, any reason why Colorado's best-evidence rule, Colo. R. Evid. 1002-1004, cannot be invoked in the Rule 120 proceeding as part of the mortgagor's defense to the sale.

Next, Plaintiffs "incorporate[ ] by reference" the arguments of amici in the district court proceedings. Aplt. Opening Br. at 14. We deem these arguments waived. *See Gaines–Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) ("Allowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs set forth in the appellate rules and unnecessarily complicate the task of an appellate judge." (citations omitted)).

We also conclude Plaintiffs have waived their contentions that the district court erred by purportedly finding that (1) "MERS executed the assignment and has the authority to transfer the promissory note and deed of trust"; and (2) "a [mortgagor] may not claim credit as to third-party payments on the promissory note." Aplt. Opening Br. at 15, 19. Plaintiffs neither indicate where or when these purported findings were made nor connect them to the allegations of their amended complaint. "[A]lthough we make some allowances for [a] pro se plaintiff's" shortcomings when briefing the issues, we will not search the record and construct arguments. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted).

- 9 -

**Exhibit 1**

9 of 18

**B.    Bank of America's Due Process Liability**

Plaintiffs alleged in their amended complaint that the bank violated their due process rights by seeking to foreclose using a fabricated assignment of their promissory note and deed of trust.  This allegation fails to state a claim for at least two reasons.  First, as Plaintiffs have acknowledged throughout their amended complaint and in their filings before the district court and this court, the Rule 120 proceedings have not been based on the assignment, but rather, on the bank's possession of Plaintiffs' indorsed-in-blank promissory note.  Second, the bank is not a state actor subject to liability under 42 U.S.C. § 1983.  *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (observing that "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005) (stating that the state-actor requirement is not satisfied by alleging a defendant's groundless invocation of a state statute).

Plaintiffs attempt to avoid these principles by asserting that an attorney who had represented BAC or its predecessor "drafted the challenged statute in conjunction with state officials."  Aplt. Opening Br. at 22-23.  We fail to see how this assertion has any bearing on Plaintiffs' claim that Bank of America pursued foreclosure with a fabricated assignment.  Although a "[p]rivate person[ ], jointly engaged with state officials in the challenged action" may be deemed a state actor for purposes of § 1983, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), Plaintiffs do not allege that

- 10 -

Exhibit 1
10 of 18

BAC's attorney, acting with state officials, had anything to do with Bank of America's handling of the assignment, *see Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (stating that "[a] private individual's conduct is fairly attributable to the state if," among other things, "the private party . . . acted together with or obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State" (ellipsis and internal quotation marks omitted)).

Plaintiffs have failed to state a due process claim for relief involving Bank of America's alleged fabrication and use of the assignment.

### *IV. Equal Protection*

Plaintiffs allege that Colorado's foreclosure laws violate equal protection because mortgagors in public-trustee foreclosures are treated less favorably than mortgagors in judicial foreclosures. In their amended complaint, they suggest a difference in the burden of proof. But in their opening appellate brief, they complain solely of an "evidentiary fiction" permitted only in public-trustee foreclosures. Aplt. Opening Br. at 24. They provide little clarification and instead direct us to amicus briefs filed in the district court.

We decline to flesh out the specifics of Plaintiffs' equal-protection claim. *See Garrett,* 425 F.3d at 840. It is sufficient to note that any difference in the treatment of mortgagors is based on the presence or absence in the deed of trust of a public trustee's power of sale. Thus, the resulting classification—as either a mortgagor in a public-trustee foreclosure or a mortgagor in a judicial foreclosure—is

subject to only rational basis review. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) ("[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."). "On rational-basis review, those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." *Latu v. Ashcroft*, 375 F.3d 1012, 1020 (10th Cir. 2004) (internal quotation marks omitted).

Colorado's public-trustee foreclosure process was enacted to "ensure the protection of debtors while maintaining a speedy, efficient procedure for creditors." *Plymouth Capital Co.*, 955 P.2d at 1015. This is a legitimate policy rationale.

Plaintiffs' amended complaint lacks plausible allegations that "the relationship of the [mortgagors'] classification to [Colorado's] [policy rationale] is . . . so attenuated as to render the distinction arbitrary or irrational." *Fitzgerald v. Racing Ass'n of Central Iowa*, 539 U.S. 103, 107 (2003) (internal quotation marks omitted). Consequently, Plaintiffs failed to allege a viable equal protection claim.

### V. The CFDCPA

The CFDCPA prohibits a debt collector or collection agency from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," Colo. Rev. Stat. § 12-14-107(1), or "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 12-14-108(1). In their amended

- 12 -

**Exhibit 1**

12 of 18

complaint, Plaintiffs alleged that Bank of America violated the CFDCPA by forging the endorsement on the promissory note. They alleged both that Erla Carter-Shaw, "whose name appears on Plaintiffs' purportedly endorsed note[,] does not exist" and that she "was not authorized to endorse Plaintiffs' promissory note." Aplee. Supp. App., Vol. II at 321.

The district court concluded that Plaintiffs' claim failed because they provided no factual basis for their allegations about the endorsement. We agree. A party who alleges fraud must "set forth the who, what, when, where and how of the alleged fraud." *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 9(b) (providing that the circumstances underlying the alleged fraud "must [be] state[d] with particularity"). Plaintiffs' allegations in the amended complaint about Ms. Carter-Shaw are both contradictory and speculative.

Nevertheless, on appeal Plaintiffs attempt to support their claim of forgery by comparing Ms. Carter-Shaw's signatures on other documents to her signature endorsing the promissory note, and then concluding that the signatures are not similar. They fault the district court for not taking judicial notice of Ms. Carter-Shaw's other signatures. But even if the district court could have taken judicial notice of the other signatures, it could not have taken the next step and determined whether the signatures were in fact so dissimilar as to indicate forgery. *See United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002) (noting that judicial

notice can be taken "of a particular fact where that fact is not subject to reasonable dispute" and that "if a court takes judicial notice of a fact whose application is in dispute, the court removes the weapons of rebuttal evidence, cross-examination, and argument from the parties and raises doubt as to whether the parties received a fair hearing" (brackets and internal quotation marks omitted)); *Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) ("A judge in a civil trial is not an investigator, rather a judge." (internal quotation marks omitted)).

Plaintiffs also argue that by granting leave to amend in part, the district court was bound by the law-of-the-case doctrine to conclude that they had met the heightened pleading requirements for fraud. As Bank of America notes, however, the district court allowed the CFDCPA claim to go forward not because it had concluded the claim had been adequately plead, but because the bank had not addressed that claim in its opposition to the motion for leave to amend.

Next, Plaintiffs contend that the district court erred by not allowing them to amend their complaint to include a federal Fair Debt Collection Practices Act claim. Plaintiffs did not, however, include that claim in their motion for leave to amend. Rather, they raised the claim in a motion to reconsider, asserting that the district court should allow its inclusion in the amended complaint because the federal and state acts are mirror images. The district court denied reconsideration because

- 14 -

Exhibit 1
14 of 18

Plaintiffs had failed to identify a ground under Fed. R. Civ. P. 60(b)—such as mistake, inadvertence, or newly discovered evidence—that would justify relief.[2]

On appeal, Plaintiffs do not explain the omission of the federal claim from their motion to amend nor do they suggest how a federal claim would fare any better than their CFDCPA claim.  We conclude the district court did not abuse its discretion in denying inclusion of a federal Fair Debt Collection Practices Act claim within the amended complaint.  *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (noting that "[r]egardless of the precise type of [reconsideration] motion," the "standard of review is abuse of discretion").

### *VI.  Colorado Revised Statute § 38-35-109(3) – Spurious Documents*

Section 38-35-109(3) provides a cause of action against "[a]ny person who offers to have recorded or filed . . . any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid."  Plaintiffs sought to amend their complaint to allege that Bank of America violated this statute "[b]y filing and recording the false assignment" and "by causing the filing of a notice of election and demand for sale."  Aplee. Supp. App., Vol. I at 221.  The district court denied leave to amend on the ground of futility.

---

[2]  Rule 60(b) applies to *final* judgments, orders or proceedings.  *See Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012).  Nevertheless, the district court's resolution of Plaintiffs' interlocutory motion under that rule was harmless.

- 15 -

Exhibit 1
15 of 18

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile." *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009) (internal quotation marks omitted). Amendment would be futile here regarding the assignment because an assignment does not "purport[ ] to convey, encumber, create a lien against, or otherwise affect the title to real property," § 38-35-109(3). Specifically, "[a]ssignment is the voluntary transfer of some right or interest to another person." *State Farm Fire & Cas. Co. v. Weiss*, 194 P.3d 1063, 1067 (Colo. App. 2008). The mere transfer of Plaintiffs' promissory note and deed of trust to BAC could not have clouded the title to Plaintiffs' condominium. *Cf. People v. Marston*, 772 P.2d 615, 617 (Colo. 1989) (holding, in regard to § 38-35-109's former criminal-penalty provision, that "[t]he dispositive inquiry [is] whether the party knew or had reason to know that the document filed would unjustifiably cloud the property's title").

It is a closer question whether the filing of a notice of election and demand for sale qualifies under § 38-35-109(3). But we conclude that such a document does not qualify. A notice of election and demand for sale simply "makes demand on the public trustee to give notice, advertise for sale, and sell the property described in the notice." *Land Title Ins. Corp. v. Ameriquest Mortg. Co.*, 207 P.3d 141, 143 n.6 (Colo. 2009). The notice has no effect on the mortgagee's lien which arose by virtue of the deed of trust and encumbers title to the property. *See* Colo. Rev. Stat. § 38-39-204 (providing that if a notice of election and demand for sale is filed, "the

lien created by [a deed of trust] shall continue until final disposition of the action or foreclosure proceeding). Nor does the notice have any effect on the title: "prior to [the] foreclosure sale, an owner of real property holds all incidents of ownership in the Property." *Providian Nat'l Bank v. Vitt (In re Vitt)*, 250 B.R. 711, 717 (Bankr. D. Colo. 2000), *aff'd and remanded*, 269 B.R. 232 (D. Colo. 2001). And unlike a notice of lis pendens, which "informs third parties that litigation is pending that could affect title to the property," *Pierce v. Francis*, 194 P.3d 505, 508 (Colo. App. 2008), and can be a spurious document under § 38-35-109(3), *see Shyanne Props., LLC v. Torp*, 210 P.3d 490, 491 (Colo. App. 2009), a notice of election and demand for sale simply "commences the public trustee foreclosure process," *Land Title Ins. Corp.*, 207 P.3d at 143 n.6. It does not cloud title.

Thus, we conclude that the district court did not err in denying leave to amend the complaint to include a § 38-35-109(3) claim. It follows that the district court did not abuse its discretion in denying reconsideration of that proposed claim.

## Conclusion

The judgment of the district court is affirmed. Plaintiffs' motion to supplement the record is denied.

                              Entered for the Court

                              Mary Beck Briscoe
                              Chief Judge

**Exhibit 1**
17 of 18

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | June 15, 2015 | Chris Wolpert<br>Chief Deputy Clerk |

Luvibidila Jolie Lumuenemo
John M. Mbaku
1177 South Alton Street, Unit A
Denver, CO 80247

**RE:**   **14-1379, Mbaku, et al v. Bank of America**
Dist/Ag docket: 1:12-CV-00190-PAB-KLM

Dear Appellants:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Justin Donald Balser
      Melissa L. Cizmorris
      LeeAnn Morrill
      Kathryn A. Starnella

EAS/lg

**Exhibit 1**