IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03309–REB–KMT

MARTIN THOMAS WIRTH,

      Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado,
STEPHEN A. GROOME, Judge - 11th District Court Judge,
ARTHUR R. SMITH, Senior Judge – Retired from Mesa County Court,
MICHELLE MILLER, in her official capacity as Public Trustee of Park County,
NATIONSTAR MORTGAGE, LLC, (Nationstar),
JAY BRAY, Chief Executive of Nationstar in his corporate and individual capacity,
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FNMA),
TIMOTHY MAYOPOULOS, Chief Executive of FNMA in his corporate and individual capacities,
THE CASTLE LAW GROUP, LLC, (CLG),
CYNTHIA LOWERY-GRABER, CLG Attorney,
DEANNA WESTFALL, CLG Attorney,
BRITNEY BEALL-EDER, CLG Attorney,
CHRISTOPHER T. GROEN, CLG Attorney,
LAWRENCE E. CASTLE, Chief Executive of CLG in his corporate and individual capacies,
FRED WEGENER, individually and in his official capacities, and
MARY HAGER, individually,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the court on the following motions:

1.      "Defendants Governor John Hickenlooper's and Judge Stephen A. Groome's

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 85, filed September

15, 2014);

2.     "Defendants the Castle Law Group, Cynthia Lowery-Graber, Deanna Westfall, Britney Beall-Eder, Christopher T. Groen and Lawrence E. Castle's [Castle Defendants] Motion to Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 87, filed September 19, 2104);

3.     Defendants Nationstar Mortgage, LLC and Bray's "Motion to Dismiss Fifth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 90, filed October 6, 2014);

4.     "Defendant Fred Wegener's Motion to Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 92, filed October 8, 2014);

5.     "Defendant Mary Hager's Motion to Dismiss Plaintiff's Firth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 96, filed October 16, 2014);

6.     "Defendant Michelle Miller's Motion to Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 98, filed October 31, 2015); and

7.     "Motion to Dismiss Fifth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 101, filed November 12, 2014).

## STATEMENT OF CASE

Plaintiff, proceeding *pro se*, asserts in his Fifth Amended Complaint ("Am. Compl.") claims relating to a foreclosure proceeding.  (*See* Am. Compl.)  The case arises from a public trustee foreclosure proceeding that was conducted, pursuant to Rule 120 of the Colorado Rules of Civil Procedure and Title 38, Article 38 of the Colorado Revised Statutes, in Park County District Court.  (*See* Doc. No. 90, Exs. 1–10 [Court records from *Nationstar Mortgage LLC v.*

*Wirth*, Case No. 2013cv30104, Park County District Court].[1]) Plaintiff asserts the following claims for relief:

1.     Claims One through Five for violations of Plaintiff's due process rights in the Rule 120 proceeding and for "constitutional deficiencies" in Colorado's foreclosure statutes (*see* Am. Compl., ¶¶ 33–65);

2.     Claims Six and Seven requesting criminal liability for judicial misconduct, official oppression, and failure to comply with a judicial administrative provision, against Defendant Smith[2] and Defendant Groome, who presided over Plaintiff's Rule 120 proceeding (*see id.*, ¶¶ 66–75);

3.     Claim Eight requesting the State of Colorado[3] "be ordered to publicly fund the pensions of all judges. . . ." (*see id.*, ¶¶ 76–77);

4.     Claims Nine and Ten requesting criminal liability against various defendants for violations of various state and federal criminal statutes, including deprivation of civil rights, bribery, conspiracy, money laundering, racketeering, and robbery (*see id.*, 78–92).

All of the defendants have filed motions to dismiss.  Plaintiff failed to file a response to any of the motions.

---

[1]Courts may "take judicial notice of judicial proceedings in other courts if they have a direct relation to the matters at issue." *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009) (internal quotation marks and modification omitted); *Williams v. Slater*, 317 F. App'x 723, 725 n.2 (10th Cir. 2008) (stating, "federal courts, in appropriate circumstances, may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation and citation omitted). The court takes judicial notice of the Park County foreclosure proceeding.

[2] Defendant Smith has not been served with the Summons and Complaint.  (*See* Doc. No. 99.)

[3] The State of Colorado is not a defendant in this action.  Therefore, the court does not address this claim.

## LEGAL STANDARDS

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.*     *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter

jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to

adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the

complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal

courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically

authorized to do so).  The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A

court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it

becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is

without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see*

*also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals

for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a

disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3.    *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### 1. *Rooker–Feldman*

All of the defendants argue that Plaintiff's claims are precluded by the *Rooker–Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker–Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker–Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147–48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker–Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

In this case, Plaintiff requests that that various Colorado statutes regarding foreclosure proceedings be repealed and that the sale of his property be voided. (*See* Am. Compl. at 33–34 & ¶¶ 66–75.) Plaintiff seeks this relief because of adverse rulings made by the Park County District Court in the foreclosure proceeding. Plaintiff essentially seeks to invalidate the state court judgment. To review his underlying court case and consider the relief he requests, including his challenges to the Rule 120 proceeding and the Colorado foreclosure statutes in Claims One through Five, would disrupt or undo the state court judgments. Therefore, Plaintiff's Claims One through Five are inextricably intertwined with the state court judgment. This Court lacks subject matter jurisdiction to review such claims, and they properly are dismissed.

**2.      *Requests That Defendants Be Held Criminally Liable***

Plaintiff asks that this Court hold the defendants criminally liable for their alleged actions.  (*See* Am. Compl.; at 33–34 & ¶¶ 66–75, 78–92.)  All defendants move for dismissal of Plaintiff's claims that they allegedly violated state or federal laws.

Plaintiff asserts that the defendants should be held criminally liable for various crimes, including deprivation of civil rights (18 U.S.C. § 242), bribery (Colo. Rev. Stat. § 18-8-302), conspiracy (Colo. Rev. Stat. § 18-2-201), money laundering (18 U.S.C. § 1956), racketeering (18 U.S.C. § 1961), and robbery (Colo. Rev. Stat. § 18-4-302).  (*See id.*)  As a general rule, a civil plaintiff has no standing to assert a claim arising under a criminal statute.  *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T] his Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.' ").  *See also Lollis v. Fransein*, No. 15-CV-352-JED-FHM (2015 WL 4031684, at *2 (N.D. Okla. July 1, 2015) ("There is no private civil right of action for a violation of 18 U.S.C. § 242, which is a criminal statute that provides for criminal penalties for certain civil rights deprivations.") (quoting *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987); *Larsen v. Larsen*, 671 F. Supp. 718, 718 (D. Utah 1987) (finding no private right of action under 18 U.S.C. §§ 241 and 242));  *United States v. Bergman*, No. 13-1299, 2013 WL 6728103, at *3 (10th Cir. Dec. 23, 2013) (finding no private cause of action under 18 U.S.C. § 1956); *MMXII, Inc. v. QDA Royalties LLC*, Civ. Action No. 13-cv-00253-MSK, 2013 WL 599557, at *2–3 (D. Colo. Feb. 15, 2013) (finding no private cause of action for violation of 18 U.S.C. § 1957).

Thus, the only statute cited in the Fifth Amended Complaint that creates any possibly applicable private right of action is the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, 18 U.S.C. § 1961, which the court addresses *infra*. Therefore, to the extent Plaintiff's claims are brought under any of the statutes cited in the complaint other than 18 U.S.C. § 1961, it is patently obvious that Plaintiff has not and cannot allege facts which would state a claim under any of these other statutes, and they properly are dismissed.[4]

### 3.     *Plaintiff's Racketeering Claim*

To the extent Plaintiff asserts a claim that the defendants violated RICO, the Castle Defendants move to dismiss the claim.  (*See* Doc. No. 87 at 6–11.)

The elements of a civil RICO claim are (1) conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity.  *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted).  "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as "any act which is indictable" under any of the crimes listed in the statute.  These underlying acts are "predicate acts" and form the basis for RICO liability.  *Tal*, 453 F.3d at 1261.  A defendant need not be convicted of the predicate acts.  *Id.* at 1262.

In his Fifth Amended Complaint, Plaintiff cites 18 U.S.C. § 1961 as the basis for his racketeering claim.  (*See* Am. Compl. at 28.)  However, Plaintiff makes only conclusory allegations that Defendants Mayopoulos, Bray, and the Castle Defendants violated the statute.  (*See id.*, ¶¶ 86, 88.5, 89.1–89.4.)  Plaintiff's racketeering claim does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556

---

[4] Moreover, to the extent Plaintiff asserts claims for violations of statutes in Claims One through Five, the court already has recommended dismissal of those claims under the *Rooker-Feldman* doctrine, as explained *supra*.

U.S. at 678.  Rather, Plaintiff's Fifth Amended Complaint offers only "labels and conclusions" that the defendants violated the RICO statute.  556 U.S. at 678.

Therefore, Plaintiff's civil racketeering claim properly is dismissed.

## CONCLUSION

Based on the foregoing, this court respectfully

**RECOMMENDS** that the Defendants' Motions to Dismiss (Doc. Nos. 85, 87, 90, 92, 96, 98, and 101) be **GRANTED** as follows:

1.      Plaintiff's Claims One through Five should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1); and

2.      Plaintiff's Claims Six through Ten be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 21st day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge