**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03309-REB-KMT

MARTIN THOMAS WIRTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of Colorado, et al.,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#109],[1] filed August 21, 2015. No objections having been filed to the recommendation, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]

The recommendation is detailed and well-reasoned. I find no error, much less plain error, in the magistrate judge's recommended disposition. It is plain that plaintiff's first five claims for relief run afoul of the prescription of the *Rooker-Feldman* doctrine,

---

[1] "[#109]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. *Morales-Fernandez*, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

which prevents federal courts from entertaining lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). Those claims therefore must be dismissed for lack of subject matter jurisdiction. ***See Dillard v. Bank of New York***, 476 Fed. Appx. 690, 691-92 & n.3 (10th Cir. April 3, 2012) (finding putative federal challenge to Colorado Rule 120 foreclosure proceeding barred by ***Rooker-Feldman***).

As for the remaining claims, the magistrate judge has explained concisely and cogently why these claims are properly dismissed under Rule 12(b)(6). (***See* Recommendation** at 9-11.) Plaintiff plainly has no private right of action to enforce the majority of the criminal statutes he claims defendants violated. ***See Chrysler Corp. v. Brown***, 441 U.S. 281, 316, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979). As for his putative RICO claim, plaintiff's wholly conclusory allegations are patently insufficient to survive a motion to dismiss. ***See Ashcroft v. Iqbal***, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); ***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

Finally, I note that although plaintiff attempted to serve defendant Arthur R. Smith, the process server indicated that he was unable to locate Judge Smith. (***See*** [#99], filed November 12, 2014.) The docket is devoid of any indication that plaintiff has made further efforts to locate Judge Smith, let alone effectuate service on him. Regardless, even if Judge Smith had been served timely and properly, the same

arguments that doom plaintiff's claims against all other defendants would apply equally to any claim against Judge Smith, and those claims will be dismissed as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Recommendation of United States Magistrate Judge** [#109], filed August 21, 2015, is approved and adopted as an order of this court;

2. That the following motions are granted:

    a. **Defendants Governor John Hickenlooper's and Judge Stephen A. Groome's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [#85], filed September 15, 2014;

    b. **Defendants The Castle Law Group, Cynthia Lowery-Graber, Deanna Westfall, Britney Beall-Eder, Christopher T. Groen and Lawrence E. Castle's Motion To Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#87], filed September 19, 2014;

    c. Defendants Nationstar Mortgage, LLC and Jay Bray's **Motion To Dismiss Fifth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#90], filed October 6, 2014;

    d. **Defendant Fred Wegener's Motion To Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#92], filed October 8, 2014;

    e. **Defendant Mary Hager's Motion To Dismiss Plaintiff's Fifth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and**

**12(b)(6)** [#96], filed October 16, 2014;

f. **Defendant Michelle Miller's Motion To Dismiss 5th Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#98], filed October 31, 2014; and

g. Defendants Federal National Mortgage Association and Timothy Mayopoulos's **Motion To Dismiss Fifth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b0(1) and 12(b)(6)** [#101], filed November 12, 2014;

3. That all plaintiff's claims in this lawsuit, other than his putative RICO claim, are dismissed with prejudice;

4. That plaintiff's putative RICO claim is dismissed without prejudice;

5. That judgment shall enter in favor of defendants, John Hickenlooper, in his official capacity as Governor of Colorado; Stephen A. Groome, Judge – 11th District Court Judge; Arthur R. Smith, Senior Judge – Retired from Mesa County Court; Michelle Miller, in her official capacity as Public Trustee of Park County; Nationstar Mortgage, LLC (Nationstar); Jay Bray, Chief Executive of Nationstar in his corporate and individual capacity; Federal National Mortgage Association (FNMA), Timothy Mayopoulos, Chief Executive of FNMA in his corporate and individual capacities; The Castle Law Group, LLC (CLG); Cynthia Lowery-Graber, CLG Attorney; Deanna Westfall, CLG Attorney; Britney Beall-Eder, CLG Attorney; Christopher T. Groen, CLG Attorney; Lawrence E. Castle, Chief Executive of CLG in his corporate and individual capacities; Fred Wegener, individually and in his official capacities; and Mary Hager, individually, and against plaintiff, Martin Thomas Wirth, as follows:

      a. Without prejudice as to plaintiff's putative RICO claim; and

      b. With prejudice as to all other claims asserted herein; and

6. That defendants are awarded their costs, to be taxed by the clerk of the court in the time and manner required by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 10, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge